Dear Clerk

Nov 6 07

I am a mentally ill prisoner at Pontiac Corr. Ctr. I am having Pontiac Law Library Mail You the following Copies of my Complain and Motions...

1. States Attorney
1. Clerk of these Court
1. 10 Judge of these Court
1. Is a Copy For you to Mail me back as Filed From these Court.

Affidavit

Plaintiff is a mentally ill prisoner at Pontiac Corr. Ctr., Who cant not read nor write... This Complain was written by a prisoner at Pontiac who help Plaintiff with his complaint.. Wherefore he hopes that Counsel be appoint to him in these matter.!!

# United States District Court
# Cental District OF Illinois

ASHOOR RASHO #B-38970 )
    PLAINTIFF, )
-vs- )
ROGER E. WALKR, Jr Director )
I.D.O.C., EDDIE JONES Warden )
Pontiac Corr. Ctr., WILLARD ELYEA )  Case No. _____
OF Medical Director, Dr. NAVARRO )
Chief Of Mental Health Services )
OF I.D.O.C., Dr. MAHONE SYLVIA )
Pontiac Medical Director OF )
Pontiac, JOHN GARLIC, Ph.D. )
Pontiac Supervising Clinical )
Pschobgist, Dr. MICHAEL F. )
MASSA, M.D. Pontiac Psychiatrist )
At South Mental Unit And )
The Department OF Corrections. )
    DEFENDANTS. )

## COMPLAINT

42 U.S.C. § 1983 (suit against State Officials For constitutional violations of Plaintiff ASHOOR RASHO)

NOW COMES The Plaintiff, Ashoor Rasho, and States as Follows:

Page (1)

Plaintiff Current address is:
P.O. Box 99
Pontiac Illinois, 61764-0099

The defendant Roger E. Walker Jr., is employed as The Director Of Illinois Department Of Corrections (I.D.O.C...
    P.O. Box 19277
    Springfield Illinois 62794..

The defendant Eddie Jones, is employed as The Warden of Pontiac Corr. Ctr; (Pontiac)..
    Pontiac Corr. Ctr.,
    P.O. Box 99
    Pontiac Illinois 61764-0099..

The defendant Willard Elyea, is employed as The Department Of Corrections Medical Director....
    James R. Thompson Center
    100 W. Randolph St Suite 4-200
    Chicago Illinois, 60601..

The defendant Dr. Navarro, is employed as The Department Of Corrections Chief Of Medical Health Services Of (I.D.O.C.)..
    P.O. Box 19277
    Springfield Illinois, 62794..

The defendant Dr. Mahone Sylvia, is employed as Pontiac Medical Director;
   Pontiac Corr. Ctr.,
   P.O. Box 99
   Pontiac Illinois, 61764-0099.

The defendant Dr. John Garlic, is employed as Pontiac Supervising Clinical Pschologist of (Pontiac)...
   Pontiac Corr. Ctr.,
   P.C. Box 99
   Pontiac Illinois 61764-0099.

The defendant Dr. Michael F. Massa is employed as Pontiac Psychiatrist at South Mential Unit at Pontiac Corr. Ctr...
   Pontiac Corr. Ctr.,
   P.O. Box 99
   Pontiac Illinois 61764-0099.

The defendant The Department Of Corrections a public entity under State and Federal Law...
   Department Of Corrections
   P.O. Box 19277
   Springfield Illinois, 62794.

A). Plaintiff Rasho has brought a lawsuit in Fedeat Court dealing with the same fact involved in this case that Plaintiff Rasho is filing where he is not receiving mental health treatment at Pontiac Corr. Ctr.; case he Filed was at Tamms Supermax prison

Pag. (3)

Rasho -v- Donald N. Snyder Jr. 06-528-DRH.

B). Plaintiff Rasho has not brought any other lawsuits in State or Federal Court While incarcerated at Pontiac Corr. Ctr.,...

## PLAINTIFF ASHOOR RASHO HAS EXHAUSTION OF HIS ADMINSTRATIVE REMEDIES

1). On about December 19, 2007, the named Plaintiff filed a grievance complaining that the condition at South Mental Unit and mental health treatment at Pontiac violated the Eighth Amendment and that defendants discrimination against him on account of him mental disabilities violated the ADA and the Rehab Act.. The grievance particularized these complaints by attaching copies of the Grievance and its exhibities, Which contains claims substantially similar this lawsuit... Copies of the Grievance and exhibities are attached as Ex. A...

2). On December 19, 2006, Plaintiff send his Grievance as a Emeregence Grievance to Warden EDDIE JONES and on January 3, 2007 Warden Jones state it: (Not an emergancy is not Substantiated.. Committed person should submit this grievance in the normal manner see Ex.A...

Page (4).

3). On January 7. 2007, Plaintiff sent a Memorandum to Warden Jones requesting that he Would like to know the outcome of his emergency grievance dated Dec. 19. 2006. (See Ex. B)

4). When Plaintiff received his Grievance back from Warden Jones he sent Grievance to Counsel Randell Flex.. On January 15. 2007, Grievance was sent to Counselor Flex...

5). On January 16. 2007, Counselor Flex received this Grevance and on Januray 26. 2007, Plaintiff sent a Memorandum dated January 26. 2007, request that he send my grievance to the facility ADA coordinater as outlined in 20 Illinios Administrative Code Sec. 504.830.(b) (See Ex C)...

6). On January 29. 2007, Randell Flex send Grievance back stating that: You need to send this issue to the grievance Office... They will determine ADA Status... (See Ex. A Counselors Response)...

7). On January 31. 2007, Plaintiff sent Grievance Dec. 19. 2006, with this Memorandum to Pontiac Grievance Department Officer leting them know to send this Grievance to Pontiac ADA coordinator as outlined

Page. (5)

in Departmental Rules 20 Illinois Administrative Code CH. I, Sec. 504.830(b)... (See Ex. D).

8). On Feb. 8, 2007, Plaintiff received a Memorandum Stating the following: Unable to determine nature of grievance and (other): Submitted as a Class action issue yet On this Memo under Subject States stuff Conduct Dec. 19. 06; (See Ex. E)...

9). On Feb. 15, 2007, Plaintiff wrote a memorandum to Prisoner Administrative Review Board (A.R.B) Stating how the Pontiac Departmental Stuff are stopping him from Filing this Grievance See Ex. F 1 of 4 Pages.

10). On Feb. 16. 2007 the following Grievance and Exhibities Where Sent to (A.R.B) (See Ex. F.)

11). On April 17. 2007, Plaintiff received A.R.B. Respones by Melody J. Ford (See Ex. G)

12). Therefore, Plaintiff Ashoor Rasho had exhausted his administrative remedies for all claims in this lawsuit and has shown good cause that the Department Blocked him from reddressing his issues...

Page.(6)

# PLAINTIFF ASHOOR RASHO ALLEGATIONS

13). This action is brought by the named Plaintiff who is a mentally ill prisoner at Pontiac Corr. Ctr., and who has a serious mental illnesses, defined as substantial disorder of thought or mood which significantly impairs that judgment, behavior and his capacity to recognize reality or cope with the ordinary demands of life within the prison environment and is manifested by substantial pain or disability...

14). There are common questions of law and fact affecting the rights of seriously mentally ill prisoner to be free from unconstitutional cruel and unusual punishment... The claims involving Plaintiff Rasho are common fact questions, as does the inquiry into the nature of the overall mental health care system at Pontiac Corr. Ctr... The common legal questions include whether the mental health care system at Pontiac comports with constitutional standards, whether subjecting Mr. Rasho who is a seriously mentally ill prisoner to the treatment and conditions at Pontiac constitutes cruel and unusual punishment, whether Pontiac is giving Plaintiff Rasho individuated mental health treatment, and whether defendants are discriminating against Plaintiff Rasho on account of his disabilities....

Page.(7).

15). Plaintiff claims are typical in this case, and Plaintiff can't fairly and adequately represent and protect his intererests without Counsel being appoint to him...

16). Defendants have acted or refued to act on grounds generally applicable to Plaintiff Rasho, therefore making Final injuntive or declaratory relief appropriate for Plaintiff Ashoor Rasho...

17). The questions of law of fact commen to the Plaintiff predominate over any questions affecting Plaintiff and action is superior to available methods for the fair and efficient adjudication of the Controversy...

## PARTIES

18). Plaintiff Ashoor Rasho, has been incarcerated at Pontiac November 7, 2003... He suffers from a seriouse mental illness and ha done so for many years...

## DEFENDANTS

19). The Department is an Illinois State department that is resposible for the care, custody, treatment and rehabilitation of all persons committed to its custody, and for all Illinois Correctional Institutions.

Page.(8)

20). Defendant Roger E. Walker Jr. is Director of the Department and has overall responsibility for the administration of all Correctional facilities within the State... He has personal, first-hand knowledge of the operations at Pontiac... He resides in Springfield Illinois...

21). Elyea Willard is the Medical Director of the Department and as such, has overall responsibility for providing Health Care to prisoner of Pontiac, including Mental Health Care... He resides in Chicago Illinois...

22). Eddie Jones is the Warden of Pontiac... Warden Jones is the Chief Administrative Officer of Pontiac and, as such has ultimate responsibility for the entire operation of the institution, including implementing all State laws and the Department policies, practices, and procedures affecting prisoners confined at Pontiac...

23). Dr. Navarro is Chief of Mental Health Services of The Department and as such has overall responsibility for providing Mental Health Care to prisoners of Pontiac... She resides in Cook County, Illinois...

24). Dr. Mahone Sylvia, is the Medical Director of Pontiac.. She oversees the Health Care Unit at Pontiac, which is responsible for providing Medical and Mental Health Services for prisoners..

25). Dr. John Garlic, is the Supervising Clinical Psychologist at Pontiac.. He provides Mental Health Services to prisoners at Pontiac and oversees the staff of two psychiatrists and two psychologists who serve as the prisons Mental Health professionals..

26). Dr. Michael F. Massa, is the Psychiatrist at Pontiac.. He provides Mental Health Services to prisoners at Pontiac and administers psychotropic drugs to them..

27). At all times relevant to this action, defendants acted under the color of the laws, regulations, and customs of the State of Illinois.. All defendants are sued in both their individual and official capacities... The defendants' actions constituted "State Action" as defined under Federal law...

Page.(10)

## (A). DEFENDANTS ARE AWARE, PONTIAC HOUSES MANY PRISONERS WHO ARE SERIOUSLY MENTALLY ILL.

28). Pontiac is a Segregate Facility specially designed to manage and control violent or seriously disruptive persons...
It is locatated at the Northern tip of Illinois, in the town called Pontiac in Livingston County...
The Facility is to house prisoners in Segregation Unit...

29). The decision about which of Illinois prisoners will be transferred to Pontiac is made by Defendant Walker with input from 6 six deputy directors who work under his supervision and from Defendant Jones...
Defendants Walker and Jones have said that placement at Pontiac SegUnit will last till the prisoner segtime is over with... Informally defendants are telling Plaintiff Rasho he will stay at Pontiac Seg-Unit for the remainder of this incarceration terms, which may be a matter of seven more years for Mr. Rasho...

30). The prisoners selected for placement at Pontiac are those defendants deem the most violent and or prtentially disruptive...

Page(11)

It is well known that many seriously mentally ill prisoners exhibit violent and assaultive behavior... Although "Mental Health Concerns" are one of the factors considered in deciding whether an inmate should be placed at Pontiac, There is no bar to placing seriously ill prisoners at Pontiac...
Defendants do not screen prisoners adequately when they are transferred Pontiac to determine if they are seriously mentally ill, they do not prohibit the transfer of prisoners to Pontiac when they know them to be mentally ill, they do not examine them adequately as they continue to reside at Pontiac to determine if they have decompensated to a gerater degree then they would have at another facility, and they do not remove prisoners from Pontiac even when they know that the prisoner's placement at Pontiac has caused him to decompensate mentally... Because of this, a high percentage of the prisoners residing at Pontiac are infact seriously mentally ill...

31). At Pontiac Segergation Unit, prisoners are subjected to near total social isolation in an extraordinarily restricted envirement...
The conditions are known to cause serious psychological problems in some prisoners, notably those who have seriouse

Page.(12).

pre-existing mental illnesses, including chronic long-standing depression, schizophrenia, and other long-standing, severe mental illnesses; those with certain pre-existing disorders such as borderline personality disorders and, in some cases, those with no pre-existing disorder... The psychological problems displayed by at-risk prisoners include symptoms such as perceptual disturbances (for example, hallucinations), hypersensitvity to external stimulation, aggressive fantasies, over paranoia, problems with concentrating and with controlling impulese, anxiety/panic disorder, and overt psychotic disorganization, as well as attempted suicide and in Plaintiff Rasho case physical trauma including self-mutilate himself...

32). Prisoner like Plaintiff who begin to experience these serious psychological injuries be caught in a cycle that has worsens his illnesses. Plaintiff illnesses makes him act destructively toward himself, and his enviroment, or the staff... In response, defendants ignore his illnesses and punish him do to his conduct... This punitive treatment exacerbates his illnesses, which increas his destructiveness..

Page.(13)

Day after day, certain seriously mentally ill prisoners at Pontiac cut themselfi, this is the case with Mr. Rasho, Repeatedly, harms himself by creating large deep cuts wounds on his arms and has been observed cutting on himself by Pontiac Corr. Officers while on suicide watch...

"The Court stated:
Seriously mentally ill inmates being treated with puntitive measures by the costody staff to control the inmants' behavior without regard to the cause of the behavior, the efficacy of such measures, or the impact of those measures on the inmantes' mental illness [violate The 8th Amendment]."

33). Defendants respond to this deranged behavior with punishments such as the so-called cell extraction, a procedure in which members of a tactical team, armed with batons and protected with plastic shield, spray burning chemical substances in the inmates face and then forcibly "extract" him from his cell... They order plaintiff cell to be stripped of all property (even his mattress and blanket) and force plaintiff to live in this bereft environment, often without clothes or a suicide blanket, for days in a cold cell at a time... They order Plexiglas shield to be placed in front of a mentally ill prisoner door, or they are puting a mentally ill prisoner on one gallery
page(14).

behind a solid steal door which is called (behind The Door) which makes communication even more difficult... They order the mentally ill prisoner centally controlled water supply to be shut of for hours or days at a time....

34). Mentally ill prisoners also are punished by the use of excessive Force by prison guards Although defendants presumably do not officially sanction this conduct, they unofficially condone it by creating an atmosphere of terror and brutality at Pontiac; Failing to fully investigate prisoners complaints of excessive Force; Failing to punish the guards who use excessive Force; and punishing of prisones who complain about it...

35). Mentally ill prisoners also are given mental health treatment that infact is punishment and not treatment... They are forcibly and against their will given injections of medicine to sedate them not treat them.. They are band in Four-Point restraints sometimes for **hours** at a time and sometimes while they are completely naked.. They are stripped of all their clothes and held in cold "Strip cells" in the cellhouse or health care unit at Pontiac, which are barren of anything except a cement bed and a toilet, where they can earn the right to get their clothes back only by promising

Page (15)

they will not try to kill themselves..

## B). THE CONDITIONS AT POTIAC ARE DESIGNED TO AND DO CAUSE PSYCHOLOGICAL DAMAGE

36). Seriously mentally ill prisoners enter Pontiac at their peril, For the conditions there are designed to and do cause psychological damage.... At Pontiac, control is exercised through extreme social isolation, severely restricted movement, and an environment that severely restricts stimulation...

37). Pontiac consists of self-contained cellhouse West, East, North, and South cellhouses and the cellhouses has 8 or 10 gallerys each holding 52 prisoners a gallery.. To restrict the movement of prisoners, each gallery is a self-contained living unit that holds showers, a small law library, a nurses station, a room used by the medical and mental health staff, and a central control office on the Frist Floor gallery for corrections staff...
At Pontiac, each inmate spends 22 or 24 hours a day, seven days a week, in a single square-foot concrete cell... Each cell contains only a stainless steel bed, a stainless steel combination sink and toiled, no mirror a stainless

page.(16)

1:07-cv-01298-MMM    # 1    Page 18 of 20

39). Prisoners cannot see or socialize with other prisoners, except by yelling into the gallery, where the extreme echoing effect makes it hard to hear and understand... On nearly every gallery in NorthSeg Unit where the extreme echoing effect makes it hard to hear and understand... On nearly every gallery, One or more prisoners scream and bang on cell well, beds or cell doors, throughout the day and night, so that this Plaintiff often connt sleep or write...

40). Plaintiff Ashoor Rasho regularly leaves his cell only to take a shower or occasionally, he visits the inhouse Law Library or goes to the Multipurpose room or office to see the Doctors for sick call or to see mental health Staff in the North cellhouse Offices or goes on a visit to see his loved Ones....

41). For this Plaintiff, these conditions of social isolation, restricted movement, and restricted external stimulation may be bearable to this Plaintiff... For he is a seriously mentally ill prisoner at Pontiac, however, the conditions cause suffering that amounts to cruel and unusual punishment...

Page (18)

## C). DEFENDANTS HAVE ACTED WITH DELIBERATE INDIFFERNT TO PLAINTIFF RASHO SERIOUS MENTAL ILLNESSES

1). Defendants' deliberate indiffernt to Plaintiff Ashoor Rasho Serious Mental Health need is shown by systemic deficiencies in the mental health care system at Pontiac Corr. Ctr...

42). The deliberate indifference of defendants to the serious mental health needs of Plaintiff Rasho is demonstrated by systemic deficiencies in the staffing, facilities, and procedures of the mental health care system at Pontiac which make unnecessary suffering inevitable...
In creating and then failing and refusing to cure the systemic deficienies, defendants have acted with deliberate indifference to the serious mental health needs of Plaintiff Rasho and, in doing so, have unnecssarily and wantonly inflicted severe pain on him...
These systemic deficiencies, which are the overall responsibility of Defendant Walker Jr. and the particular responsibility of defendants Drs. Elyed, Mahone, Garlic, Navarro and Massa, are as follows:

Page.(19)