E-FILED
Thursday, 08 November, 2007  08:25:32 AM
Clerk, U.S. District Court, ILCD

# APPENDIX
## (See Exhibities)

Ex. (A) EMERGENCY GRIEVANCE
Date December 19, 2006 Pgs. 1 oF 15

Ex. (B)    MEMORANDUM date January 7. 2007.

Ex. (C)    MEMORANDUM date January 26. 2007.

Ex. (D)    MEMORANDUM date January 31. 2007.

Ex. (E)    MEMORANDUM date February 8. 2007.

Ex. (F)    MEMORANDUM dat February 15. 2007.

Ex. (G)    ▉▉▉▉AL HEALTH REORDS Pgs. 1 oF 9.

Ex. (H)    Plaintif Rasho report by Dr. Hopkins.

Ex. (I)   NOTICE AN IMPENDING PSYCHIATRIC
TRANSFER 4-6-2004. .

December

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE N-Seg.cell 548

| Date: 19-2006 | Committed Person (Please Print) RASHO RSHOCK | ID#: B-38970 |
|---|---|---|

| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☒ Disability   Transferred out of South
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ Other (specify): Mental Unit
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ____ / ____ / ____
      Date of Report            Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer**, only if EMERGENCY grievance.
    **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This Plaintiff is Filing this Grievance on the Following Mental Health Administer(s) Who provides Mental Health Treatment for those Who suffer from mental illnesses at Pontiac Correctional Center or Pontiac South Mental Unit Where this Plaintiff was housed From May-2003 thru November 9th 2006... The Following person(s) named herein this Complaint has violate this Plaintiff right(s) under U.S. Constitution to receive mental health treatment by professionals execising there professional judgment, as pursuant to the Americans

Relief Requested: See Page 14 For Relief...

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Ashooe Rasho      B-38970      12.19.06
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

**Counselor's Response (If applicable)**

Date Received: 1.16.07    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: You need to send this issue to the grievance office. They will determine ADA status.

R. Flex      R. Flex      1.29.07
Print Counselor's Name      Counselor's Signature      Date of Response

**EMERGENCY REVIEW**

Date Received: 1 / 3 / 07    Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
     ☒ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

RECEIVED
FEB 2 1 2007
OFFICE OF
INMATE ISSUES

Chief Administrative Officer's Signature      1.3.07
                 Date

Ex. A

Distribution: Master File; Committed Person      Page 1-OF-15      DOC 0046 (Eff. 10/2001)
received 1-12-07 3-11 Mail Officer      Printed on Recycled Paper      (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued) (3)

With Disabilities Act (the "ADA") 42 U.S.C. §§12131, et seq., and the Rehabilitation Act (the "Rehab Act"), 29 U.S.C. §794 to be free of discrimination on account of this Plaintiff disabilities... This Plaintiff was transferred from South Mental Unit do to the complaint(s) he has filed or reports on the named person(s) who will be named herein this Grievance as defendants do to the on going misstreatment that has been going throughout Pontiac as well as South Mental Health Unit thats under the law to treat it's mentally ill prisoners... Yet do to many Complaint(s) this Plaintiff was transferred from South Mental Unit...

## "Grievance Complaint"

Plaintiff Ashoor Basho B-38970, currently a prisoner at the max security facility at Pontiac Correctional Center ("Pontiac"), On his own behalf and on behalf of all seriously mentally ill prisoners who are now, or will be hereafter incarcerated at Pontiac, for this Grievance is against defendants Roger E. Walker Jr. Director of the Illinois Deprtment of Corrections ("the Department"); The Named person holds the Office of the Medical Director of the Department; Dr. Navarro Chief of Mental Health Services of the Department; Warden of Pontiac Eddie Jones, The person that holds the Office Pontiac Medical Director of Pontiac; John Garlic, Ph.D., Supervising Clinical Psychologist of Pontiac ("Dr. Garlic"); Michael F. Massa, M.D., Psychiatrist at Pontiac South Mental Unit ("Dr. Massa") ( collectively, the "individual defendants"); and the Department, a public entity, State as follows:

## "Nature Of The Grievance".

1). This Grievance is brought pursuant to Departmental Rules Of The Illinois Department of Corrections Under 20 Illinois Administrative Code CH.I, Sec. 504 Subchapter (e),(f) Section 504. 802 Title 2 of the Americans With Disabilities Act of 1990 (42 U.S.C. §12101 et seq.), Section 504.830 (b), to redress violations of the Plaintiff Basho

See Page (3)

**RECEIVED**

Distribution: Master File; Committed Person

DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued) (4)

rights (1) under the Eighth and Fourteenth Amendments to the U.S. Constitution to be free of cruel and unusual punishment while he is incarcerated at Pontiac C.C. and (2) under the Fourteenth Amendment to receive individualized mental health treatment by professionals exercising professional judgment, and persuant to the Americans With Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131, et seq.; and the Rehabiliation Act (the "Rehab Act"), 29 U.S.C. § 794, to be free of discrimination on account of Rasho disabilities as outlined in Departmental Rules Section 504.802, and 504.830 (b)... Plaintiff Ashoor Rasho seek from the individual defendants, who are employees or agents of the Department; declaring the defendants acts to transferre him from South Mental Unit unconstitutional and violative of his rights to ADA and the Rehab Act; and is requesting injunction directing them to halt their unlawful conduct...

## "Introduction"

2). Plaintiff is a seriously mentally ill prisoner at Pontiac C.C. seeking relief from defendants deliberate indifference to his mental health needs and for the cruel and unusual punishment of requiring Plaintiff Rasho as well as others, to live under the harsh and psychologically injurious conditions at Pontiac C.C. as well as there Mental Health Unit while Plaintiff Rasho is a seriously mentally ill prisoner, as well as relief from defendants failure to grant him individualize mental health treatment at Pontiac C.C. and defendants failure to grant him his right to be free of discrimination account of his disabilities under the ADA, the Rehab Act and Departmental Rules 504.802 and 504.830 (b)... The individual defendants are the Department officials responsible for deciding which

See Page (4).

**RECEIVED**

Distribution: Master File; Committed Person

FEB 21 2007

OFFICE OF

Printed on Recycled Paper

DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued) (5)

prisoners are sent to Pontiac C.C., establi-
shing and maintaining conditions there,
and providing Plaintiff Ashoor Rasho medical
and mental health services there... The
Department, a public entity, will be sued if
this matter is not redress based on the
A.D.A and Rehab Act... Pontiac C.C. is
a so-called max prison that practices
behavior "Modification" through "Sensory
Deprivation" based on the near-"Total
Isolation" of the inmates - a practice
whose destructive effects are well
documented... As harmful as this exper-
ience is for most prisoners, it is more
agonizing to the seriously mentally ill, many
of who reside in Pontiac or South Mental
Unit... For seriously mentally ill prisoners,
the conditions at Pontiac C.C. and South
Mental extreme social isolation, restricted
environmenmental stimulation, severely
restricted movement, and harsh punishment
for problematic behavior caused by their
illnesses bring tormenting pain... The
damage done by these conditions is likely
to be long-term and may be permanent...

## "Jurisdiction".

3). The Department of Corrections has
jurisdiction of this cause pursuant to
"Departmental Rules, Procedures, and
Departmental Policies as outlind 20 Illinois
Administrsuant ~~unde 20~~ Codes. Declaratory
relief is sought pursuant to 20 Illinois
Administrative Codes.- Wherefore venue,
is proper in the Northern District of
Illinois, because all defendants resides
in the District and a substantial part
of the events and omissions giving rise to
Plaintiff Rasho claims occurred in Pontiac
Correctonal Center...

**RECEIVED**

See Page (5)

FEB 2 1 2007

**OFFICE OF**
Page 4 **INMATE ISSUES**

Distribution: Master File; Committed Person

Printed on Recycled Paper

DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

## "Plaintiff Ashoor Rasho"

4). Plaintiff Ashoor Rasho has been incarcerated at Pontiac C.C. since November 7th, 2003... He suffers from a serious mental illnesses and has done so for many years... Mr. Rasho has been sent to the Health Care Unit many times for self-mutilation himself which is a cause of his mental illness.... While he has been at Pontiac C.C. or it's Mental Health Unit he has self-mutilate himself were he received many stitches on his arm which is all well document it in his Medical Records... The lass-time Mr. Rasho harmed himself was August 19, 2006 were he was put in 4-Points and on August 20 he was giving (15) Stitches, see Mental Health Diagnostic and Treatment Notes July 19, 06, August 8-06, and August 19 thru 22, 06... Yet with Rasho history Dr. Massa and members of the psychiatry team had recommended that Mr. Rasho be transferred of the Mental Health Unit... See Treatment Notes by Dr. Massa 5-22-06, 8-23-06, 9-14-06, 10-7-06, and 11-4-06... Yet Mr. Rasho So Lawsuit Evne Dr. Hopkins (at the time was Chief of Mental Health For the State of Illinois) state it that Mr. Rasho is severely mentally ill.... Wherefore there was no good reason to have removed Mr. Rasho from the Pontiac mental health Unit knowing Mr. Rasho history which shows that Dr. Massa did not review his Medical Records but based his recommendation on his personal view and not his professionalism view... IF defendant had done so then he (Dr. Massa) would of seen that Plaintiff Ashoor Rasho was properly housed in Pontiac South Mental Unit to treat his illnesses...

See Page (6)

RECEIVED

FEB 2 1 2007

OFFICE OF
INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued) (7)

## "Defendant(s)"

5). The Department is an Illinois State department that is responsible for the care, custody, treatment, and rehabilitation of all persons committed to its custody, and for all Illinois Correctional institutions...

6). Defendant E. Roger Walker Jr. is Director of the Department and has overall responsibility for the administration of all correctional facilities with the state... He (Walker) has personal, first-hand knowledge of the operations of Pontiac C.C...

7). Dr. Willard Elyea ~~holds~~ Office Medical Director of the Department and, as such, has overall responsibility for providing health care to prisoners of Pontiac C.C., including mental health care...

8). Dr. Navarra. She holds the office of Chief of Mental Health Services of the Department and as such, she has overall responsibility for providing mental health care to prisoners of Pontiac C.C.

9). Eddie Jones is the Warden of Pontiac Correctional Center.. Warden Jones is the Chief Administrative Officer of Pontiac C.C. and, as such, has ultimate responsibility for the entire operation of the institution including implementing all State Law and the Department policies, practices and procedures affecting prisoners confined at Pontiac C.C. and South Mental Unit..

10). John Garlic is the Supervising Clinical Psychologist at Pontiac C.C. he (Garlie) provides mental health services to prisoners at Pontiac C.C. and oversees the mental health staff who serve as the prison mental health professionals...

11). Dr. Michael F. Massa is the one of psychiatrist at Pontiac C.C., He (Dr. Massa) provides mental health services to prisoners

See Page (7)          **RECEIVED**

**FEB 2 1 2007**

DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

Printed on Recycled Paper          **OFFICE OF**

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)   (8)

at Pontiac Mental Health Unit and administers psychotropic drugs to them...

At all times too to this Grievance, defendants acted under the color of the Law as well as Departmental Rules, Regulations, and Customs of the State Of Illinois... All defendants Will be sued in both their individual and official capacities if this matter is not redress... The defendants actions constituted "State action" as defined Under Federal Law...

A). Defendants Have Acted With Deliberate Indifferent To Plaintiff Ashoor Rasho Serious Mental Illness.

1). Defendants' deliberate indifference to Plaintiff Ashoor Rasho Mental Health need is Shown by systemic deficiencies in the Mental Health Care System at Pontiac.

2). The deliberate indifference Of deffendants to the seriouse mental health needs Of Plaintiff Ashoor Rasho is demonstrated by systemic dificiecies in the staffing, facilities, and procedures Of the mental health care system at Pontiac C.C. and it's mental health Unit Which make unnecessary suffering inevitable... In creating and then failing and refusing to cure the systemic deficienies, defendants have acted with deliberate indifference to the serious mental health needs of Plaintiff Ashoor Rasho by removed from South Mental Unit, in doing so, have unnecessarily and Wantonly inflicted severe pain on him... These systemic deficiencies, Which are the overall responsibility Of the Named Defendant(s) Drs. Garlic, Massa, Medical Director, Ms. Navarro are as Follows:

**RECEIVED**

FEB 2 1 2007

OFFICE OF
INMATE ISSUES

See Page (8)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued) (9)



a). Although "mental health concerns" must be considered when a prisoner is transferred to Pontiac C.C. or it's Mental Health Unit, there is "NO" requirement that mentally ill prisoners be excluded and there is no adequate systematic program for screening and evaluating the mental health status of prisoners being proposed for transfer... In fact, prisoners known to have histories of serious mental illnesses have been known to be transferred out of South Mental Unit who complain about the abuse that is on going on that Unit which is the reason why Plaintiff Rasho was transferred of the Unit and sent to NorthSeg....

b). There is no requirement that prisoners who decompensate at Pontiac be removed from the facility and no adequate systematic program for identifying such prisoners.. Instead defendants ignore the obvious signs of prisoners mental deterioration, despite their knowledge that the environment at Pontiac C.C. tests even the strongest inmate...

c). There is no adequate systematic program to provide care at Pontiac or its mental health Unit for seriously mentally ill prisoners... Instead, the mental health system operates as an adjunct to the harsh punishment system, by "treating" prisoners with techniques that are, in intent and purpose methods of punishment which will make seriously ill prisoners sicker, not better. These techniques include (1) ordering the suicidal inmate to undergo extreme isolation while lying naked in cold, stripped cell, sometimes while bound in four point restraints, (2). allowing guards to handle an inmate more roughly then

See Page (9)

**RECEIVED**

Distribution: Master File; Committed Person

FEB 2 1 2007
OFFICE OF

Printed on Recycled Paper

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

COMMITTED PERSON'S GRIEVANCE (Continued) (10)

is necessary While in the Health Care Unit or While bring him to the Unit; (3) Withholding talking therapy from an inmate because he is demonstrating disruptive behavior that is directly caused by his mental illness....

d). Mental Health Treatment at Pontiac C.C. lacks the commitment of a psychiatrist to identify and treat in an individualized manner those prisoners suffering from serious mental disorders.... Instead, the prison has been served by a series of psychiatrists Whose main function is to prescribe drugs instead of to oversee the individual monitoring, evaluation, and treatment of prisoners...

e). Defendants Dr. Garlic and Dr. Massa routinely allow security concerns to compromise their duties to prisoners Who are their patients.... For example, they breach their promise of confidentiality to patients by sending Written mental health reports to non-medical personnel, and they allow security personnel to dictate the mental health sessions be conducted While the prisoner sits uncomfortably With his hands cuffed behind his back, in a room where guards can overhear the conversation....

f). The assessment and treatment of seriously mentally ill or decompensating prisoners sometimes is delayed unacceptably.... These delays are caused, among other reasons, by (1). Pontiac repetitive, deliberate failure of correctional officers to respond to mental health emergencies, and (2). the systematic refusal of Pontiac mental health staffs to identify and treat the high percentage of prisoners Who arrive at Pontiac seriously mentally ill or Who decompensate there....

g). Behavior-altering medications are

See Page (10).

RECEIVED
FEB 21 2007
OFFICE OF
INMATE ISSUES



COMMITTED PERSON'S GRIEVANCE (Continued) (11)



prescribed and administered in danger-
ous amounts, by dangerous methods,
or without appropriate supervision and
periodic evaluation...

H). Prisoners are punished for behavior
that is directly and obviously a conse-
quence of their serious mental illnesses..
The punishment includes: (1). discipline
meted out informally such as taunting
a prisoner to harm himself or spraying
caustic chemicals in his eye because,
in a plea for attention; (2). discipline
imposed through the formal prison
disciplinary procedure such as punishing
a prisoner for destroying state property
or attempted to hang or harm himself;
and (3). criminal charges caused to be
brought for relatively minor events that
normally are overlooked or resolved
through the prison disciplinary procedure...

i). Physical restraints are used improperly
to punish rather than to treat and protect
mentally ill prisoners....

j). Isolation in a cold stripped cell is used
to punish rather then to treat and protect
mentally ill prisoners....

K). Talking sessions with mental health
professionals are used not to treat
prisoners but to reward them for submissive
conduct that maybe harmful to their
mental state and that often is impossible
for them to achieve...

2). Defendants deliberate indifference
to Plaintiff Ashoor Rasho serious
Mental Health Needs also is shown
By a serious of incidents of Mistreatment
while at Pontiac C.C.

13). The deliberate indifference of defend-
ants to the serious mental health needs
of Plaintiff Ashoor Rasho has demonstrated
by a series of incidents of mistreatment
See page (11) **RECEIVED**

Distribution: Master File; Committed Person
DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)



Occurring closely together in time...
The incidents are described in Rasho
Medical Records and his disciplinary
reports as well as the Criminal Charges
that was brought on Plaintiff Rasho while
at Pontiac C.C....

[4]. In creating and then failing and
refusing to cure the conditions that
allowed those incidents to occur, defendants
have acted with deliberate indifference
to the serious mental health needs of
Ashoor Rasho and in doing so, have unnec-
essarily and wantonly inflicted sever-pain
on him by removing from South Mental
Unit....

B]. Defendants have Unnecessarily
and Wantonly inflicted severe
Pain on Plaintiff Ashoor Rasho
by exposing him to the conditions
at Pontiac Correctional Center.

[4]. Defendants are aware that the excess-
ively harsh an psychologically damaging
conditions at Pontiac exacerbate existing
mental illnesses and trigger serious mental
illnesses in prisoners who are housed at
Pontiac C.C. or South Mental... Despite
this knowledge, they continue to treat
mentally ill prisoner with Cruelty by
NOT treating the illness that prisoners
has, and allowing Plaintiff Ashoor Rasho
to remain housed in Pontiac North Seg
Unit for long periods of time as his
illnesses worsen do to him not receiving
anymore mental health treatment do
to the deffendants Drs. Garlic and
Massa removing him from South Mental
Unit.. In exposing Mr. Rasho to the
Conditions at North Seg, defendants
have unnecessarily and wantonly
inflicted pain on Plaintiff Ashoo-Rasho
by stoping his medication and removing
See Page (12)

RECEIVED
FEB 2 1 2007
OFFICE OF
INMATE ISSUES

From South Mental Unit...

## Count (1)
### Deliberate Indifference to Serious Mental Health Needs in Violation Of the Eighth and Fourteenth Amendments

15). In demonstrating deliberate indifference to Plaintiff Ashoor Rasho mental health needs as described in this Grievance, the individual defendants violated the rights Of Plaintiff Ashoor Rasho to be free Of cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution...

## Count (2)
### Unconstitutional Conditions for Seriously Mentally Ill Prisoners in Violation Of the Eighth and Fourteenth Amendments

16). In Subjecting Plaintiff Ashoor Rasho to the unconstitutional conditions described herein this Grievance, the individual defendants violated the rights Of Plaintiff Ashoor Rasho to be Free Of Cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution...

## Count (3)
### Violation Of State Created Liberty Or Property Interest Under the Fourteenth Amendment

17). Pursuant to 405 ILCS 5/2-102, Seriously mentally ill prisoners, as recipients Of Services for purposes Of the Illinois Mental Health and Developmental Disabilities Code, Are entitled to be provided with adequate and humane Care and Services in the Form Of mental health treatment

See Page (13 **RECEIVED**

**FEB 2 1 2007**

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

by mental health professionals who exercise their professional judgment in delivering this treatment.. The right created by the State Mental Health Code is a liberty or property interest protected under the due process clause of the Fourteenth Amendment ...

8). In acting in the manner described in this Grievance, the individual defendants violated the rights of Plaintiff Ashoor Rasho to those State-created liberty or property interests under the Fourteenth Amendment to the U.S. Constitution ...

Count (4).
Violation of the ADA

19). Pontiac C.C. is operated under the control of the Department, which is a public entity as that term is defined in 42 U.S.C. § 12131 ...

20) Plaintiff Ashoor Rasho is qualified individual with a disability as defined under the ADA and its implementing regulations..

21). The Department has discriminated against the Plaintiff Ashoor Rasho on account of his disabilities in the following ways: a). causing Plaintiff Ashoor Rasho to suffer unjustified isolation by keeping him in segregation despite defendants knowledge that he suffered from serious mental illnesses.... b). Failing to reasonably accommodate Plaintiff Ashoor Rasho disabilities and instead discriminating against him in ways that increase the severity of his illnesses by such methods as adjudicating disciplinary charges without reference to relevant mental health records and by failing to assist mentally ill inmates in the grievance process and instead acting to thwart

See Page (14)

**RECEIVED**

Distribution: Master File; Committed Person

FEB 2 1 2007
Page
OFFICE OF
Printed on

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

his efforts to file Grievances and
pursue them through the administrative
process;

c). Denying Plaintiff Ashoor Rashc access
to programs, activities, and services
of the Department granted at Illinois
prisons in Rasho Cause he was removed
from South Mental Unit...

22). In acting in the manner described
in this Grievance, the Department has
Unlawfully discriminated against Plaintiff
Ashoor Rashc in violation of the ADA...

Count (5)
Violation of Section 504 of
the Rehab Act

23). The Department receives Federal
Financial assistance, thus making is
Subject to Section 504 of the Rehab
Act 29 U.S.C.§ 794...

24). Plaintiff Ashoor Rashc qualified
individual with a disability as defined
in the Rehab Act and implementing regula-
tions...

25). In acting in the manner described
in this Grievance, the Department has
Unlawfully discriminated against Plaintiff
Ashoor Rashc, in violation of the Rehab
Act.

WHEREFORE, Plaintiff Ashoor Rasho
request this Department to Grant the
Following relief: a). Declare that the
actions and inaction of defendants
described herein this Grievance have
violated and Continue to violates
the Plaintiff Ashoor Rashc rights under
the Eighth and Fourteenth Amendment to
the U.S. Constitution.

b). To transfer Plaintiff Ashoor Rasho
back to South Mental Unit or a mental
health Unit were that he my receive
mental health treatment for his illnesses.
see Page (15)

**RECEIVED**

FEB 21 2007
OFFICE OF

Distribution: Master File; Committed Person
Page 24
DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

## AFFidavit

Plaintiff Ashoor Rasho do hereby declare and affirm that the following information within this Grievance is true and correct in substance and in Fact...
Pursuant to 28 USC 1764, 18 USC 1621 or 735 ILCS 5/1-109, Plaintiff Ashoor Rasho declare, under penalty of perjury, that everything contained herein this Grievanc is true and accurate to the best of Plaintiff Rasho knowledge and belief...

## Verification

Plaintiff Ashoor Rasho (B38597, the undersigned, certify and state that: 1). Plaintiff Rasho is the Plaintiff in this Grievance, 2). Plaintiff have read the Foregoing Grievance and have knowledge of it's contentents; and 3). Under penalties as provided by law pursuant to 735 ILCS 511-109, Plaintiff certify that the statements set Forth in the Foregoing Grievance and this verification are true and correct except as to matters therein stated to be on information and belief, and as to such matters Plaintiff certify that he believe the same to be true...

Ashoor Rasho B-38970
Ashoor Rasho
Pontiac C.C.
P.O. Box 99
Pontiac IL
61764-0099

# ..End OF Report..

**RECEIVED**

FEB 2 1 2007

OFFICE OF
INMATE ISSUES
Printed on Recycled Paper
DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

*Maybe a few will need to check with your counselor.*

# "Memorandum":

TO: Warden Eddie Jones,
Pontiac Correctenal Center.

From: AsHOOR RASHO B-38970 Northseg 548 cell.

Date: January 7, 2007.

Subject: Emergency Grievance date December 19, 2006.

Mr. Jones,

I am writing your office on the matter of a Emergency Grievance date 19, 2006, that was sent to your office on the above date Dec. 19.06 as a Emergency Grievance.. Sir I would like to know have you received this Grievance and would like to know when will it be redress.. The Nature of Grievance was "Staff Conduct, Disability under ADA and Transferred out of South Mental Unit". I would like to know when I will hear on this matter and did your office receive this Grievance.. IF you haven't recered it I have a copy which I will request another copy from Pontiac Law Library and have it sent to your office but I need this Grievance and redress soon a possible ...

C.C. Warden Eddie Jones
Enmate Ashoor Rasho B38970
-548

January 7, 07        Ex. B

_____

State of Illinois County of Livingston
Pontiac Correctional Center
" Memorandum"
_____

TO: Counselor Randell Flex Northseq counselor.
From: Ashoor-Rasho B-38970 NorthSeq 548 cell.
Date: January 26. 2007.

Dear Mr. Flex,

I am writing you on the Emergency Grievance date Dec. 19. 2006 that was sent to Jan. 12. 07 to your office. Sir as we spoke on Jan. 19. 07 Friday, I had ask you to send my Grievance to the Pontiac ADA do to the matter that deals with my mental illnesses and the violation under ADA that took place while at Pontiac South Mental Unit. So I hope that you have send this Grievance to the Facility ADA Coordinator as outlined in 20 Illinois Administrative Code Sec. 504.830(b)..

The following information or written statement within this Memorandum is true and correct in substance and facts. Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109, I Ashoor Rasho B38970 N-548, declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief..

Ashoor Rasho B-38970 N-548 cell
Pontiac C. C.
P.O. Box 99
Pontiac Ill 61764 January 26. 2007

Ex. C

State OF Illinois <u>Memorandum</u>
Livigston County
<u>Pontiac Correctional</u>

From: Ashoor Rasho B-38970 NorthSeg 548 cell

TO: Grievance Departmental Officer Pontiac. C.C.

Date: January 31, 2007.

TO Who It My Concern,

I am mailing you this Grievance that is under the Departmental 20 and Illinois Adminitrative Code CH. I, Sec. 504.830 (b). *The Grievance Officer (<u>Shall</u>) promplty submit a copy of any grievance alleging discriminatation based on disability or request for an accommodation based upon disability to the Facility ADA Coordinator. The Facility ADA Coordinator (Shall conduct such investigation) as deemed appropriate and make written recommendations to the Chief Admistrative Officer of the grievance.*

This Grievance was sent to Canselor R. Flex and this writer was told to send Grievance to your Office. Please send this to the Pontiac ADA Officer Thank You.

C.C. Warden Janes.
A/W Office
Inmate Rash B38970
File.

Ex. D.



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL  61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## MEMORANDUM

DATE:     2·8·07

TO:     Rasho          # B38970      Cell  N548

FROM:     Grievance Officer
          Pontiac Correctional Center

SUBJECT:     Attached Grievance: Staff Cond (12·19·06)

          Date Received: 2·2·07

The attached is being returned for the reason(s) listed below:

_____     Contact your Correctional Counselor

_____     Use proper Committed Person's Grievance (DOC 0046)

_____     Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

_____     Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director)

_____     Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further

_____     Unable to determine nature of grievance/correspondence.  Submit additional specific information.

_____     Illegible copy submitted – submit legible copy for consideration.

_____     Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee.  If request is denied, utilize the grievance process for further consideration.

_____     Issue has been previously addressed on _____.  Nor justification for further consideration

_____     Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.)

_____     Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

_____     Other:  SUBMITTED AS A CLASS ACTION ISSUE

NOT GRIEVABLE
received on 3-11 on Feb.14.07   Ex. E.

RECEIVED
FEB 21 2007
OFFICE OF
INMATE ISSUES