IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHOOR RASHO, #B-38970, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-1298 |
| ROGER WALKER, et al., | ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

NOW COME Defendants ROGER E. WALKER, ROBERTA FEWS, EDDIE JONES, DR. WILLARD ELYEA, DR. WENDY NAVARRO, and DR. JOHN GARLICK, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file their Answer to Plaintiff's Second Amended Class Action Complaint.

1.   Defendants admit that Plaintiffs filed as a class action lawsuit regarding alleged violations of Plaintiffs' Eighth and Fourteenth Amendment rights to the U.S. Constitution, the Americans With Disabilities Act and the Rehabilitation Act of 1973. Defendants deny that they violated any of Plaintiff's rights.

2.   Defendants admit that Plaintiffs seek a judgment declaring Defendants' conduct unconstitutional and violative of the ADA and Rehab Act, and that Plaintiffs seeks injunctive relief. Defendants deny that they violated any of Plaintiffs' rights, and that Plaintiffs are entitled to relief.

3.   Defendants deny the allegations contained in this paragraph.

4.   Defendants deny the allegations contained in this paragraph.

1

5. Defendants deny the allegations contained in this paragraph.

6. Defendants deny the allegations contained in this paragraph.

7. Defendants deny the allegations contained in this paragraph.

8. Defendants deny the allegations contained in this paragraph.

9. Defendants deny the allegations contained in this paragraph.

10. Defendants deny the allegations contained in this paragraph.

11. Defendants admit security measures require different treatment procedures than in non-prison settings. Defendants deny these measures prevent proper treatment.

12. Defendants admit changing facilities and treating staff may change the treatment plan for an inmate. The defendants deny this prevents proper treatment.

13. Defendants deny the allegations contained in this paragraph.

14. Defendants deny the allegations contained in this paragraph.

15. Defendants deny the allegations contained in this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

18. Defendants deny the allegations contained in this paragraph.

19. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

20. Defendants deny that Plaintiff Rasho is currently incarcerated at Pontiac or that his current projected release date is 2018. Defendants admit that he was previously incarcerated at Tamms, that his 1996 incarceration was for burglary has

been extended by several criminal convictions for assaulting staff and possessing weapons in prison. Defendant Garlick admits that Plaintiff Rasho self-mutilates and has engaged in suicidal behavior, and that he claims he experiences auditory hallucinations. Defendant Garlick is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph. Defendants Walker, Fews, Ford, Jones, Elyea and Navarro are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

21.     Defendants admit that Plaintiff Daniels is currently incarcerated at Pontiac. Defendant Garlick admits that Plaintiff Daniels has repeatedly injured himself and has received medical attention for those injuries. Defendant Garlic denies the allegations in the balance of this paragraph. Defendants Walker, Fews, Ford, Jones, Elyea and Navarro are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

22.     Defendants admit that Plaintiff Forrest is currently incarcerated at Pontiac. Defendant Garlick admits it is possible that Plaintiff Forrest has experienced auditory hallucinations and delusions. Defendant Garlick denies the allegations in the balance of this paragraph. Defendants Walker, Fews, Ford, Jones, Elyea and Navarro are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

23.     Defendants admit that Plaintiff Stinson was incarcerated at Pontiac. Defendant Garlick admits that Plaintiff Stinson has a history of mental health

diagnoses and treatment. Defendant Garlick denies the allegations in the balance of this paragraph. Defendants Walker, Fews, Ford, Jones, Elyea and Navarro are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

24.  Defendants admit that Plaintiff Smith is currently incarcerated at Dwight and that her original sentence for murder has been extended by several criminal convictions for assaulting staff. Defendants deny that her current projected mandatory supervised release date is in 2030. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the balance of this paragraph.

25.  Defendants admit that Plaintiff Walker is currently incarcerated at Pontiac. Defendant Garlick admits that Plaintiff Walker was removed from the mental health unit at Pontiac when it was determined that such placement was no longer warranted. Defendant Garlick is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph. Defendants Walker, Fews, Ford, Jones, Elyea and Navarro are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

26.  Defendants admit that Plaintiff Abraham is currently incarcerated at Dixon Correctional Center. Defendants deny that Abraham has been denied proper medication or treatment.

27.     Defendants admit that Plaintiff Arrington is currently incarcerated at Western Illinois Correctional Center.  Defendants deny that Arrington has been improperly denied mental health treatment.

28.     Defendants deny that Plaintiff Bakalik is currently incarcerated at Dixon Correctional Center.  Defendants lack sufficient knowledge to admit or deny Bakalik's history.  Defendants deny that Bakalik has been provided inadequate mental health treatment.

29.     Defendants deny that Plaintiff Collins is currently incarcerated at Dixon Correctional Center.  Defendants lack sufficient knowledge to admit or deny whether Collins suffers from depression.  Defendants deny Collins has been mistreated or denied proper treatment.

30.     Defendants admit that Plaintiff Herman is incarcerated at Tamms Correctional Center.  Defendants lack sufficient knowledge to admit or deny Henry's mental health history.  Defendants deny Henry has been mistreated or denied proper care.  Defendants deny that Henry's release date is in 2053.

31.     Defendants admit that Plaintiff Hersman is incarcerated at Hill Correctional Center.  Defendants lack sufficient knowledge to admit or deny Hersman's mental health history.  Defendants deny that Hersman has been denied proper mental health treatment.

32.     Defendants admit that Plaintiff McGee is incarcerated at Tamms Correctional Center.  Defendants lack sufficient knowledge to admit or deny McGee's

mental health history.  Defendants deny that McGee has been denied proper mental health treatment.

33.Defendants deny the allegations contained in this paragraph.

34.Defendants deny this Court has jurisdiction over Plaintiffs' claims under the ADA and the Rehabilitation Act.  Defendants admit the remaining allegations in this paragraph.

35.Defendants admit Plaintiffs are attempting to bring the described class action, but deny this paragraph accurately describes the class certified by the Court for settlement purposes.

36.Defendants have agreed to certify a class for settlement purposes, but deny a class action is proper should this matter proceed beyond the settlement process.

37.Defendants deny the allegations contained in this paragraph.

38.Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

39.Defendants deny the allegations contained in this paragraph.

40.Defendants deny the allegations contained in this paragraph.

41.Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

42.Defendants deny the allegations contained in this paragraph.

43.Defendants deny the allegations contained in this paragraph.

6

**COUNT I**

44. Defendants reassert their responses to paragraphs 1 to 43 above.

45. Defendants deny that Gladys Taylor is the Director of IDOC.

46. Defendants deny that Roberta Fews is a Deputy Director at IDOC.

47. Defendants admit that Dr. Navarro is the Department's Director of Mental Health, and that she oversees the Department's mental health system. Defendants deny that she has immediate responsibility for the mental health of inmates in the custody of IDOC.

48. Defendants admit the allegations in this paragraph.

49. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants deny the allegations contained in this paragraph.

52. Defendants deny the allegations contained in this paragraph.

53. Defendants deny the allegations contained in this paragraph.

54. Defendants deny the allegations contained in this paragraph.

**COUNT II**

55. Defendants reassert their responses to paragraphs 1 to 54 above.

56. Defendants deny the allegations contained in this paragraph.

57. Defendants deny the allegations contained in this paragraph.

58. Defendants deny the allegations contained in this paragraph.

## COUNT III

59. Defendants reassert their responses to paragraphs 1 to 58 above.

60. Defendants deny the allegations contained in this paragraph.

61. Defendants deny the allegations contained in this paragraph.

62. Defendants deny the allegations contained in this paragraph.

## COUNT IV

63. Defendants reassert their responses to paragraphs 1 to 62 above.

64. Defendants deny the allegations contained in this paragraph.

65. Defendants deny that Plaintiffs and proposed class members are "otherwise qualified" individuals under the ADA or Rehab Act. Defendants are without knowledge or information sufficient to form a belief as to the truth in the allegations in the balance of this paragraph.

66. Defendants admit that as inmates, Plaintiffs and proposed class members are eligible for medical services provided by IDOC provided they meet the general criteria for qualification.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants deny the allegations contained in this paragraph.

69. Defendants deny the allegations contained in this paragraph.

## COUNT V

70. Defendants reassert their responses to paragraphs 1 to 69 above.

71. Defendants admit the allegations contained in this paragraph.

72. Defendants deny the allegations contained in this paragraph.

73    Defendants admit that as inmates, Plaintiffs and proposed class members are eligible for medical services provided by IDOC provided they meet the general criteria for qualification.

74.   Defendants deny the allegations contained in this paragraph.

75.   Defendants deny the allegations contained in this paragraph.

76.   Defendants deny the allegations contained in this paragraph.

## COUNT VI

Count VI has been severed and will be answered in a separate document.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

1.    At all times relevant herein, defendants acted in good faith in the performance of their official duties and without violating plaintiffs' clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2.    Plaintiffs have failed to exhaust their administrative remedies as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

3.    The Eleventh Amendment to the United States' Constitution prohibits the Plaintiffs from obtaining injunctive or declaratory relief, except to the extent necessary to stop an ongoing violation of the Plaintiff's Constitutional rights.

4. To the extent that Plaintiffs challenge the allocation of state funds, their claims are barred by sovereign immunity.

5. Plaintiff's claims against Defendants in their official capacities are barred by sovereign immunity.

6. Plaintiff's claims against Defendants in their individual capacities are not cognizable under the Americans with Disabilities Act and the Rehabilitation Act of 1973.

7. Plaintiffs may not recover punitive damages under the Americans with Disabilities Act and the Rehabilitation Act of 1973.

8. The Court lacks jurisdiction over Plaintiffs' Claim under the Rehabilitation Act of 1973 because Plaintiffs cannot establish that any of the Defendants accepted federal money.

9. To the extent that the Plaintiffs seek mental or emotional damages and their claims fail to make the prerequisite showing of a physical injury 42 U.S.C. 1997e(e) bars the Plaintiffs from receiving such damages.

        Respectfully submitted,

        ROGER E. WALKER, ROBERTA FEWS, EDDIE JONES, DR. WILLARD ELYEA, DR. WENDY NAVARRO and DR. JOHN GARLICK,

        Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

Christopher L. Higgerson         Attorney for Defendants,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706     By: \s\ Christopher L. Higgerson
(217) 782-9014 Telephone         Christopher Higgerson #6256085
(217) 782-8767 Facsimile         Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHOOR RASHO, #B-38970, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-1298 |
| | ) | |
| ROGER WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed an Answer to Plaintiff's Second Amended Class Action Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Alan Mills<br>alanmills@comcast.net | Barry G. Lowy<br>Barryl@equipforequality.org |
| Camille E. Bennett<br>camille.bennett@snrdenton.com | Theresa Powell<br>tpowell@hrva.com |
| Marc R. Kadish<br>mkadish@mayerbrown.com | Brian Michael Smith<br>bsmith@heylroyster.com |
| Harold C. Hirshman<br>hhirshman@sonnenschein.com | David M. Walter<br>Dwalter@heylroyster.com |

and I hereby certify that on May 19, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:   NONE.

Respectfully submitted,

By: \s\ Christopher L. Higgerson
Christopher Higgerson #6256085
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, IL  62706
(217) 782-9014
Chiggerson@atg.state.il.us

11