IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHOOR RASHO, #B-38970, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-1298 |
| ROGER WALKER, et al., | ) ) ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFFS' MOTION TO APPOINT A RECEIVER
TO CREATE A PLAN FOR INPATIENT CARE**

NOW COME defendants ROGER E. WALKER, EDDIE JONES, DR. WILLARD ELYEA, and DR. WENDY NAVARRO, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby respond to plaintiffs' motion to appoint a receiver, stating as follows:

**Introduction**

The parties engaged in settlement negotiations until July 7, 2015. At that time, the plaintiffs decided to proceed with their motion to certify a litigation class and thus decertify the settlement class. As part of the settlement process, the parties had entered into an agreed order (dated May 8, 2013), setting forth several requirements for the defendants. On August 6, 2014, plaintiffs filed a motion to enforce the May 8, 2013 order. The Court reserved ruling on the motion to enforce and imposed additional requirements on the defendants in an order of September 5, 2014. After a settlement conference on March 20, 2015, plaintiffs filed an updated motion to enforce, addressing both the May 8, 2013 and September 5, 2014 orders. The Court considered the defendants' position that terminating the settlement process mooted the 2013 and 2014 orders during a telephone hearing on July 9, 2015. The Court found that those orders were part of the settlement process and it

would be inappropriate to enforce them (see Court's Order of July 10, 2015). Plaintiffs were given leave to refile their motion if they believed they had recourse other than enforcement. Plaintiffs have now filed a motion to appoint a receiver to create a plan for inpatient care.

**I. Appointment of a receiver is not appropriate.**

Plaintiffs seek appointment of a receiver to "create a plan and timetable to provide constitutionally necessary inpatient care to SMI inmates." (Plaintiffs' Motion, p. 5.) They justify this request by noting the defendants have failed to create such a plan. (Plaintiffs' Motion, p. 1.) They also note that Dr. Hinton, Chief of Mental Health for the Illinois Department of Corrections, has admitted that changes are needed to the Department's system. In arguing for the receiver, plaintiffs cite various cases in which receivers have been appointed. However, in none of those cases was a receiver appointed in the absence of an enforceable court order that had been violated.

The plaintiffs rely heavily on *Plata v. Schwarzenegger*, 2005 WL 2932253 as an example of a court imposing a receiver on a state correctional department. That step was taken only after California failed to comply with enforceable court orders. *Id.* at *2. Plaintiffs even quote from *Plata's* citation to the Supreme Court for authority to impose a receiver, which stated clearly, "Once issued, an injunction may be enforced." *Plata* at *24, citing *Hutto v. Finney*, 437 U.S. 678, 690 (1979). The plaintiffs here are asking the Court to proceeding directly to enforcement without a previous enforceable order.

The 2013 and 2014 orders did require the defendants to develop a plan for the provision of inpatient mental health services, to be used in the negotiation of a final consent decree. The plan itself was to have no binding authority. The Court has already ruled that

it will not enforce the 2013 and 2014 orders.

Having already denied the plaintiffs' request to enforce the 2013 and 2014 orders, there is nothing for the Court, on its own or through a receiver, to enforce. There has been no finding that the defendants are acting with deliberate indifference to the serious mental health needs of the class members. There is no pending order for the defendants to provide any specific care related to inpatient level inmates. If the Court eventually finds a constitutional violation and enters an order to remedy it, appointment of a receiver would still not be appropriate unless and until the defendants fail to comply with that order.

Wherefore, for the above and foregoing reasons, defendants ask this Court to deny plaintiffs' motion to appoint a receiver.

Respectfully submitted,

ROGER E. WALKER, EDDIE JONES, DR. WILLARD ELYEA, and DR. WENDY NAVARRO,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Christopher L. Higgerson #6256085        Attorney for Defendants,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706        By: \s\ Christopher L. Higgerson
Phone: (217) 782-9014              Christopher Higgerson #6256085
                                          Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHOOR RASHO, #B-38970, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-1298 |
| | ) |
| ROGER WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, I electronically filed *Response to Plaintiffs' Motion to Appoint a Receiver to Create a Plan for Inpatient Care* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Alan Mills | alanmills@comcast.net |
| Barry G. Lowy | Barryl@equipforequality.org |
| Theresa Powell | tpowell@hrva.com |
| Marc R. Kadish | mkadish@mayerbrown.com |
| Brian Michael Smith | bsmith@heylroyster.com |
| Harold C. Hirshman | harold.hirshman@dentons.com |
| William R. Stone | stone@bsplaw.com |
| Andrew M. Ramage | aramage@bhslaw.com |

Respectfully submitted,

By:   \s\ Christopher L. Higgerson
Christopher Higgerson #6256085
Assistant Attorney General
Attorney for Defendants
Office of the Illinois Attorney General
General Law Bureau
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-9014
Email: chiggerson@atg.state.il.us