UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 07-1298 |
| | ) |
| ROGER E. WALKER, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **OPINION**

During the hearing held on November 18, 2015, the Courted entered an Order appointing Dr. Raymond F. Patterson as the court-appointed, neutral expert in this case. Dr. Patterson had previously been appointed as independent and impartial monitor as part of the May 8, 2013, Agreed Order. (*See* ECF No. 132). Parties were given the opportunity to object to Dr. Patterson's appointment as a Court appointed expert. Dr. Patterson has agreed to serve as a Court appointed expert. No objections were received, and Dr. Patterson's appointment is now final.

Dr. Patterson is directed to provide a budget to the Court for its review and approval, including the hourly rate to be charge and an estimate of the time necessary to accomplish the tasks outlined in this Order.

Per the Court's direction, the Parties separately provided language to be included in the Court's final appointment of the expert. (See ECF No. 282 and 283). Having fully considered the Parties submissions, the Court directs Dr. Patterson:

> To draw on his familiarity with the Illinois Department of Corrections based on his expertise in the field, his work as a monitor in this case, the Cohen Report, and the information produced to him by December 1, 2015, including medical records, depositions, and IDOC records to assess the need for hospital care including:

1

(1) What is inpatient mental health treatment and how is it appropriately utilized in a correctional setting? And

(2) The IDOC's current method of providing mental health treatment to prisoners who require this level of care, acutely and/or chronically constitutionally adequate?

Dr. Patterson will issue a report by December 15, 2015, discussing his opinions on the above questions. Dr. Patterson may address the ultimate issue in this matter whether the IDOC is currently providing a constitutional level of care to prisoners with mental Illness. The report may, if applicable, include a summary of what steps the IDOC would need to take to reach with constitutional standards and the impact on the plaintiff class for failing to meet those standards.

After the issuance of the report, the Court may communicate with Dr. Patterson to assist the Court in reaching an informed determination of the various issues. The Parties may communicate with the Court's expert only in writing with a copy to all Parties. Dr. Patterson may communicate directly with any Parties' expert, as long as the other Party is afforded the opportunity to participate in the discussion. Dr. Patterson is further instructed that, should the need arise; he should communicate with the Court in writing, so that there can be a record of any such communications, and that he should never discuss the merits of his work with the Court. The Court reiterates that it has no interest in what result he ultimately reaches on the merits of his assignment, so long as he employs his best good faith efforts in reaching that result. The Court also reminds him of the need to keep detailed, careful notes and to preserve them for discovery or possible use during his deposition.

Plaintiff has identified additional issues to be explored by Dr. Patterson. These issues involved what has been identified as the second phase of the litigation. The issues are:

(1) The impact of segregation on mental health and the appropriate practices and standards regarding the use of segregation, including the role of mental health professionals in the disciplinary procedures and segregation sentences; and

(2) The adequacy of the IDOC's staff, facilities, and services to provide a constitutional level of mental health care.

(*See* ECF No. 283). The Court believes that these issues are appropriate to be explored, but nonetheless declines to include them in the directive to Dr. Patterson at this time, except to the extent Dr. Patterson should include in his above-described budget an allocation/plan for these items. The Court will set the expert briefing schedule for these items at the time the remaining issues are set for trial.

Pursuant to Fed. R. Evid. 706, the cost of the Court appointed expert shall be borne equally between the Parties.

ENTERED this 3rd day of December 2015.

/s/ Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE