IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ASHOOR RASHO et al.,

    Plaintiffs,

v.

DIRECTOR JOHN R. BALDWIN, et al.,

    Defendants

No. 1:07-CV-1298-MMM-JEH

Judge Michael M. Mihm

Magistrate Judge Jonathan E. Hawley

### AGREEMENT AS TO ATTORNEY FEES, COSTS AND EXPENSES

This Agreement ("Agreement"), is made and entered into by and between counsel for the plaintiffs, Dentons, LLP, Uptown Peoples Law Center, Equip for Equality, and Mayer Brown, LLP, and the Defendants, John R. Baldwin, Director of the Illinois Department of Corrections, et al.

### RECITALS

WHEREAS, the Plaintiffs filed this lawsuit in the United States District Court for the Central District of Illinois, entitled *Ashoor Rasho, et al. v. Director John R. Baldwin, et al.*, Number 07-1298, (hereinafter referred to as "Action") alleging violations of rights protected by federal statute(s), regulation(s), common law, the Constitution of the United State of Illinois and/or the Constitution of the United States.

WHEREAS, that action has been resolved by an Amended Settlement Agreement filed May 23, 2015 with the Court (Document #711-1) and the Court approved that settlement after a hearing.

WHEREAS, the Plaintiffs have subsequently filed a petition for attorneys' fees, costs and expenses pursuant to Section XXXIII of the Amended Settlement Agreement (hereinafter referred to as "Petition"); and

WHEREAS, that Settlement Agreement specifically provided for attorneys' fees in Section XXXIII because "Plaintiffs are the prevailing party" pursuant to 42 U.S.C. § 1988. The Settlement Agreement also provides that the Court is to determine the amount of fees and costs. One-half of the Court determined amount shall be payable 120 days after the Court determines the amount of fees and costs and one-half will become immediately payable in the event that the Court enters an order under Section XXIX(g) of Document 711-1.

WHEREAS, so as to avoid further expense and in recognition of the positions of the parties to the above case, the Parties wish to settle and compromise the pending claim for attorneys' fees, costs and expenses.

WHEREAS, Defendants have provided Exhibit A (Leter from Illinois Department of Corrections) and Plaintiffs' counsel are relying on that letter in entering into this Agreement.

IT IS HEREBY AGREED, by and between the parties as follows:

1. In consideration for the full and complete settlement of the claim for attorney fees and costs, the parties agree that the sum of $3,800,000.00 (Three million, eight hundred thousand, and 00/100 dollars) shall be considered to be a reasonable the amount due pursuant to the plaintiffs' attorneys and the parties will so represent that to the Court pursuant to this Agreement. The Parties further agree that the sum of $1,900,000.00 (One million, nine hundred thousand, and 00/100 dollars) shall be paid to Equip for

102201357\V-1

Equality (FEIN #36-3361312) to be distributed to Plaintiffs' counsel under Section XXXIII of Document 711-1. In the event the Court enters an order under Section XXIX(g) of Document 711-1, another payment of $1,900,000.00 (One million, nine hundred thousand, and 00/100 dollars) shall become due and owing under the terms of Section XXXIII of Document 711-1. The parties understand that the entire amount payable under this Agreement is subject to state law governing the State Comptroller's obligation to withhold funds that Plaintiffs' counsel may owe to other persons or to state agencies. The validity of these claims may be contested through applicable state procedure.

2. The amount payable under this Agreement shall be paid from appropriations already made to the Illinois Department of Corrections. (*See* Exhibit A.)

3. The Illinois Department of Corrections will submit the documents to effectuate payments to the Illinois Comptroller within 30 days of a finding by the Court that the petition for attorneys' fees is reasonable to the members of the class.

4. In the event that the Court finds that the petition for attorney's fees is not reasonable to members of the class, this Agreement will become null and void pursuant to Fed. R. Civ. P. Rule 23(h).

5. It is expressly agreed that the Defendants in their individual capacities shall not be responsible for payment of any sum under this Agreement.

6. It is further understood and agreed that the above-tendered consideration is not be construed as an admission of any liability therefore, such liability having been expressly denied. No inducements or representations have been made by any agent or attorney of any party hereby released as to the legal liability or other responsibility of any party claimed responsible, and it is agreed that this release is intended to be a full and

10220135\AV-1

complete disposition of the entire claim for attorneys' fees, costs and expenses pursuant to XXIII of the Amended Settlement Agreement.

7. The Parties agree that they will present this Agreement to the Court within ten (10) days of full execution of this Agreement.

8. No promise has been made to pay or give the Plaintiffs or their attorneys any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto, concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior or contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the Parties concerning the subject matter of this Settlement Agreement are merged into this Settlement Agreement. This Agreement contains the entire agreement between the Parties.

9. The Plaintiffs and their attorneys enter into this Agreement as a free and voluntary act with full knowledge of its legal consequences. The Plaintiffs and their attorneys have not relied on any information or representations which are not contained in this Agreement except Exhibit A.

10. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

11. This Agreement may not be changed, modified or assigned except by written agreement of the Plaintiffs and their attorneys, the Illinois Department of Corrections, and the Illinois Attorney General.

12. This Agreement shall not be construed to constitute a waiver of sovereign immunity of the State of Illinois or the Illinois Department of Corrections.

13. If any provision of this Agreement is declared invalid or unenforceable, the balance of this Agreement shall remain in full force and effect.

14. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart.

15. All Parties to this Agreement acknowledge they participated in its drafting.

AGREED:

/s/ Harold C. Hirshman
Harold C. Hirshman  - signature redacted
Dentons, LLP                              Date 12/29/16

/s/ Alan Mills
Alan Mills  - signature redacted
Uptown Peoples Law Center                 Date 12/29/16

/s/ Amanda C. Antholt
Amanda C. Antholt  - signature redacted
Equip for Equality                        Date 12/29/16

/s/ Marc R. Kadish
Marc R. Kadish  - signature redacted
Mayer Brown, LLP                          Date 12/29/16

/s/ John Baldwin
John Baldwin  - signature redacted
On behalf of Defendants                   Date 30 Dec. 16

Title: Director

102201357\V-1