# PABLO STEWART, M.D.
## Psychiatric Consultant
s/redacted

March 6, 2017

**Via Email**
Honorable Michael M. Mihm
USDC Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe St.
Peoria, IL  61602

Re:  Ashoor Rasho v. Director John R. Baldwin, et al.
 Case # 1:07-CV-1298-MMM-JEH

Dear Judge Mihm:

As monitor in the above-referenced matter, I bring to your attention an issue that has significantly impeded my ability to adequately monitor the Illinois Department of Corrections ("IDOC").  Pursuant to the Amended Settlement Agreement, (hereafter "ASA"), Section XXVII. MONITORING, subdivision b) I am authorized to "retain such appropriate staff with the approval of IDOC including clinical and administrative experts as are necessary to conduct the requisite monitoring…."

With IDOC's approval, I retained two staff members, Reena Kapoor, M.D. and Aaron Zisser, Esq. Mr. Zisser resigned on January 25, 2017, after it became apparent that he was not able to perform the duties of a neutral monitor. I need to work with staff members that understand they are neutral monitors, not advocates for either party.

On February 19, 2017, I submitted to IDOC the curriculum vitae of Tom Nolan, Esq., an individual with whom I have worked in the past who can hit the ground running as he has 24 years of experience with monitoring prisons in the State of California.  His work is of the highest caliber. While he is of counsel to a plaintiff's civil rights firm; he does not work for them full-time and has as an independent contractor worked for me and others outside of his work with the firm.

Today, I was informed by Camille Lindsay, Chief Counsel for IDOC that IDOC denies my request for Mr. Nolan to replace Mr. Zisser because of his history of working on behalf of plaintiffs. I do not understand this reasoning as the majority of my experience has been as a psychiatric expert for plaintiffs.  This in no way undermines my ability to act as a neutral in this case.  Indeed, my prior experience allows me to fulfill my duties as

a monitor to resolve issues before they become grounds for further liability for IDOC. IDOC only benefits by having individuals with plaintiff expertise provide advice and recommended remediation before it becomes grounds for liability. Specifically, my prior experience allows me under the ASA to perform the following:

> iii) The Monitor's role shall include: gathering of appropriate data and statistics; conducting on-site inspections; assessing whether required policies and procedures are adequate; assessing and reporting to the parties on whether the objectives of the Settlement Agreement are being met; and, where disputes between the parties occur or where there appears to be non-compliance, assisting to resolve such matters in matters in the most expeditious and non-adversarial fashion possible. (§XXVII(f)(iii)
>
> iv) The Monitor may make recommendations for modifications or improvements to IDOC operations, policies, and procedures related to the provision of adequate mental health care to members. Such recommendations should be justified with supporting data. (§XXVII(f)(iv)

While I understand that IDOC has the right to consent to staff, Mr. Nolan's experience and professionalism would only benefit this case including assisting IDOC under my direction to resolve issues, ideally, to help them meet the requirements of the ASA to bring an end to this case and any further litigation.

I request a meeting with you and the parties to see if IDOC would reconsider. The work product, monitoring and outcome of this matter will only be enhanced with the involvement of Mr. Nolan. Given the timing of Mr. Zisser's resignation and the delays in retaining a new staff monitor, it will be challenging to locate and hire another assistant monitor and bring him and her on board before the first annual report is due.

Respectfully,

/s/ *Pablo Stewart, M.D.*

Pablo Stewart, M.D.
Monitor


Cc:	Camille Lindsay, Esq.
	Terrence Corrigan, Esq.
	Harold Hirshman, Esq.

Hon. Michael M. Mihm
Rasho v. Baldwin
Case # 1:07-CV-1298-MMM-JEH