IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ASHOOR RASHO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:07-CV-1298-MMM-JEH |
| | ) | |
| v. | ) | Judge Michael M. Mihm |
| | ) | |
| DIRECTOR JOHN R. BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

Plaintiffs hereby move for a permanent injunction pursuant to Fed. R. Civ. P. 65 based on the evidence presented to the Court at hearings on December 18 and 19, 2017, and February 27 – March 2, 2018; the findings of this Court issued on May 25, 2018; and any further evidence submitted at the hearing. Plaintiffs request a hearing on this Motion by no later than August 23, 2018, when the preliminary injunction expires.[1]

Following evidentiary hearings and extensive briefing and argument on Plaintiffs' Motion to Enforce the Settlement Agreement (ECF No. 1559), including an Amended Request

---

[1] This Court retains jurisdiction over this case regardless of whether the State chooses to appeal the May 25, 2018 preliminary injunction order. *See* Fed. R. Civ. P. 62(c) (allowing district court to "suspend, modify, restore, or grant an injunction" during the pendency of an interlocutory appeal); 11A Wright & Miller, Fed. Prac. & Proc. § 2962 ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending …"). The Court should thus proceed with consideration of this motion for permanent injunction, and need not wait on an appellate decision regarding the preliminary injunction (if an appeal is filed). *See, e.g., Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011) (while an order for preliminary injunctive relief is on appeal, "the district court is free to carry forward and order permanent relief after the merits are resolved."); *Mayweathers v. Newland*, 258 F.3d 930, 935–36 (9th Cir. 2001) (upholding district court's granting of a second preliminary injunction in prisoner civil rights case where first preliminary injunction expired while appeal was pending).

for Relief (ECF No. 1681), this Court issued an Order setting forth detailed findings of facts and conclusions of law and ordering preliminary injunctive relief in five areas – segregation, crisis watch, treatment planning, medication management, and mental health evaluations (ECF No. 2070).

In accordance with the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(2), this Court ordered a narrowly tailored preliminary injunction designed to bring the IDOC into compliance with the constitutional standards of the Eighth Amendment. The preliminary injunction will expire after 90 days, unless this Court enters a final order for permanent prospective relief. *Id.*

This hearing will test whether Defendants have instituted the reforms necessary for long-term solutions to the Eighth Amendment violations at issue in this Court's preliminary injunction order. The PLRA contemplates permanent prospective relief wherever "the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of a Federal right …". 18 U.S.C. § 3626(b).

*Permanent Injunction Standard Has Been Met with Evidence in Record*

The evidence already presented and the Court's findings establish the need for a permanent injunction in this matter. A permanent injunction requires a showing that (1) the plaintiffs have suffered irreparable harm; (2) money damages are an inadequate remedy; (3) an equitable remedy is warranted based on a balancing of the hardships; and (4) the public interest would be well served by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 338, 391, 126 S. Ct. 1837, 1839 (2006); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011). The requirements for a permanent injunction differ from a preliminary injunction only in that Plaintiffs must show that they have succeeded on their claims, not just a likelihood of

success. *Chathas v. Local 134 Int'l Bhd. of Elec. Workers,* 233 F.3d 508, 513 (7th Cir. 2000) (explaining that "the predicate for a permanent injunction would have to be that they had prevailed on the merits").

This Court's May 25, 2018 Order not only found that the requirements for a preliminary injunction were satisfied, but also that Defendants were in violation of the Eighth Amendment. The Court found that:

- [T]he traditional legal remedies are inadequate. [And] an injunction must be issued in order to prevent the continuing harm the inmates face from the IDOC's inability to maintain adequate staffing. *Id.* at 14.

- [T]here are budgetary and some non-economic hurdles (e.g. recruitment) in properly staffing the institutions with adequate mental health professionals. Nonetheless, the Court finds any such constraints are dwarfed by the immense harm to the inmates. *Id.* at 14

- [T]he Plaintiffs will suffer irreparable harm before the final resolution of the claims. *Id.* at 13.

- The record contains ample evidence that [Plaintiffs] are receiving inadequate mental health treatment in the areas of treatment plans, evaluations, medications, segregation, and crisis treatment and transitions. *Id.* at 13.

- The testimony of almost all of the medical doctors at the hearing clearly stated, in one form or another, the system in place to treat mentally ill inmates at the IDOC is in a state of emergency. *Id.* at 13.

- Defendants have been constitutionally deficient in the delivery of care in each of the areas identified herein. *Id.* at 35.

- [C]onsidering all of the areas of non-compliance in total, the Defendants' conduct amounts to deliberate indifference. *Id.* at 35.

The Court concluded that the IDOC's inability to provide constitutionally adequate mental health treatment *already had* created an "emergency" situation, and that IDOC's constitutionally inadequate treatment was making plaintiffs worse "across the board." (*Id*. at 14, 35.) These finding go to the merits of Plaintiffs' claims.

3

Plaintiffs request that all evidence already presented in the preliminary injunction hearing be incorporated into the trial record for purposes of a merits determination. *See* FED. R. CIV. P. 65(a)(2) ("[E]vidence that is received on the motion [for preliminary injunction] and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."); 11A Wright & Miller, Fed. Prac. & Proc. § 2950 ("Rule 65(a)(2) achieves some economy by automatically making all admissible evidence presented at the preliminary-injunction hearing part of the trial record. Although repetition of evidence is made unnecessary by this provision, it is important to note that duplication still is permissible."); *Dupuy v. Samuels*, 423 F.3d 714, 722 n.3 (7th Cir. 2005) (same).

WHEREFORE, Plaintiffs request, pursuant to Fed. R. Civ. P. 65(a), that a hearing on the merits of Plaintiffs' claims be scheduled for August 2018 (prior to the expiration of the preliminary injunction on August 23, 2018), and that, upon making the necessary merits determination, the Court enter an Order converting the preliminary injunction to a permanent injunction forthwith.

Respectfully submitted this 6th day of June 2018 by:

/s/  Samantha R. Reed
One of the attorneys for Plaintiffs

Harold C. Hirshman (ARDC# 1226290)
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL  60606
Telephone: (312) 876-8000
Facsimile:  (312) 876-7934
harold.hirshman@dentons.com

Alan Mills
Nicole Schult
Uptown People's Law Center
4413 N Sheridan
Chicago, IL  60640
(773) 769-1410 (phone)
alan@uplcchicago.org
nicole@uplcchicago.org

Marc R. Kadish
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL  60606
(312) 701-8747 (phone)
(312) 706-8774 (fax)
mkadish@mayerbrown.com

Barry C. Taylor
Laura J. Miller
Amanda Antholt
Samantha R. Reed
Equip for Equality, Inc.
Suite 300
200 N. Michigan Ave.
Chicago, IL 60602
(312) 341-0022 (phone)
(312) 541-7544 (fax)
barryt@equipforequality.org
laura@equipforequality.org
amanda@equipforequality.org
samantha@equipforequality.org