IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, et al., <br><br> Plaintiffs, <br> v. <br><br> DIRECTOR JOHN R. BALDWIN, et al., <br><br> Defendants. | No. 1:07-CV-1298-MMM-JEH <br><br> Hon. Michael M. Mihm |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF PROPOSED INJUNCTION ORDER**

On October 30, 2018, the Court entered its opinion (Dkt. 2460) granting plaintiffs' motion for a permanent injunction (Dkt. 2112) and giving defendants 14 days to submit a proposed order to address the constitutional deficiencies addressed in the Court's opinion. Defendants respectfully submit this memorandum in support of their proposed injunction order, submitted as Exhibit A.[1]

The Court issued its opinion under § XXIX(g) of the Settlement Agreement, which provides that "should it become necessary to seek the Court's assistance as to violations of this Settlement Agreement, any order granting such relief must include a finding that the relief sought is narrowly drawn, extends no further than is necessary to correct the violation of the federal right, and is the least intrusive means for doing so." This language stems from the Prison Litigation Reform Act, 18 U.S.C. § 3626(a), which provides that where prison conditions are found to violate federal rights, the court may enter injunctive relief that is "narrowly drawn,

---

[1] Defendants submit this order to comply with the Seventh Circuit's directive that under the Prison Litigation Reform Act, the Department should be entitled to submit a proposed plan that in "in general terms" is "sufficient" and "adequate" to remedy the constitutional violation. *Westerfer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012). Defendants do not waive their right to appeal or otherwise challenge the Court's ruling.

extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012), the Seventh Circuit addressed the limitations imposed by the PLRA on the district court's authority to enter an injunction in the corrections context. *Westerfer* arose out of due process objections to IDOC's transfers of prisoners to the Tamms "supermax" prison. 682 F.3d at 681. In an effort to remedy those objections, IDOC developed a voluntary "Ten-Point Plan for Tamms." *Id*. After a bench trial, the district court entered an injunction that incorporated IDOC's Ten-Point Plan. *Id*. IDOC challenged the terms of the injunction on appeal, asserting that the court's order violated the Prison Litigation Reform Act by imposing obligations from its voluntary plan that exceeded the minimal requirements needed to avoid a constitutional violation. *Id*. The Seventh Circuit agreed and vacated the injunction, holding that the order was overly specific, not "narrowly drawn," extended "further than necessary" to remedy the constitutional violation, and was not the "least intrusive means" to correct the violation of the federal right, as required under § 3626(a) of the PLRA. *Id*. at 681–82, 683–84. The court directed that, consistent with the PLRA, the district court's order should do no more than order IDOC "in general terms" to craft a plan that is "sufficient" and "adequate" to remedy the constitutional violation. *Id*. at 684. The district court should then review the proposed plan to ensure its sufficiency to remedy the constitutional violation through the least intrusive means necessary. *Id*. at 686.

Defendants' proposed relief comports *Westerfer* by proposing relief that (a) addresses the particular constitutional deficiencies identified in the Court's October 30, 2018 opinion, while at the same time (b) preserving the "operational discretion and flexibility" that the PLRA affords

prison administrators. *Westerfer*, 682 F.3d at 681–82, 683–84. The proposed relief addresses each of the five areas addressed by the Court (initial evaluations, treatment plans, medication management, care for prisoners on crisis watch, care for prisoners in segregation) and also addresses the Department's commitment to staffing levels that provide a sufficient number of mental health staff of varying types to provide class members with adequate and timely evaluations, treatment, and follow-up consistent with contemporary standards of care.

Given the Court's ruling that the parties' Settlement Agreement remains intact (Dkt. 2460 at 8), the proposed relief does not attempt to replicate all of the Settlement Agreement's detailed terms related to the five areas addressed in the Court's ruling. Although the Court ordered that those contractual obligations remain in place, to include the settlement's contractual obligations in the Court's order would violate the holding in *Westerfer* by imposing detailed requirements and timeframes that go beyond the minimal requirements needed to comply with the Eighth Amendment. 682 F.3d at 681.

## Conclusion

For these reasons, defendants respectfully request the Court to enter the proposed injunction order in substantially the form submitted as Exhibit A.

| | |
|---|---|
| November 13, 2018 | Respectfully submitted, |
| | Defendant JOHN R. BALDWIN, et al. |
| | By: LISA MADIGAN,<br>    Illinois Attorney General |
| Laura K. Bautista<br>Office of the Attorney General<br>500 South Second Street<br>Springfield, IL 62701<br>Tel. (217) 782-5819<br>*lbautista@atg.state.il.us* | */s/ R. Douglas Rees,* #6201825<br>Assistant Chief Deputy Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 12th Floor<br>Chicago, Illinois 60601<br>Tel. 312-814-3498<br>*rrees@atg.state.il.us* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 13, 2018, he electronically filed **DEFENDANTS' MEMORANDUM IN SUPPORT OF PROPOSED INJUNCTION ORDER** with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel of record:

| | |
|---|---|
| Harold Hirshman | harold.hirschman@dentons.com |
| Alan Mills | alanmills@comcast.net |
| Amanda Antholt | amanda@equipforequality.org |
| Andrew M. Ramage | aramage@bhslaw.com |
| Andy DeVooght | adevooght@loeb.com |

*/s/ R. Douglas Rees*
R. Douglas Rees #6201825
Assistant Chief Deputy Attorney General
100 W. Randolph, 12th Floor
Chicago, IL 60601
312-814-3498
*rrees@atg.state.il.us*