E-FILED
Tuesday, 13 November, 2018  03:58:42 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, et al., <br><br> Plaintiffs, <br> v. <br><br> DIRECTOR JOHN R. BALDWIN, et al., <br><br> Defendants. | No. 1:07-CV-1298-MMM-JEH <br><br> Hon. Michael M. Mihm |

**DEFENDANTS' PROPOSED INJUNCTION ORDER**

On October 30, 2018, the Court issued an order (ECF No. 2460) granting plaintiffs' motion for a permanent injunction (ECF No. 2112), giving defendants 14 days to submit their proposed actions to address the constitutional deficiencies identified in the Court's opinion, and giving plaintiffs 7 days to file a response to defendants' proposal.

Having reviewed the submissions of the parties with respect to the form of proposed relief, and pursuant to the Court's October 30, 2018 order, IT IS HEREBY ORDERED that, with respect to plaintiffs' claim under the Eighth Amendment alleging a failure to deliver adequate mental health services to mentally ill prisoners in the physical custody and control of the Illinois Department of Corrections (the "Department"), injunctive relief is ordered under the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(A), as follows:

  1. **Initial Mental Health Evaluations**: Initial mental health evaluations resulting from a referral for routine mental health services shall be timely completed based on information contained in the referral.

  2. **Individual Treatment Plans**: Each class member shall receive a mental health treatment plan that is (a) individualized, (b) prepared by either a psychiatric provider or mental health professional, (c) reviewed and approved within a reasonable period of time by appropriate

members of the treatment team (including at least a psychiatric provider and mental health professional), and (d) updated as clinically required.

    3.    **Mental Health Care For Prisoners On Crisis Watch**: Class members placed on crisis watch shall be offered at least the following care to the extent feasible allowing for appropriate operational discretion and flexibility:

    (a) daily contact and assessment by a mental health professional in a confidential setting;

    (b) consultation with a psychiatric provider as needed to evaluate the prisoner's treatment, level of care, and any necessary medications;

    (c) before discharge from crisis watch, a mental health professional or psychiatric provider, as clinically appropriate, shall review the prisoner's case to determine if the prisoner should be released from crisis watch and whether any changes should be made to the prisoner's course of treatment, level of care, or treatment plan;

    (d) post-discharge follow-up by appropriate mental health staff as clinically appropriate to assess for a risk of self-harm or harm to others.

    4.    **Mental Health Care For Prisoners In Segregation**: Class members placed into segregation status as defined in the Settlement Agreement shall be offered at least the following care to the extent feasible allowing for appropriate operational discretion and flexibility:

    (a) as soon as practicable after placement into segregation, a mental health professional shall assess the class member to establish a baseline against which any future decompensation can be measured;

    (b) a mental health professional shall review and recommend any clinically necessary modifications to the prisoner's individual treatment plan;

    (c) rounds by appropriate mental health staff, which may include behavioral health technicians;

    (d) class members in segregation for longer than 60 days shall be offered the opportunity to participate in structured and unstructured out-of-cell time each week unless clinically contraindicated;

(e) continued treatment by a mental health professional and/or psychiatric provider to the extent clinically indicated.

5. **Administration and Management of Psychotropic Medication**: Class members who are prescribed psychotropic medication shall be offered at least the following care to the extent feasible allowing for appropriate operational discretion and flexibility:

(a) assessment, monitoring, and follow-up by a psychiatric provider as, and at intervals, not to exceed established policy directives;

(b) clinically appropriate efforts to ascertain and test for potential side effects from medications and consultation with the patient concerning potential medication side effects and alternatives;

(c) reasonable efforts to ensure that prescribed medications are being timely delivered to and taken by the prisoner, including mouth checks.

6. **Mental Health Clinical Staffing**: The Department shall adopt a staffing plan and achieve a level of staffing that provides a sufficient number of mental health staff of varying types to provide class members with adequate and timely evaluations, treatment, and follow-up consistent with contemporary standards of care. The Department may use any reasonable means that it determines in its professional judgment to be appropriate to provide sufficient staffing.

7. Consistent with 18 U.S.C. § 3626(b)(a)(1)(A), the Court finds that the foregoing relief is narrowly drawn, extends no further than necessary to correct the violation of the Eighth Amendment rights of mentally ill prisoners in the custody of the Illinois Department of Corrections, and is the least intrusive means necessary to correct the violation of the federal rights of such prisoners.

8. The Court will retain jurisdiction over this matter to enforce the terms of this order.

9.	Consistent with 18 U.S.C. § 3626(b)(a)(A)(1), this injunction shall terminate in two years upon the motion of either party unless the Court finds that prospective relief is needed to correct an ongoing violation of a federal right.

Entered this ___ day of ____, 2018

*/s/ Michael M. Mihm*
U.S. District Court Judge
