IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, et al., <br><br> Plaintiffs, <br> v. <br> DIRECTOR JOHN R. BALDWIN, et al., <br><br> Defendants. | No. 1:07-CV-1298-MMM-JEH <br><br> Hon. Michael M. Mihm |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT
ON USE OF FORCE AND MOTION FOR DISCOVERY**

Plaintiffs, through class counsel, have moved the Court to set a discovery schedule "on the issue of the use of force," and have provided their version of what transpired during a December 17, 2018 conference call among the parties' counsel and the Monitor. (ECF 2517.) The Court should not set a discovery schedule related to use of force because that issue is not properly before the Court. The proper course is to allow the Department to investigate assertions of excessive force with the benefit of any corroborating information from the monitoring team. The Court should order the Monitor to turn over any and all notes and other information the monitoring team has related to their findings and conclusions expressed during their site visits or in their reports to the Court. The Department will then report on its compliance in its next quarterly report, as already ordered by the Court.

**Background**

The Third Amended Complaint seeks class-wide injunctive relief based on alleged failures to provide constitutionally adequate mental health care throughout the

IDOC system. (ECF 260.) Although the complaint contains one sentence alleging that "Staff often do not respond to prisoners' threats to harm themselves, and use unnecessary force on mentally ill prisoners" (*id.* ¶ 14), the complaint does not assert a separate claim or seek relief based on alleged excessive force.

The Settlement Agreement likewise contains just one sentence related to "use of force and verbal abuse," providing that "IDOC agrees to abide by Administrative Directives 05.01.173 and 03.02.108(B) and 20 Ill. Admin. Code 501.30." (ECF 711-1 § XXIV.)

- Administrative Directive 05.01.173 relates to use of force in *cell extractions* by authorizing the Department to use "force to extract an offender from a cell only as a last resort or when other means are unavailable or inadequate and only to the degree reasonably necessary to control the situation."

- Section 501.30 of the Administrative Code similarly provides, *inter alia*, that "[f]orce shall be employed only as a last resort or when other means are unavailable or inadequate, and only to the degree reasonably necessary to achieve a permitted purpose." 20 Ill. Admin. Code 501.30.

- Administrative Directive 03.02.108 relates to general standards of conduct, and provides that the Department "shall require employees to conduct themselves in a professional manner and, whether on duty or off duty, not engage in conduct that is unbecoming of a State employee or that may reflect unfavorably on or impair operations of the Department."

Notably, although both the Monitor and class counsel now cite various instances where prisoners have asserted that individual prison officials have allegedly used excessive force, neither plaintiffs nor the Monitor have asserted or shown that senior Department officials are systemically failing to follow or enforce Department policies regarding use of force. More importantly for purposes of federal jurisdiction, neither

plaintiffs (nor the Monitor) have asserted a *constitutional violation* based on alleged excessive force.

Without a justiciable case or controversy concerning excessive force, class counsel nevertheless now seek "a brief period of discovery to allow for a more systemic review of the use of [force] incidents, not predicated exclusively on Class Member's self-reports of violence." (ECF 2517 ¶ 13.) Not only is this request not justified by any existing excessive force claim, it also is not defined or limited in any meaningful way. Because *Rasho* involves class-wide injunctive relief related to mental health care throughout the IDOC system, individual prisoners are not precluded from asserting valid excessive force claims for damages they may have against individual officers. But absent a viable *official capacity claim* against Department officials seeking class-wide injunctive relief based on excessive force linked to alleged failures concerning mental health care, class counsel have no basis to use *Rasho* to fish for new claims related to excessive force.

Defendants want to make clear that despite the lack of a justiciable case or controversy concerning alleged excessive force, the Department takes any allegation of excessive force seriously and does not tolerate abuse of any prisoner, including class members. As the Department has pointed out in its quarterly reports, whenever class counsel or the Monitor have provided reports of alleged excessive force, the Department has taken immediate action to investigate those claims. (DX-55 at 35.)[1]

---

[1] For example, after the Monitor, during the December 17 call, provided the name of one individual officer accused of excessive force, the Department initiated an investigation and reassigned the officer.

The Department has also continually provided class counsel with requested information, including video evidence, pertaining to assertions raised by class members. And although the Monitor has provided *names* of certain prisoners alleging excessive force, the Monitor has refused to provide additional corroborating information he claims to have related to those allegations. The Monitor's refusal to provide purported corroborating information impedes the Department's ability to conduct a thorough investigation.

With respect to the information the Department has requested from the Monitor and his team, class counsel present a one-sided and misleading report of the December 17, 2018 call with the Monitor. The purpose of that call, as directed by the Court, was for counsel and the Monitor to discuss what underlying data the Monitor may have to support the findings contained in his reports, including his assertions with respect to use of force. The call followed multiple requests by the Department for the Monitor to provide underlying information supporting his findings and conclusions related to the Department's overall compliance with the Settlement Agreement. Despite the Settlement Agreement's requirement that the Monitor is to make recommendations "justified with supporting data," § XXVII(f)(iv), and help resolve areas of non-compliance "in the most expeditious and non-adversarial fashion possible," § XXVII(f)(iii), the Monitor has steadfastly refused the Department's requests for the monitoring team's underlying notes and other information pertaining to their findings or conclusions absent a court order.

During the December 17 call, defendants' counsel asked the Monitor if he has notes or other data that corroborate his findings and conclusions, including his contention that prisoners have provided "explicit details" of assaults by custody staff. (ECF 2493 at 93.) The Monitor represented that he has notes that provide additional corroborating information. Based on that representation, defendants' counsel asked if the Monitor would provide his notes and any other underlying information from the monitoring team related to their findings and conclusions. The Monitor refused, first citing a concern that he had not received a sufficient assurance of safety for those he believes have been the target of abuse. Defendants' counsel responding by providing the requested assurance, and reiterating the Department's commitment to restrict access to the notes to senior executive staff; Drs. Hinton, Puga, and Meeks; counsel; and necessary investigators. Defendants' counsel noted that the Monitor's notes would assist the Department with its efforts to investigate allegations of abuse. Defendants' counsel also confirmed that the Department has every incentive to avoid claims of retaliation. The Monitor responded by stating: "I don't believe a word you're saying."

The Monitor then asked for an assurance that the Department would not use his notes as part of an effort to have him removed as the Monitor. Defendants' counsel responded that the Department could not give that assurance, noting that the Court should be apprised if the Monitor's notes do not provide corroborating information. At the end of the 60-minute call, the Monitor provided the name of one staff member investigators could "start with," but he continued to refuse to provide any other

specific information. Despite the lack of more detailed information, the Department has reassigned that officer and has initiated an investigation.

During the call with the Monitor, class counsel pressed the Department to investigate allegations of excessive force and provide information to Internal Affairs, but without having the benefit of the monitoring team's corroborating notes. In their December 20 filing, however, class counsel now ask the Court to enter an order "allowing the Monitor to provide IDOC with information regarding reports of excessive force while also maintaining the confidentiality of his work product and communications of Class Members." (ECF 2517 at 9.) Their filing omits that the Department committed to protect the confidentiality of the Monitor's notes by limiting access as described above.

## Argument

**A. Issues Pertaining to Use of Force Are Not Properly Before the Court.**

The Court should deny plaintiffs' motion to set a discovery schedule related to use of force because that issue is not properly before the Court.

As a threshold issue, there is no ripe case or controversy before the Court pertaining to use of force. The doctrines of standing and ripeness limit the court's jurisdiction to concrete cases and controversies. A prisoner does not have standing to seek an injunction based on alleged excessive force without evidence that he or she was subject to excessive force and also faces "a realistic threat" that the challenged conduct is likely to recur against that prisoner in the near future. *Los Angeles v. Lyons*, 461 U.S. 95, 107 n.7 (1983). Courts likewise limit their jurisdiction to *ripe* cases or

controversies to avoid entangling themselves in abstract disagreements over administrative policies, and to protect agencies from judicial interference until an administrative decision is formalized and its effects are felt in a concrete way. *National Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807–08 (2003). Here there is no ripe claim before the court for injunctive relief based on misuse of force, and class counsel have not identified any class members with standing to obtain class-wide injunctive relief based on alleged excessive force. Accordingly, the Court should deny class counsel's motion to set a schedule for "discovery to allow for a more systemic review of use of [force] incidents." (ECF 2517 at 7, 9.)

**B. Class Counsel's Request for Discovery Is Not Defined or Limited.**

The Court also should deny class counsel's request to open discovery on the "issue of the use of force" because that request is not defined or limited in any meaningful way. Class counsel claim to be seeking "a brief period of discovery to allow for a more systemic review of the use of [force] incidents, not predicated exclusively on Class Member's self-reports of violence." (ECF 2517 ¶ 13.) They do not define what constitutes a "brief period" of discovery; they do not limit their request to class members; and they do not specify what particular discovery they intend to seek.

Class counsel claim to need discovery to "facilitate more meaningful progress toward resolution," but they also do not identify what *particular* issue is to be resolved. They refer to a "July 2, 2018" letter they contend initiated the dispute resolution process (ECF 2517 ¶ 9), but they appear to be referring to a letter from Mr. Hirshman dated June 29, 2018, which included only this reference to use of force: "**Section**

7

**XXIV**, Use of Force and Verbal Abuse – See Monitor's Report, pp. 94-103.)" That general reference to nine pages of the Monitor's Second Annual Report did not conform to the dispute resolution process in the Settlement Agreement, which provides that if "Plaintiffs believe that the Defendants are not in substantial compliance with any provision of this Settlement Agreement, Plaintiffs shall provide the Defendants, in writing, *specific reasons* why *they* believe the Defendants are not in substantial compliance with such provision or provisions, referencing the specific provision or provisions." (ECF 711-1 § XXIX(a), emphasis added.) Class counsel's letter did not specify any particular issue to address with respect to use of force through a meaningful dispute resolution process, and did not give "specific reasons" why they believe the Department is not in compliance with any of the use of force policies identified in the Settlement Agreement.

**C. The Court Should Order the Monitor to Provide His Notes and Any and All Other Information Related to his Findings and Conclusions.**

Consistent with the principles of monitoring expressed in the Settlement Agreement, the Court should order the Monitor to provide notes and any and all other information or data maintained by the monitoring team related to the findings and conclusions expressed in their site visits and reports to the Court.

Section XXVII(f) of the Settlement Agreement outlines "principles for monitoring," including the requirement for the Monitor to make recommendations "justified with supporting data," § XXVII(f)(iv), and to help resolve areas of non-compliance "in the most expeditious and non-adversarial fashion possible," § XXVII(f)(iii). Consistent with these provisions, the Department has made repeated

8

requests for the Monitor to provide additional detail related to the general findings and the conclusions expressed by the Monitor and his team members during site visits and in the Monitor's reports to the Court. The Monitor has refused all of those requests absent a court order.

As discussed above, during the call with the parties' counsel on December 17, 2018, the Monitor represented that he has notes that corroborate his findings, including the statements in his report concerning alleged excessive force. The Monitor nevertheless rejected the Department's request for those notes, expressing the need to ensure the safety of prisoners who have made reports to the monitoring team. Class counsel in turn cite the need for the Monitor to have "confidential interviews" with prisoners. (ECF 2517 ¶ 17.) While the Settlement Agreement allows the Monitor "to request private conversations with any party hereto and their counsel" (ECF 711-1 § XXVII(v)), it does not provide for allegations of misconduct to be kept "confidential." Nevertheless, to address the concern for confidentiality, the Department has committed to protecting the confidentiality of the Monitor's notes by limiting access to the Department's senior executive team (e.g., the Director and his direct reports); Drs. Hinton, Puga, and Meeks; counsel; and necessary investigators.

Although class counsel did not offer support for the Department's request during the December 17 conference call, their December 20 filing now asks the Court to enter an order "allowing the Monitor to provide IDOC with information regarding reports of excessive force while also maintaining the confidentiality of his work product and communications of Class Members." (ECF 2517 at 9.) The Court should enter that

order, although it should not be limited to generalized information related to claims of excessive force. The Court should order the Monitor to provide notes and any other information or data maintained by the monitoring team (not already provided by or to the Department) related to the findings and conclusions expressed in the monitoring team's site visits and reports to the Court.

## Conclusion

For these reasons, defendants request that the Court enter an order (a) denying plaintiffs' request to set a discovery schedule relating to the issue of use of force, and (b) ordering the Monitor to provide to the Department on a confidential basis any and all notes and other information maintained by the monitoring team (not already provided by or to the Department) related to the findings and conclusions expressed by the monitoring team during their site visits and in their reports to the Court. The order may also provide that access to information from the monitoring team related to alleged use of force shall be limited to the Department's senior executive team; Drs. Hinton, Puga, and Meeks; counsel; and necessary investigators.

January 3, 2019                     Respectfully submitted,

                                    Defendant JOHN R. BALDWIN, et al.

                                    By: LISA MADIGAN,
                                         Illinois Attorney General

                                    */s/ R. Douglas Rees, #6201825*
Laura Bautista                      Assistant Chief Deputy Attorney General
Office of the Attorney General      Office of the Illinois Attorney General
500 South Second Street             100 West Randolph Street, 12th Floor
Springfield, IL 62701               Chicago, Illinois 60601
Telephone: (217) 782-9075           Tel. 312-814-3498
*lbautista@atg.state.il.us*         *rrees@atg.state.il.us*


## CERTIFICATE OF SERVICE

The undersigned certifies that on January 3, 2019, he electronically filed **DFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT ON USE OF FORCE AND MOTION FOR DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel of record:

| | |
|---|---|
| Harold Hirshman | harold.hirschman@dentons.com |
| Alan Mills | alanmills@comcast.net |
| Amanda Antholt | amanda@equipforequality.org |
| Andrew M. Ramage | aramage@bhslaw.com |
| Andy DeVooght | adevooght@loeb.com |

                                    */s/ R. Douglas Rees*
                                    R. Douglas Rees #6201825
                                    Assistant Chief Deputy Attorney General
                                    100 W. Randolph, 12th Floor
                                    Chicago, IL 60601
                                    312-814-3498
                                    *rrees@atg.state.il.us*