IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, et al., | ) |
| | ) |
| Plaintiffs, | ) No. 1:07-CV-1298-MMM-JEH |
| | ) |
| v. | ) Judge Michael M. Mihm |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

## AGREED HIPPA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Parties agree to the entry of the following of a qualified protective order:

1. Counsel for Plaintiffs and Defendants and the Court Monitor are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to individuals incarcerated or previously incarcerated in IDOC's custody to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment

for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. Counsel for Plaintiffs and the Court monitor are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to individuals incarcerated or previously incarcerated in IDOC's custody so long as that information is relevant or related to one or more sections in the Corrected Second Amended Settlement Agreement (Settlement Agreement). Any disagreement regarding whether particular records are relevant or related to the Settlement Agreement will be resolved by the Court, which may, in its discretion, refer any such dispute to the Magistrate Judge for resolution.

4. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to individuals incarcerated or previously incarcerated in IDOC's custody to attorneys representing the Plaintiff Class and the Court Monitor.

5. Counsel and the Court Monitor shall be permitted to use or disclose the protected health information for purposes of this case including monitoring compliance with the settlement agreement and any order of the Court.

6. Counsel and the Court Monitor shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this case.

7. This Agreement does not control or limit the use of protected health information pertaining to any individual that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

Agreed as to Form and Substance:

| s/ Nicole Schult | s/Laura K. Bautista (with consent) |
|---|---|
| Counsel for the Plaintiffs | Counsel for Defendants |

IT IS SO ORDERED.

ENTERED this 23rd day of December, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge