IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ACTING DIRECTOR ROB JEFFREYS and DR. MELVIN HINTON, <br><br> Defendants. | No. 1:07-CV-1298-MMM-JEH <br><br> Hon. Michael M. Mihm |

## DEFENDANTS' OBJECTION TO UNSEALING THE MONITOR'S REPORT

On July 30, 2021, the monitor submitted his annual report concerning his assessment of the Department's compliance with the Court's permanent injunction order, which was later filed on August 3, 2021. ECF 3343. The report is currently under seal. On August 3, 2021, the Court entered a text order that same day notifying the parties that the report would be unsealed within seven days if no objections are filed. Defendants request the Court to keep the report under seal until at least September 30, 2021, to allow the Department to review the supporting data it requested from the monitor and inform the Court if the Department intends to object to the monitor's findings.

On August 3, 2021, based on the monitor's failure to provide supporting data simultaneously with his reports, the Department requested the monitor to provide data supporting the conclusions expressed in his July 2021 report (ECF 3343). On August 3, 2021, the monitor began sending materials supporting his report, and sent the remaining materials after business hours on August 6, 2021.[1] The Department has not had time to determine whether the monitor

---

[1] The Attorney General's Office was the victim of a ransomeware attack in April 2021, losing access to all of its computer systems, servers, and emails. Since then, the office has been working to recover its systems. On August 9, 2021, the Attorney General's Office restored its systems, including email. In order to do this, the Office removed access to the temporary email addresses setup for staff in April 2021. As a result, Dr. Stewart's August 6, 2021 emails were not received until August 9, 2021.

provided all of the supporting data supporting his report. Additionally, based on its reviews of other monitor reports, the Department has reason to question the accuracy of and basis for the monitor's conclusions. The Department requests that the report remain under seal at least until September 30, 2021, to allow the Department to report to the Court at the status hearing scheduled for October 20, 2021 whether it has received the requested data and whether it intends to raise any objections to the accuracy of the monitor's conclusions.

As part of its permanent injunction order, the Court appointed Dr. Stewart to "monitor the Defendants' compliance with this Order consistent with the monitor's existing duties and functions." ECF 2633 at 61. The Settlement Agreement requires the monitor's findings to be "justified with supporting data which shall be provided to IDOC." ECF 3047-2 at 21, § XXVII(f)(iv). This requirement was specifically added after the Department had to repeatedly request the Court's assistance to obtain the monitor's data.[2] More than a year ago, on August 4, 2020, the Department expressly asked the monitor to provide data simultaneously with his reports going forward. ECF 3248-1. While the monitor did provide supporting data, he has continued to do so only after prompting from the Department rather than when submitting his report.

The monitor also is required to "gather[ ] *appropriate* data and statistics." ECF 3047-2 at 21, § XXVII(f)(iii) (emphasis added). This includes reviewing "a *sufficient number* of pertinent documents . . . to *accurately* gauge *current* conditions." *Id*. at 22, § XXVII(m) (emphasis added). The Department's reviews of the monitor's previous reports, and the underlying data after the monitor finally provided it, has revealed the monitor is not adhering to these requirements. For

---

[2] The Court has at least four times ordered the monitor to provide the Department with any notes and data used form the conclusions expressed in his reports. *See* Aug. 1, 2018 Text Order; Aug. 10, 2018 Text Order; Dec. 13, 2019 Text Order; and Feb. 3, 2020 Text Order. The Department has also had to request more time to review the monitor's supporting documentation because of the lateness of the submission. ECF 3248 (the Department's objection to unsealing the monitor's report); Feb. 4, 2021 Text Order, directing that the monitor's report be kept under seal).

example, the monitor regularly relies on limited or incomplete data rather than more complete information the Department provides or makes available to the monitoring team. The result is that the monitor's reports do not accurately assess current conditions based on pertinent information available to the monitoring team. The monitor also routinely assesses compliance with the Court's order based on requirements from the Settlement Agreement that are not contained in the Court's order, and also based on undefined standards the monitor has unilaterally imposed to achieve his own subjective and idealized rating of substantial compliance. This approach violates the PLRA's requirement that any prospective relief must extend "no further than necessary" and be the "least intrusive means" to correct a violation of a federal right. 18 U.S.C. § 3626(a)(1)(A).

In the past, the monitor has also misleadingly given the Department ratings of "noncompliance," *see* ECF 3241 at 4–5, even where the Department's level of compliance meets or exceeds what the Court has ordered. For example, even where the Department reports that the State and Wexford have employed sufficient clinical staff to meet or exceed the numbers the Court ordered, the monitor has decided those numbers are "not sufficient to provide mental health treatment consistent with constitutional law." *Id*. at 8. But it is not the monitor's job to assess what qualifies as "consistent with constitutional law"; and in any event, his ratings in no way measure whether the Department's level of compliance, even if he believes it falls short, equates to the kind of criminal recklessness needed to sustain a finding of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1984); *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) ("negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense"). The Department has not had sufficient time to determine whether similar issues are present in the July 2021 report (ECF 3343) which would show that the monitor is not meeting his obligations in regards to monitoring the Court's permanent injunction order.

For these reasons, the Department requests the Court to keep the monitor's July 2021 report (ECF 3343) sealed until at least September 30, 2021, to allow the Department to report at the scheduled October 20 hearing if (a) the Department has received from the monitor all requested supporting data, and (b) the Department intends to raise any objections to the accuracy of the monitor's conclusions.

August 10, 2021

Respectfully submitted,

Defendant ROB JEFFREYS, et al.

By: KWAME RAOUL,
    Illinois Attorney General

*/s/ Laura K. Bautista*, #6289023

R. Douglas Rees
Isaac Freilich Jones
Office of the Illinois Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
Tel. 312-814-3000
*richard.rees@ilag.gov*
*isaac.freilichjones@ilag.gov*

Laura K. Bautista
Office of the Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-9075
*laura.bautista@ilag.gov*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ASHOOR RASHO, *et al.*,<br><br>                   Plaintiffs,<br>       v.<br><br>ACTING DIRECTOR ROB JEFFREYS and<br>DR. MELVIN HINTON,<br><br>                   Defendants. | No. 1:07-CV-1298-MMM-JEH<br><br>Hon. Michael M. Mihm |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 10, 2021, she caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel of record:

| | |
|---|---|
| Harold Hirshman | harold.hirschman@dentons.com |
| Alan Mills | alanmills@comcast.net |
| Amanda Antholt | amanda@equipforequality.org |
| Andrew M. Ramage | aramage@bhslaw.com |
| Andy DeVooght | adevooght@loeb.com |

*/s/ Laura K. Bautista*
Laura K. Bautista
Office of the Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-9075
Email: *laura.bautista@ilag.gov*