IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ASHOOR RASHO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:07-CV-1298-MMM-JEH |
| v. | ) | |
| | ) | Judge Michael M. Mihm |
| ROB JEFFREYS and DR. MELVIN HINTON, sued in their official capacities, | ) ) | |
| | ) | |
| Defendants. | ) | |

**THE DEPARTMENT'S OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND JURISDICTION OVER THE SETTLEMENT AGREEMENT**

Plaintiffs believe the Court may extend its jurisdiction over 40 terms of the Settlement Agreement based on an alleged lack of substantial compliance with those terms. Plaintiffs are incorrect. As the Seventh Circuit recognized, the "Settlement Agreement" in this case is a "consent decree" under the Prisoner Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(A) *et seq.* (the "PLRA"). *Rasho v. Jeffreys*, Nos. 19-1145, 19-1375 & 19-1978, 22 F.4th 703, 2022 U.S. App. LEXIS 967, *67 n.2 (7th Cir. Jan. 12, 2022), *petition for rehearing en banc filed*. Consequently, the Court cannot extend its jurisdiction over terms of the Settlement Agreement without finding that any term subject to extension "is narrowly drawn, extends no further than necessary to correct the violation of [a] Federal right, and is the least intrusive means necessary to correct the violation of [that] Federal right." 18 U.S.C. § 3626(a)(1)(A). An alleged failure to attain "substantial compliance" with terms of the Settlement Agreement cannot serve as a lawful basis for an extension of jurisdiction, even where the Settlement Agreement purports to provide for such an extension mechanism. Plaintiffs' decision to seek an extension of federal jurisdiction without providing a proper legal or factual basis invites legal error.

Because Plaintiffs base their motion to extend jurisdiction on the wrong standard, it should be denied as currently presented. Furthermore, the Court should not consider any new motion to extend its jurisdiction, and should not grant Plaintiffs' alternative request for an evidentiary hearing, unless and until Plaintiffs file a new motion that meets the PLRA standard and is supported by controlling authority as required with LR 7.1(B)(1). If Plaintiffs cannot meet this burden, the Court should deny their motion, and allow its jurisdiction to expire. In that event, the Settlement Agreement would not necessarily end. Instead, the parties could agree to continue to operate under the Settlement Agreement as a "private settlement agreement" pursuant to 18 U.S.C. § 3626(c)(2) and (g)(6), or reject the notion of a settlement altogether. In either case, Plaintiffs would retain the right to return to federal court, provided they have a good-faith basis to contend that Defendants are violating federal law. Under either option, like under § XXIX(g) of the Settlement Agreement now, any relief would need to comply with the PLRA, 18 U.S.C. § 3626(a)(1).

## BACKGROUND

The history of this case is well known. The parties finalized a class-wide "Amended Settlement Agreement" (as subsequently amended, the "Settlement Agreement") on May 9, 2016. ECF 711-1.[1] The "Settlement Agreement" sets forth in minute detail the Department's agreement with regard to its delivery of mental health services. Among other things, it specifies the Department's targets for providing new facilities, sets specific numbers for clinical and administrative staff, and imposes strict timelines for delivering a broad range of mental health services, including for initial mental health assessments and evaluations and for visits with a range

---

[1] The current version of the Settlement Agreement is at ECF 3051, Ex. 1.

of mental health providers, including qualified mental health professionals and psychiatric providers. *Id*.

On May 23, 2016, the Court approved the Settlement Agreement as fair and appropriate to the class. ECF 709 and 711-1. The Court did not, however, make the findings required under the PLRA that any of the relief subject to federal court enforcement "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" (the "PLRA Findings"). ECF 696, 711-1, 3051. Instead, the Agreement provided that the Court would not need to make such findings unless it later ruled on a motion to enforce the Agreement. ECF 711-1 § XXIX(g). The Court retained jurisdiction to enforce the Agreement until at least three years after its approval date, ECF 711-1 § XXIX(e). As discussed below, this retention of jurisdiction to enforce the Settlement Agreement makes it a consent decree.

On October 10, 2017, Plaintiffs filed a Motion to Enforce the Settlement Agreement, alleging the Department was not in substantial compliance with sections of the Settlement Agreement related to mental health staffing, crisis care, care for individuals in restrictive housing (segregation), medication management, initial evaluations, and treatment plans. ECF 1559 at 32, 39; ECF 1857 at 42. After lengthy hearings, the Court entered a permanent injunction on December 20, 2018, ECF 2516, which it later amended on April 23, 2019, ECF 2633. The Court found the Department was not in substantial compliance with the Settlement Agreement and ruled that its level of compliance amounted to deliberate indifference in violation of the Eighth Amendment. ECF 2633. Over Defendants' objection, the Court also entered injunctive relief that imposed on the Department highly specific compliance obligations as to staffing, crisis care, segregation, medication management, evaluations, and treatment plans that largely mirrored those in the Settlement Agreement. *Id*.

The Department filed an appeal, and on January 12, 2022, the Seventh Circuit reversed and vacated the permanent injunction, holding that the Court's finding of deliberate indifference was unsupported by the evidence and that its relief exceeded the limits permitted under the PLRA. *Rasho*, 2022 U.S. App. LEXIS 967. The Seventh Circuit also ruled that the Settlement Agreement is "a consent decree" for the purposes of the PLRA. *Id.* at *67 n.2.

On January 13, 2022, Plaintiffs moved to extend the Court's jurisdiction over the Settlement Agreement based on the Department's alleged lack of substantial compliance, as determined by the settlement monitor (the "Motion"). ECF 3484. On February 11, 2022, the Court entered an unopposed order extending its jurisdiction over 40 terms of the Settlement Agreement to July 22, 2022. ECF 3508.[2] Plaintiffs reserved their right to seek a hearing on their Motion without needing to refile it, and Defendants reserved their right to move to terminate the Court's jurisdiction or seek other relief.

Plaintiffs rely on § XXIX(e) of the Settlement Agreement, which purports to provide the Court with the discretion, but not the duty, to extend its jurisdiction over the Settlement Agreement based on a lack of substantial compliance. ECF 3047-2. Based on this provision, Plaintiffs ask the Court to extend its jurisdiction over 40 terms of the Settlement Agreement for up to two years because the Department has, in the judgment of the settlement monitor, "failed to substantially comply" with those terms. *Id*. at 2. Plaintiffs contend that the monitor's findings "should be dispositive." *Id.* at 3. As discussed below, most of the subsections of the Agreement that are the subject of Plaintiffs' Motion relate to issues that were previously litigated and addressed in the Seventh Circuit's *Rasho* opinion. Plaintiffs' motion should be denied.

---

[2] Previously, on March 10, 2021, the Court entered an order releasing its jurisdiction over 71 provisions of the Settlement Agreement based on the Department's substantial compliance, and extending its jurisdiction over the remaining terms through April 22, 2022. ECF 3266.

# ARGUMENT

I. **The PLRA Applies To Plaintiffs' Motion, And The Court May Not Extend Its Jurisdiction Over Any Term Of The Agreement Without Entering PLRA Findings.**

The PLRA recognizes two types of settlement agreements: consent decrees, which *must* conform to the PLRA's requirements; and private settlement agreements, which do not have to abide by the PLRA. 18 U.S.C. § 3626(c); *accord Ind. Prot. & Advocacy Servs. Comm'n v. Comm'r, Ind. Dep't of Corr.*, No. 1:08-cv-01317-TWP-MJD, 2016 U.S. Dist. LEXIS 38418, at *2 (S.D. Ind. Mar. 24, 2016). Under the PLRA, a "court shall not enter or approve a consent decree" or otherwise order "prospective relief" unless the court enters PLRA Findings. 18 U.S.C. § 3626(a)(1); 18 U.S.C. § 3626(c)(1); *Rasho*, 2022 U.S. App. LEXIS 967 at *3.[3] Courts have long recognized that this requirement of the PLRA "substantially limits courts' supervision over prisons by imposing significant restrictions on . . . maintaining prospective relief." *Green v. Peters*, No. 71 C 1403, 2002 U.S. Dist. LEXIS 11671, at *16–17 (N.D. Ill. June 27, 2002).

The Seventh Circuit has confirmed that "if an agreement is judicially enforceable—that is, if a violation means anything other than restarting the litigation on the merits—the agreement must be treated as a 'consent decree.'" *Doe v. Cook Cty.*, 798 F.3d 558, 563 (7th Cir. 2015). Based on this authority, the Seventh Circuit recognized that the Settlement Agreement in this case is a "consent decree" for the purposes of the PLRA. *Rasho*, 2022 U.S. App. LEXIS 967 at *67 n.2.

Because Plaintiffs are asking the Court to enter an order extending jurisdiction over a consent decree providing prospective relief, "the prospective-relief provisions of the PLRA apply

---

[3] The PLRA defines a consent decree as "relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements." 18 U.S.C. § 3626(g)(1). The PLRA further defines "relief" to mean "all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlement agreements." *Id.* § 3626(g)(9). By contrast, the PLRA defines a private settlement agreement as "an agreement entered into among the parties *that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled*." *Id.* § 3626(g)(6) (emphasis added).

to [the] motion to extend jurisdiction." *Hallett v. Morgan*, 296 F.3d 732, 743 (9th Cir. 2002). This Court therefore has no legal basis to extend its jurisdiction over the Settlement Agreement unless Plaintiffs prove that the terms subject to potential extension are "narrowly drawn, extend[] no further than necessary to correct the violation of [a] Federal right, and [are] the least intrusive means necessary to correct the violation of the Federal right." *Id*. Conversely, the alleged failure to attain substantial compliance with terms of the Settlement Agreement that exceed the minimum required under the PLRA is *not* a lawful basis for an extension of federal jurisdiction, even where the Settlement Agreement purports to provide for such an extension mechanism. *Id.*

In *Hallett*, the Ninth Circuit considered an appeal relating to a contested motion to extend federal jurisdiction over a prison conditions settlement agreement, much like the motion Plaintiffs present here. Like here, the district court in *Hallett* had "approved" a settlement that "resolved Plaintiffs' claims and required Defendants to implement a number of changes in the Prison's health care policies." 296 F.3d at 738–39. And like here, the *Hallett* settlement required, *inter alia*, specific mental health professional staffing levels, changes to use of force policies as applied to prisoners with mental illness, reform to segregation of prisoners with mental illness, and reform to medication management procedures. *Id.* at 744–49.

Also like here, the settlement agreement in *Hallett* had "a procedure for extending the court's jurisdiction beyond" the anticipated termination date. 296 F.3d at 739. Specifically, the *Hallett* settlement provided that the plaintiffs could seek an extension of the court's jurisdiction over "the areas in which [*Hallett* plaintiffs] allege Defendants have not substantially complied with the conditions of" the settlement. *Id.* at 740. Consistent with that provision, the *Hallett* plaintiffs moved to extend the settlement based on an alleged failure to achieve substantial compliance with certain terms of the *Hallett* settlement. *Id.* at 732. The *Hallett* district court rejected the motion to extend, holding "that the prospective-relief provisions of the PLRA applied to Plaintiffs' motion

6

to extend jurisdiction," and "that Plaintiffs failed to demonstrate a 'current and ongoing violation' of their constitutional rights." *Id.* at 742.

The *Hallett* plaintiffs appealed, and the Ninth Circuit affirmed. Agreeing with the district court's ruling and reasoning, the court held that a motion to extend jurisdiction over a settlement agreement subject to the PLRA (*i.e.*, a consent decree) may be granted *only* if a plaintiff proves an ongoing violation of a federal right, and also establishes that the terms of the agreement subject to extension are "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [are] the least intrusive means necessary to correct the violation of the Federal right." *Hallett*, 296 F.3d at 742. The Ninth Circuit confirmed that the *Hallett* settlement properly "expired by its own terms" because plaintiffs failed to prove "that the Prison's mental health and dental services violated the Eighth Amendment." *Id.* at 744.

*Hallett* was rightly decided, is supported by the plain text and intent of the PLRA, and is consistent with precedent in this circuit. As the PLRA itself makes clear, PLRA Findings are required any time a court either (1) enters or approves a "consent decree" (18 U.S.C. § 3626(c)(1)) or (2) otherwise orders "prospective relief" (18 U.S.C. § 3626(a)(1)), defined as "all relief other than compensatory monetary damages" (18 U.S.C. § 3626(g)(9)). Entering an order extending federal court jurisdiction over the Settlement Agreement, which the Seventh Circuit has recognized is "a consent decree" (*Rasho*, 2022 U.S. App. LEXIS 967 at *67 n.2), plainly falls into both of these categories. Moreover, requiring PLRA Findings as a prerequisite to extending federal jurisdiction is consistent with the PLRA's purpose of placing "significant restrictions on . . . maintaining prospective relief." *See Green*, 2002 U.S. Dist. LEXIS 11671 at *16–17.

Plaintiffs' requested extension of jurisdiction cannot be characterized as mere "implementation" or "enforcement" not requiring new PLRA findings. *See Doe*, 798 F.3d at 564. Quite the opposite—for the reasons described above, any extension of jurisdiction would constitute

7

substantive prospective relief for the purposes of the PLRA. And in any event, a federal court cannot "enforce" or "implement" a consent decree without first confirming that the agreement being "enforced" *itself* complies with the PLRA. *See Doe*, 798 F.3d at 564–65 (in order to confirm an "enforcement" order's compliance with the PLRA, a court examines the PLRA compliance of the underlying settlement agreement). If the agreement being enforced lacks proper PLRA Findings, new findings are necessary for "enforcement" to proceed. *Id.* Here, with no PLRA Findings as to the terms of the Settlement Agreement, the Court cannot extend its jurisdiction under the guise of a motion to enforce those terms. *See Doe*, 798 F.3d at 564–65 (rejecting theory that "enforcement" did not require new PLRA Findings because the "judge did not . . . make any of the findings that § 3626 requires" with respect to the underlying settlement agreement).[4] Thus, whether viewed as new relief or enforcement of prior relief, the Motion cannot be granted unless Plaintiffs first satisfy their burden of showing the PLRA Findings can be entered to remedy a new federal violation, a burden they cannot meet.

## II.   Plaintiffs' Motion To Extend Is Insufficient as a Matter of Law And Must Be Denied.

Plaintiffs ask the Court to extend its jurisdiction for up to two years based solely on the monitor's findings. ECF 3484 at 2–3. Because Plaintiffs' Motion fails to address the proper standard for an extension of jurisdiction under the PLRA, it must be denied. At the outset, Plaintiffs do not present any facts suggesting, let alone showing, any ongoing violations of federal rights, as required by the PLRA. ECF 3484. Plaintiffs' Motion also does not demonstrate that the specific terms at issue in their Motion are "narrowly drawn, extend[] no further than necessary to correct

---

[4] Whether the Department has previously opposed or consented to previous motions to extend the Settlement Agreement is of no moment—as the Seventh Circuit has now made clear, the Settlement Agreement is a consent decree subject to the limitations of the PLRA, and "what a court cannot do by final order in a contested case it also cannot do by the parties' consent." *Doe*, 798 F.3d at 563.

the violation of the Federal right, and [are] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Instead, Plaintiffs base their Motion entirely on their allegation that the Department is not in substantial compliance with the Settlement Agreement. ECF 3484 at 2–3. Plaintiffs rely solely on "the Monitor's findings," which they say "should be dispositive" as to the propriety of an extension of the Court's jurisdiction. *Id.* at 3. Plaintiffs are wrong. As the monitor himself testified under oath, his reports do not address the Eighth Amendment, or the applicable PLRA standard. Instead, the monitor's reports focus solely on the extent to which the monitor believes the Department is in substantial compliance with the Settlement Agreement:

> [T]he Settlement Agreement is the basis of my reports to the Court. And the Settlement Agreement says that the Department will do these certain activities. And if they're not doing them, they're not doing them. And that's what I report on.

Feb. 1, 2022 Testimony of Dr. Pablo Stewart, ECF 3509 at 105. Far from being "dispositive," the monitor's testimony demonstrates that his reports and findings do not address the legal and factual predicates needed to justify continued federal jurisdiction.

Plaintiffs' failure to address and meet the required PLRA standard is fatal to their Motion. Faced with a similarly deficient motion in an earlier prison conditions case, then-Chief Judge McCuskey of this District went further than simply denying the requested relief—he struck the motion entirely. *Orr v. Elyea*, 08-CV-2232, 2009 U.S. Dist. LEXIS 14517, at *8 (C.D. Ill. Feb. 25, 2009). The plaintiffs in that case sought injunctive relief based on alleged deliberate indifference. *Id.* at *4–5. As in this case, the plaintiffs in *Orr* failed to provide a memorandum of law "that include[d] any citation to supporting legal authority" and also failed to address how their request satisfied the relevant legal standard set by the PLRA. *Id.* at *5–8. Judge McCuskey therefore struck the plaintiffs' motion. Plaintiffs' Motion here is similarly deficient, and should be denied or stricken.

9

**III.     Plaintiffs' Request For An Evidentiary Hearing On Their *Current* Motion To Extend Must Be Denied.**

Plaintiffs alternatively ask the Court to hold a hearing "to determine Defendants' compliance with the remaining Settlement terms" if the Court deems such a hearing is necessary. ECF 3484 at 3. The Court should also deny this request. As described above, whether the Department is in "compliance" with the Settlement Agreement is not the standard for deciding a motion to extend jurisdiction over a consent decree subject to the PLRA, and a hearing as Plaintiffs request would not address the applicable standard.

If the Court is inclined to schedule and hold a hearing, it should not do so until Plaintiffs have first filed a proper motion addressing the proper standard for an extension of federal jurisdiction. Any such motion should (1) comply with Local Rule 7.1; (2) address the PLRA standard; (3) identify (with supporting authority) which terms of the Settlement Agreement subject to extension, if any, they contend are "narrowly drawn, extend[] no further than necessary to correct the violation of [a] Federal right, and [are] the least intrusive means necessary to correct the violation of [that] Federal right"; and (4) present a *prima facie* case that the Department's current compliance with any such term violates a federal right.

The Department's objection to Plaintiffs' current Motion is not merely academic. The Seventh Circuit has observed that courts should hold "evidentiary hearings *only when necessary to resolve material disputes of fact*." *Nat'l Paint & Coatings Ass'n v. City of Chi.*, 45 F.3d 1124, 1127 (7th Cir. 1995) (emphasis added). Absent a filing from Plaintiffs that sets forth a *prima facie* case based on binding precedent, neither the Court nor the Department can determine what material facts are actually disputed, and what settlement terms should be appropriately addressed at an evidentiary hearing. And unless Plaintiffs clarify the basis on which they are seeking an extension of federal jurisdiction, the Department will be denied its right to contest Plaintiffs' motion in a

meaningful manner. *Cf. Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) (holding that due process requires the opportunity for a meaningful hearing appropriate to the nature of the case).

## IV. Plaintiffs' Motion To Extend Jurisdiction Over Terms Addressed By The *Rasho* Decision Should Be Denied As A Matter Of Law.

Even if Plaintiffs file a new motion to extend jurisdiction, their request to extend the Court's jurisdiction over the settlement terms relating to (1) staffing, (2) crisis care, (3) segregation, (4) medication management, (5) evaluations, and (6) treatment plans should be denied as a matter of law. Most of the 40 subsections of the Agreement raised in Plaintiffs' Motion relate to these issues. ECF 3484-1. In its *Rasho* decision, the Seventh Circuit held that with respect to each of these issues, this Court erroneously "imposed specific benchmarks lifted from the settlement" that failed to comply with the requirements of the PLRA. *Rasho*, 2022 U.S. App. LEXIS 967 at *22. "This degree of specificity," the Seventh Circuit held, "contravenes the PLRA's least-intrusive-means requirement" and constituted "an independent reversible error." *Id.* at *19, *23.

Ignoring this holding, Plaintiffs seek to extend federal jurisdiction over terms that impose the same, or even stricter, requirements the Seventh Circuit already found to exceed any constitutional minimum. For example, Plaintiffs seek to extend the Court's jurisdiction over §§ IX(a), (b), and (f) of the Settlement Agreement, requiring the Department to hire specific numbers of staff at specific locations as called for in IDOC's 2014 Remedial Staffing Plan. *See* ECF 3483-1 at 2. But the Seventh Circuit has already held that these provisions exceed the constitutional minimum:

> The judge imposed specific benchmarks lifted from the settlement and IDOC's 2014 Remedial Staffing Plan without evidence that those plans matched the constitutional floor. In fact, the Staffing Plan explicitly stated that it set staffing at levels sufficient to *exceed* the constitutional minimum. Nor did the judge impose staffing targets in a manner that [left] much to [IDOC's] discretion; instead, he

11

> prescribed the exact numbers, types, and duties of IDOC personnel. That can hardly be the least intrusive means of correcting a constitutional violation.

*Rasho*, 2022 U.S. App. LEXIS 967, at *22–23 (internal citations and quotation marks omitted).

As another example, Plaintiffs move to extend the Court's jurisdiction over 12 subsections of § XV of Settlement Agreement that impose specific deadlines to provide specific types of care for individuals in restrictive housing (segregation). *See* ECF 3483-1 at 2. But the Seventh Circuit has already rejected such relief because it exceeds the minimum allowed under the PLRA. *Rasho*, 2022 U.S. App. LEXIS 967 at *20 (holding that such specific provisions "may be a valuable way of preventing the deterioration of a segregated inmate's mental health, but the Eighth Amendment does not require the most effective solution."). They also seek to extend the Court's jurisdiction over § X(d), pertaining to RTU out-of-cell time, which they should withdraw in light of the Court's pending ruling on that issue.[5]

These are not isolated examples, and the Seventh Circuit's ruling applies to all Settlement Agreement provisions cited in Plaintiffs' Motion that impose specific benchmarks, including those relating to staffing,[6] crisis care,[7] segregation,[8] medication,[9] evaluations,[10] and treatment plans.[11] The Seventh Circuit has already ruled that overly specific requirements related to these subjects

---

[5] The recent preliminary injunction hearing illustrates Defendants' point. Plaintiffs' motion initially focused mainly on alleged violations of § X(d) of the Settlement Agreement concerning specified hours of out-of-cell time. *See* ECF 3417 at 1 ("*At issue here is the Settlement Agreement's minimum requirements of 10 hours of structured and 10 hours of unstructured out-of-cell time in the RTUs.*") After the Seventh Circuit's ruling, Plaintiffs pivoted to focus more appropriately on whether the Department's delivery of RTU care amounts to a federal violation, apart from the specific requirements in the Settlement Agreement.

[6] *Compare* ECF 3484-1 *with* Settlement Agreement, ECF 3051, Ex. 1, §§ IX(a); IX(b); IX(f); XI(c).

[7] *Id*. §§ VIII(b)(i); X(f).

[8] *Id*. §§ XV(a)(ii); XV(a)(iii); XV(a)(iv); XV(a)(v); XV(a)(vi) (first); XV(a)(vi) (second); XV(c)(i); XV(c)(ii); XV(c)(iii); XV(c)(iv); XV(d); XV(e).

[9] *Id*. §§ XII(b); XII(c)(i); XII(c)(iv); XII(c)(vi); XIII.

[10] *Id*. §§ V(a); V(d); V(f); V(g).

[11] *Id*. §§ VII(a); VII(b); VII(c); VII(d).

"lifted from the Settlement Agreement" exceed the prospective relief allowed under the PLRA. *Rasho*, 2022 U.S. App. LEXIS 967 at *22. Unless Plaintiffs show *new and current violations* of federal law that can be remedied by relief that meets the PLRA standard, the Court should deny as a matter of law any motion Plaintiffs file seeking to extend jurisdiction over issues that have already been litigated and decided.

V.     **The Court Should Exercise Its Discretion To Deny The Motion To Extend.**

Finally, there is no need for the Court to extend its enforcement jurisdiction, because even if the Court does not extend its jurisdiction, Plaintiffs can return to federal court to seek relief for any new violation of federal law.

If the Court's jurisdiction ends, the parties can decide whether to agree to continue to operate under the Settlement Agreement as a "private settlement agreement" under 18 U.S.C. § 3626(c)(2) and (g)(6), or reject the notion of a settlement altogether. In either case, Plaintiffs would retain the right to return to federal court if they have a good-faith basis to contend that Defendants are violating federal law. Under either option, like under § XXIX(g) of the Settlement Agreement now, any relief would need to comply with the PLRA, 18 U.S.C. § 3626(a)(1).

Any future proceedings, however, would have to recognize that the circumstances in this case have changed materially since Mr. Rasho first filed this case in 2007, and since the Court approved the Settlement Agreement in 2016. Since then, the Department has built an entirely new mental health delivery system. The Department has in place residential treatment units, behavioral health units, an inpatient facility, and is opening an entirely new inpatient facility. The Department also now employs hundreds of personnel dedicated to providing mental health services at facilities across the State of Illinois.

The Department has also developed and implemented administrative directives and a Standard Operating Procedures Manual for Mental Health that detail the policies and procedures

13

for delivering mental health services throughout the Department. The Department's policies and procedures meet or exceed the accreditation standards issued by the American Correctional Association and National Commission of Correctional Health Care. The Department's policies and procedures also incorporate the specific requirements imposed under the Settlement Agreement that were not designed to achieve a mere constitutional minimum. And to ensure these policies and procedures are followed, the Department has developed and implemented comprehensive internal and external audit procedures to assess compliance with the policies and procedures specified in the SOP Manual, the Settlement Agreement, and the Court's order. Where the audits identify the need for corrective action, the Department implements corrective action plans to ensure that shortcomings are addressed and corrected.

This is not the record of a department guilty of deliberate indifference to the needs of mentally ill individuals in its care. Quite the contrary—it is the record of a department committed to effective care that exceeds the constitutional minimum required under the PLRA. Consistent with the PLRA and controlling case law, it is time for the Court's jurisdiction over the Settlement Agreement to end. The *Rasho* Settlement Agreement has "outlived its usefulness" as a consent decree. *Cf. All. to End Repression v. City of Chi.*, 356 F.3d 767, 774 (7th Cir. 2004) (recognizing an obsolete consent decree should be ended).

## CONCLUSION

For all of these reasons, Plaintiffs' motion to extend the Court's jurisdiction over the Settlement Agreement and their request for an evidentiary hearing on their *current* motion should be denied as legally and factually insufficient. If the Court allows Plaintiffs to file a new motion to extend, the Court should require that any such motion must:

- Comply with Local Rule 7.1;

- Specifically address the standard of decision under the PLRA;

- Identify (with supporting authority) which terms of the Settlement Agreement to be extended, if any, are narrowly drawn, extend no further than necessary to correct an ongoing violation of a federal right, and are the least intrusive means necessary to correct an ongoing violation of the federal right; and

- Present a *prima facie* case that the Department's current compliance with any such term constitutes an ongoing violation of a federal right.

| | |
|---|---|
| March 10, 2022 | Respectfully submitted, |
| | |
| R. Douglas Rees | Defendants ROB JEFFREYS and DR. MELVIN |
| Isaac Freilich Jones | HINTON, in their official capacities |
| Office of the Illinois Attorney General | |
| 100 West Randolph Street, 12th Floor | By: KWAME RAOUL, |
| Chicago, Illinois 60601 | Illinois Attorney General |
| Tel. 312-814-3000 | |
| *richard.rees@illinois.gov* | */s/ R. Douglas Rees*, #6201825 |
| *isaac.freilichjones@ilag.gov* | Deputy Attorney General, Civil Litigation |

Laura K. Bautista
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-9075
*laura.bautista@illinois.gov*

# CERTIFICATE OF SERVICE

The undersigned further certifies that on March 10, 2022, he electronically filed the foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND JURISDICTION OVER THE SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/Dkt. system.

> */s/ R. Douglas Rees*
> R. Douglas Rees #6201825
> Assistant Chief Deputy Attorney General
> 100 W. Randolph, 12th Floor
> Chicago, IL 60601
> 312-814-3498
> *richard.rees@ilag.gov*

15