# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| **ASHOOR RASHO**, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-1298 |
| | ) | |
| **ROGER E. WALKER**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case is a class action brought under 42 U.S.C § 1983 alleging violations of the Eighth Amendment of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs challenge the adequacy of the delivery of mental health services to mentally ill prisoners in the physical custody and control of the Illinois Department of Corrections ("IDOC" or "Department"). The parties had entered into a Settlement Agreement in 2015 that purported to allow the Court to retain jurisdiction to enforce the Agreement in limited circumstances.

Plaintiffs have now filed a Motion to Extend Jurisdiction over that Settlement Agreement, arguing that the Court should extend jurisdiction pursuant to the terms of the Agreement because Defendants are not in substantial compliance with the Agreement. ECF No. 3484.

Defendants argue that the Agreement is actually a consent decree under the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"). Accordingly, Defendants argue that before the Court can enter the requested relief, it must first make a finding that the terms of the settlement are narrowly drawn and extend no further than necessary to correct the violation of a federal right

and are "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626 (a)(1)(A).

This case has turned into a legal mess, caused in part by this Court's lack of due diligence to ensure that what the parties agreed to in the Settlement Agreement of 2015 was indeed a private settlement agreement, and not a consent decree. At that point in time, the Court believes everyone was acting in good faith and committed to the goal of resolving the litigation in a way which would be most beneficial to the critical needs of the seriously mentally inmates of the IDOC. At the time of the Settlement Agreement, the Plaintiffs had been pushing for a consent decree, but defense counsel made it abundantly and painfully clear that the defense could not agree to a consent decree because of the position of the political leaders who would have to agree to same. So, the Settlement Agreement was negotiated by the parties and approved by the Court. The details surrounding the negotiation and the legal history following the approval of the 2015 Settlement Agreement are described in detail below. The Court also explains why the terms of the Agreement compel the Court to find that it is a consent decree, and Plaintiffs' Motion to Extend Jurisdiction must therefore be denied.

## BACKGROUND

This case has been ongoing since 2007 but facts most relevant to the present motion began on December 17, 2015 when the parties announced they entered into the above-cited Settlement Agreement. *See* Text Order dated 12/172015; ECF No. 711-1. This agreement was the result of years of negotiations. Notice of the Settlement Agreement was given to the class and the Court held a fairness hearing on May 13, 2016. Minute Entry dated 5/13/2016. The Court found the Settlement Agreement to be fair, reasonable, and adequate over the objections filed by class members. *Id.* The Settlement Agreement was subsequently replaced by a Corrected Second

Amended Settlement Agreement. ECF No. 3051. No party asked the Court to enter, and the Court did not enter any PLRA Findings that the terms of the Settlement Agreement are narrowly drawn and the least intrusive means necessary to correct an ongoing violation of federal rights. *See* ECF Nos. 696, 711-1, 3051. At the time, the parties viewed the agreement as a private settlement agreement that did not qualify as a consent decree. ECF No. 2729 at 12; 35–36; 84.

On October 10, 2017, Plaintiffs filed a Motion to Enforce the Settlement Agreement, alleging the Defendants were not in substantial compliance with several sections of the Settlement Agreement. ECF No. 1559. After lengthy hearings, the Court entered a permanent injunction on December 20, 2018 (ECF No. 2516) which it later amended on April 23, 2019. ECF 2633. The Court found the Department was not in substantial compliance with certain sections of the Settlement Agreement, which amounted to deliberate indifference in violation of the Eighth Amendment. ECF 2633. The Court entered an injunction outlining certain staffing and other measurable standards that Defendants needed to meet. *See* ECF No. 2633. Defendants filed an appeal, and on January 12, 2022, the Seventh Circuit reversed and vacated the permanent injunction, holding that Defendants had made reasonable efforts to mitigate the harm and thus, could not be found deliberately indifferent to the risk of harm associated with inadequate mental health care. *Rasho v. Jeffreys*, 22 F.4th 703, 706 (7th Cir. 2022) *reh'g en banc denied* 2022 U.S. App. LEXIS 11169 (7th Cir. Apr. 25, 2022). The Seventh Circuit also observed that the Settlement Agreement is most accurately described as "a consent decree" for the purposes of the PLRA. *Id.* at 707, n.2.[1] Until that moment, defense counsel had always taken the position before this Court that the Agreement was a private settlement agreement.

---

[1] The Seventh Circuit stated that the "distinction is irrelevant for our purposes," confirming that the observation is dicta. *Rasho*, 22 F. 4th at 707, n.2. Dicta is not binding on a subsequent court. *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) (citing *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998)). However, the legal standard for determining whether an agreement is a consent decree is found in *Doe v. Cook County*, 798 F.3d 558, 562–63 (7th

On January 13, 2022, Plaintiffs filed their motion to extend the Court's jurisdiction over the remaining provisions[2] of the Settlement Agreement based on the monitor's findings that the Department had not yet achieved substantial compliance with those provisions. ECF No. 3484 (the "Motion"). In support of their Motion, Plaintiffs rely on § XXIX(e) of the Settlement Agreement, which states that the Court may extend its jurisdiction over the Settlement Agreement based on a lack of substantial compliance. ECF No. 3047-2 at 24. Plaintiffs ask the Court to grant their extension motion as to the remaining terms of the Settlement Agreement for up to two years because according to the settlement monitor, Defendants have "failed to substantially comply" with those terms. ECF No. 3484 at 2. Plaintiffs contend the monitor's findings "should be dispositive." *Id*. at 3. Defendants filed a response opposing the Motion, arguing that the Settlement Agreement legally operates as a PLRA consent decree and that the Court cannot extend its jurisdiction without finding that any term subject to extension "is narrowly drawn, extends no further than necessary to correct the violation of [a] Federal right, and is the least intrusive means necessary to correct the violation of [that] Federal right." ECF No. 3537.

The Court held oral argument on May 4, 2022, where the Court ruled that "the Settlement Agreement is a Consent Decree." Minute Entry dated 5/4/2022. The Court ordered the parties to submit Findings of Fact and Conclusions of Law, which the parties submitted on May 18, 2022. However, on June 2, 2022, the parties requested that the Court withhold ruling on the motion while they attempted to renegotiate their agreement. ECF No. 3580. After approximately six weeks of negotiations, Defendants requested the Court enter an opinion. Accordingly, this opinion follows.

---

Cir. 2015), which is cited later in this opinion. While the Seventh Circuit observation helps to inform this decision, it does not serve as the primary legal guidance, as the law in this area is already settled in the Seventh Circuit.

[2] Pursuant to the parties' agreement, at different times, the Court has found the Department in substantial compliance with certain sections of the Settlement Agreement and therefore terminated its jurisdiction as to those terms. ECF Nos. 3266; 3263-1; 3263-2. 3508.

## DISCUSSION

**A. The Parties' Settlement Agreement Operates as a Consent Decree**

Under the PLRA, a settlement agreement can operate as either a "private settlement agreement" or a "consent decree," but not both. *See* 18 U.S.C. § 3626(c)(1), (g)(1), (g)(6). The Seventh Circuit has explained that if the settlement agreement providing for reforms to prison conditions "is judicially enforceable—that is, if a violation means anything other than restarting the litigation on the merits—the agreement must be treated as a consent decree" under 18 U.S.C. § 3626. *Rasho*, 22 F.4th at 707 n.2 (citing *Doe v. Cook County*, 798 F.3d 558, 562–63 (7th Cir. 2015)). In other words, if a court reserves "jurisdiction to enforce the settlement's terms," then the settlement is "a 'consent decree' as defined in § 3626(g)(1), as opposed to a 'private settlement agreement' under § 3626(g)(6)." *Doe*, 798 F.3d at 565. For a settlement to qualify as a "private settlement agreement" the terms of the settlement may not be "subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled," except "in State court [under] any remedy available under State law." 18 U.S.C. § 3626(c)(2).

Pursuant to the Settlement Agreement, the Court retained jurisdiction to enforce the terms of the Agreement in several ways other than restarting the litigation on the merits. The Settlement Agreement authorizes the Court to modify the terms of the Settlement Agreement on the motion of a party, even over another party's objection. ECF No. 3047-2 at 25 ("If mediation is not successful, then appropriate relief may be sought from the Court in the form of a motion for modification."). The Settlement Agreement further authorizes the Court to reject proposed modifications agreed to by both parties. *Id.* (requiring the parties to "seek Court approval of the modification" proposed by the Defendants, even if Plaintiffs agree to that modification). The Settlement Agreement also grants the Court authority to approve or deny requests to dismiss the

monitor, whether such requests are made by a single party, or jointly by both parties. *Id.* at 22. The Settlement Agreement gives the Court authority to approve or deny certain motions Plaintiffs may file to "abrogate" the Settlement Agreement, except for the provisions of the Settlement Agreement that bar the Court from entering orders of contempt to enforce the terms of the Settlement Agreement (which may never be abrogated). *Id*. at 24. The Court is authorized to resolve disputes between the parties relating to the invocation of the contract defense of *force majeure*. *Id*. at 24–25. All of these provisions provide Plaintiffs with avenues to relief in federal court without requiring them to seek relief in state court or restart the litigation on the merits. Accordingly, this demonstrates how the Settlement Agreement operates as a consent decree as defined in § 3626(g)(1) rather than as a "private settlement agreement" under § 3626(g)(6).

Since the Settlement Agreement was signed, the Court has exercised ongoing authority over settlement terms at Plaintiffs' request in several ways. The Court entered preliminary and permanent injunctions enforcing settlement terms after concluding that the violation of those terms also resulted in a violation of federal rights. *See, e.g.*, ECF 2070, 2633. The Court entered an order granting Plaintiffs' motion to require Defendants to compensate the monitor for time spent preparing for the hearing on Plaintiffs' motion for a preliminary injunction. Text Order dated 01/25/2022. The Court resolved a dispute between the parties relating to the invocation of *force majeure* by Defendants. Minute Entry dated 3/1/2021. These examples did not involve the reinstatement of proceedings, further supporting Defendants' argument that the Settlement Agreement has operated as a consent decree for the purposes of the PLRA.

Despite the parties' apparent intention to enter a private settlement agreement, the Settlement Agreement provides the Court with more authority to enforce and manage the agreement than the PLRA standard that the only remedies for a violation of a private settlement

6

agreement is reinstatement of civil proceedings or for the party to seek relief under state law in state court. 18 U.S.C. § 3626(c)(2). If the parties were able to simply contract around the PLRA requirements, this statutory scheme would be effectively gutted. The Seventh Circuit has observed that part of the "overarching objectives" of the PLRA is to "limit judicial intervention in the management of state and federal prisons." *Smith v. Zachary*, 225 F.3d 446, 449 (7th Cir. 2001) (quoted in *McCoy v. Gilbert*, 270 F.3d 503, 509 (7th Cir. 2001)). Despite the apparent mutual mistake as to the legal effect of the agreement, the Court simply cannot ignore the PLRA and enforce the terms of the settlement as written. *See Doe*, 798 F.3d at 563 ("what a court cannot do by final order in a contested case it also cannot do by the parties' consent").

### B. Plaintiffs' Extension Motion Cannot Be Granted Absent PLRA Findings

The PLRA defines prospective relief as "all relief other than compensatory damages." 18 USC § 3626(g)(7). In a "civil action with respect to prison conditions" the court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C.A. § 3626(a)(1)(A). Moreover, "[i]f prospective relief under an existing injunction does not satisfy these standards, a defendant or intervenor is entitled to "'immediate termination' of that relief." *Miller v. French*, 530 U.S. 327, 331 (2000) (citing 18 U.S.C. § 3626(b)(2)). Accordingly, the Court cannot extend any form of prospective relief without the necessary PLRA findings.

Plaintiffs do not directly dispute Defendants' assertion that the Settlement Agreement is a form of "prospective relief" under PLRA. Indeed, the definition that prospective relief includes all relief other than compensatory damages, leaves little room for such an argument. The Settlement Agreement requires that Defendants take many actions in regard to prison administrative and

7

therefore, the Settlement Agreement is a form of "prospective relief." The obligations imposed under the Agreement thus, can "extend no further" than the Court can justify through the entry of valid PLRA Findings as required by 18 U.S.C. § 3626(a)(1)(A).

Even though the Settlement Agreement purports to authorize an extension of jurisdiction based solely on an alleged lack of substantial compliance, PLRA still limits the Court's authority to enter relief. In *Doe*, the Seventh Circuit made clear that an order to enforce a prison conditions settlement must include new PLRA Findings if the underlying settlement agreement being enforced does not already contain proper PLRA Findings. *Doe*, 798 F.3d at 562–63. If the agreement being enforced lacks proper PLRA Findings, new findings are necessary for "enforcement" to proceed. *Id.* (rejecting notion that "enforcement" did not require new PLRA Findings because the "judge did not . . . make any of the findings that § 3626 requires" with respect to the underlying settlement agreement). Here, with no PLRA Findings as to the terms of the Settlement Agreement, the Court cannot extend its jurisdiction under the guise of a motion to enforce those terms. Indeed, the Seventh Circuit (which observed that the Settlement Agreement operates as a consent decree) has already ruled in this case that both the PLRA and the terms of the Settlement Agreement require that any Court enforcement of the Settlement Agreement must be supported by a new round of valid PLRA Findings. *E.g., Rasho*, 22 F.4th at 707 (recognizing that the Settlement Agreement "effectively prohibits judicial enforcement unless IDOC's noncompliance causes an Eighth Amendment violation.").

Plaintiffs' Motion does not address the PLRA standard. Instead, Plaintiffs base their Motion on their allegation that the Department is not in substantial compliance with certain terms of the Settlement Agreement. ECF No. 3484 at 2–3. Plaintiffs rely solely on "the Monitor's findings," but as the monitor testified, the Settlement Agreement is the basis of his report. ECF

8

No. 3509 at 105. Accordingly, the monitor's reports do not necessarily reflect whether the Department is violating the Eighth Amendment or if the PLRA findings are satisfied. Moreover, even if Plaintiffs did file a motion addressing the PLRA standard, the Seventh Circuit has already ruled that the substantive requirements of the Settlement Agreement go beyond the constitutional minimum, and therefore transgress the limitations on prospective relief under the PLRA. *Rasho*, 22 F.4th at 713 (ruling that "benchmarks lifted from the settlement" exceed the limits on remedial relief required by the PLRA). Accordingly, the Court is compelled to deny Plaintiffs' Motion as they do nothing to persuade the Court that the PLRA findings are met, particularly in light of the recent Seventh Circuit case. *See id*.

### C. The Court is Otherwise Persuaded that Extending Jurisdiction is not Appropriate

The parties' Agreement also does not require that the Court extend its jurisdiction due to a finding that Defendants are not in compliance with certain portions of the Agreement. ECF No. 3051 at 30. Instead, it states that the Court's jurisdiction "shall terminate" with respect to any provisions for which the Court has found Defendants are in substantial compliance. *Id*. The Court's jurisdiction "may be extended by the court for periods of time not more than two years from any finding of violation" for those provisions where the Court has not made a finding of substantial compliance. *Id*. The language of the Agreement is clear that the Court extending jurisdiction is optional. Given the recent Seventh Circuit opinion and the Court's agreement with Defendants that the Agreement must be construed as a consent decree, the Court would otherwise exercise its discretion to decline to extend jurisdiction over this agreement.

### D. Plaintiffs' Motions for Contempt are Moot

Plaintiffs previously filed several motions requesting that the Court hold Defendants in contempt for violating the Injunction that the Court entered in April 2019. Plaintiffs particularly

focused on Defendants' failure to meet certain staffing requirements and other benchmarks. Plaintiffs filed their first Motion for contempt November 15, 2019, (ECF No. 2790), they filed a Renewed Motion July 10, 2020 (ECF No. 3078) and filed a second renewed motion on October 23, 2020. (ECF No. 3176).

The Court stayed ruling on these motions until after the Seventh Circuit had the opportunity to review the case. As mentioned above, the Seventh Circuit ultimately reversed this Court's order and vacated the injunction, finding IDOC officials took reasonable steps to cure the deficiencies identified by the plaintiffs,' which undermined a finding of deliberate indifference. *Rasho*, 22 F.4th at 706. Since the Seventh Circuit's decision, Plaintiffs have suggested at various hearings that the Court could still grant those motion. They suggest that the Court's finding that the agreement is a consent decree would allow the Court to enter a contempt order for any violations and thus, the motions should be granted on that basis.

Plaintiffs filed the contempt motions related to an injunction that the Seventh Circuit clearly vacated. Plaintiffs' offer no authority for their argument that the Court can now still grant those motions for contempt for violating an Injunction that the Seventh Circuit vacated. Plaintiffs have also not formally moved the Court to otherwise construe the motions, and the Court has explained that while this agreement qualifies as a consent decree, it cannot be enforced against Defendants because the Court did not make the necessary PLRA findings. Accordingly, the Court is persuaded that it is time to deny these motions as moot following the Seventh Circuit vacating the Court's injunction.

**E. The Court Appropriately Considered Plaintiffs' Motion for Preliminary Injunction**

The Court also recently entered an order denying Plaintiffs' Motion for Preliminary Injunction. ECF No. 3581. On October 19, 2021, Plaintiffs filed a Motion for Preliminary

10

Injunction due to Defendants' continued failure to provide adequate out of cell time to class members. ECF No. 3417. Between February 1, 2022, and February 4, 2022, the parties presented testimony and evidence regarding the Motion for Preliminary Injunction and the Court heard Closing Arguments on February 23, 2022. On March 3, 2022, after the Seventh Circuit ordered Defendants to respond to Plaintiffs request that the Seventh Circuit rehear the *Rasho v. Jeffreys* case *en banc*, Plaintiffs requested the Court reserve ruling until after the Seventh Circuit decided whether to rehear the case, which the Court granted. Minute Entry dated 03/14/2022. The Seventh Circuit denied that request on April 25, 2022. After Defendants raised the issue of the Agreement qualifying as a consent decree, Plaintiffs argued that if the Court found that the Agreement was a consent decree, it should decide the motion for preliminary injunction as though it were a motion for contempt where a violation of the consent decree alone is sufficient to support a finding of contempt. ECF No. 3562 at 59.

      While the Court is compelled to find that the Agreement operates as a consent decree, the Court does not agree with Plaintiffs that it is therefore appropriate to find Defendants in contempt of that Agreement. As explained above, the Court never made the findings that the PLRA statute requires before entering prospective relief. Moreover, Defendants are entitled to ask for the agreement to terminate a consent decree immediately if the Court did not make the appropriate findings. *See* 18 U.S.C. § 3626(b)(2)). Plaintiffs argue that it unfair to them for the Court to find that the agreement operates as a consent decree and deprive them of the ability to extend the agreement, while also refusing to find Defendants in contempt of that decree. Plaintiffs' point is well-taken but part of PLRA's purpose is to thwart plaintiffs' ability to seek a federal court's intervention in the operation of state prisons. *See e.g. Smith*, 225 F.3d at 449. The Court is limited by the text of the statute despite Plaintiffs' complaints of unfairness.

Since the parties agreed to temporarily extend the Court's jurisdiction (ECF No. 3508), the Court found it was still appropriate to resolve the Plaintiffs' Motion for Preliminary Injunction pursuant to the standards found in the agreement that was in place. Moreover, the Seventh Circuit resolved the parties' dispute regarding the appropriateness of this Court's injunction order despite its observation that the agreement was a consent decree. *See*, *Rasho*, 22 F. 4th at 707. The Seventh Circuit did not attempt to invalidate the agreement or otherwise suggest that it was improper for it to consider whether the injunction was properly entered despite this Court not making any PLRA findings before the entry of the consent decree. Defendants also did not raise the issue that the Agreement is a consent decree at the time of the hearing on the Motion for Preliminary Injunction and participated in the hearing as though the Agreement functioned as a private settlement agreement. Defendants have also not asked the Court to immediately terminate the agreement.

## CONCLUSION

As explained above, it is ORDERED that Plaintiffs' Motion to Extend Jurisdiction of Settlement Agreement [3484] is DENIED.

It is further ORDERED that Plaintiffs' Motions for Contempt [2790]; [3078] and [3176] are DENIED as moot. Defendants' Motion to Strike Plaintiffs' Second Renewed Motion for Contempt [3194] is also DENIED as moot.

This case is returned to the active docket for scheduling.

ENTERED this 21st day of July, 2022.

                                        /s/ Michael M. Mihm
                                        Michael M. Mihm
                                      United States District Judge