E-FILED
Friday, 30 September, 2022 02:59:19 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ASHOOR RASHO, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>DIRECTOR ROB JEFFREYS *et al.*,<br><br>        Defendants. | No. 1:07-CV-1298-MMM-JEH<br><br>Hon. Michael M. Mihm |

## MOTION FOR ENTRY OF CERTIFICATION OF APPEALABILITY
## PURSUANT TO FED. R. CIV. P. 54(b)

On September 13, 2022, the Court finally and fully resolved the last issue arising out of the Court's now-vacated 2019 permanent injunction order—whether Plaintiffs' counsel can retain a $1.9 million payment that was contractually predicated on the Court's entry of the permanent injunction even though the Seventh Circuit fully vacated that order. The Court determined that Plaintiffs' counsel is entitled to retain these funds, ruling that (a) Defendants contractually waived any right to reclaim the payment; and (b) contractual language in the 2016 Settlement Agreement[1] allows Plaintiffs' counsel to keep the disputed payment based on the entry of the Court's 2019 permanent injunction, even if that permanent injunction was later vacated in its entirety by the Seventh Circuit.

Defendants respectfully request the Court to enter an order pursuant to Fed. R. Civ. P. 54(b) allowing for immediate appeal and review of the Court's September 13, 2022 Opinion and Order, ECF 3629 (the "Fee Order"). Rule 54(b) certification is appropriate here because the Fee Order

---

[1] While the Court and the parties have referred to this document as a "Settlement Agreement," the Court has ruled that it legally qualifies as "a consent decree." *Rasho v. Walker*, 2022 U.S. Dist. LEXIS 129805, at *5 (C.D. Ill. July 21, 2022). Defendants, however, refer to this consent decree as a "Settlement Agreement" for consistency and for the purposes of this motion. *See*, *e.g.*, *Rasho v. Walker*, 2022 U.S. Dist. LEXIS 98579, at *4 n.1 (C.D. Ill. June 2, 2022) ("The Court will describe this as the 'Settlement Agreement' for the purposes of this motion.").

qualifies as a final judgment that fully resolved Plaintiffs' counsel's claim to the $1.9 million payment. Moreover, the Fee Order is premised on an analysis of a series of contracts signed between 2016 and 2020, and therefore concerns facts that are distinct from those that will be at issue as this matter proceeds to a final trial on the merits. Finally, there is no just reason to delay appeal of this issue, which has already been litigated in the trial court for more than four years, and is the last issue remaining out of the now-terminated 2016 Settlement Agreement.

## BACKGROUND

The Court and parties are familiar with the procedural background relevant to this motion.[2] On July 27, 2022, Defendants filed a Motion For Determination That Plaintiffs Are Not Entitled To Fees And Costs Related To The Vacated Permanent Injunction, And For Order Requiring Repayment (the "Fee Motion"). ECF 3601. Defendants sought the return of $2,773,002.75 in fees and costs awarded following the entry of the Court's 2019 permanent injunction order, which the Seventh Circuit vacated in its entirety on January 13, 2022. Defendants argued that the vacatur of the permanent injunction by the Seventh Circuit removed the predicate necessary for Plaintiffs to retain all previously allowed fees and costs, and that Plaintiffs were obligated to return all of those funds. *Id.* On August 9, 2022, Plaintiffs filed their opposition, ECF 3610, and on August 19, 2022, Defendants filed their reply, ECF 3616. On August 22, 2022, Plaintiffs filed a motion for leave to file a proposed sur-reply instanter. ECF 3619. On August 24, 2022 the Court heard argument and entered a minute entry confirming its intent "to grant-in-part and deny-in-part Defendants' Motion for Order Requiring Repayment of Attorneys Fees with the $1.9 million remaining with the

---

[2] This history is detailed in Defendants' Fee Motion. ECF 3601 at 1–5.

2

Plaintiffs and the remaining funds to be returned to Defendants. That decision will be final upon entry of the Courts written order." Minute Entry dated August 24, 2022.

On September 13, 2022, the Court entered its written Fee Order granting in part and denying in part Defendants' Fee Motion. ECF 3629. The Court ruled that the vacatur of the permanent injunction meant that Plaintiffs are no longer prevailing parties, and that Plaintiffs are therefore required to return $873,002.75 in fees previously awarded pursuant to 42 U.S.C. § 1988. *Id.* at 7–8. But the Court rejected Defendants' request for the return of the $1.9 million payment, reasoning that (a) Defendants had contractually waived any right to reclaim these funds; and (b) under contractual language contained in the 2016 Settlement Agreement, the entry of the Court's 2019 permanent injunction standing alone entitles Plaintiffs' counsel to keep the $1.9 million payment even though that order was later vacated in its entirety by the Seventh Circuit. *Id.* at 5–7. The Court also granted Plaintiffs' motion for leave to file a sur-reply. *Id.* at 9.

**LEGAL STANDARD**

Under the Fed. R. Civ. P. 54(b), a Court may certify an order for immediate appeal prior to the entry of final judgment as to all pending claims under specified circumstances. The Supreme Court construes Rule 54(b) to require a two-step analysis. "A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* A motion for certification under Fed. R. Civ. P. 54(b) is timely if filed within 30 days of the entry of the order to be certified. *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017).

## ARGUMENT

### I. The Fee Order Is A "Final Judgment" For The Purposes Of Rule 54(b).

An order may be certified as a "final judgment" under Fed. R. Civ. P. 54(b) if either of two circumstances exist: (a) if it "disposes finally of a claim against one party to the suit" (*Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986)); or (b) if it resolves a claim that is "separate from the claim or claims remaining for decision in the district court . . . in the sense of involving different facts" (*Ty, Inc. v. Publ'ns Int'l*, 292 F.3d 512, 515 (7th Cir. 2002)). *See also Scott v. Midwest, Ltd.*, 944 F. Supp. 699, 701 (C.D. Ill. 1996) ("An entry of judgment under Rule 54(b) requires a final judgment in the sense that it completely disposes of a separate claim for relief or finally resolves all claims against a particular party."). The Fee Order meets both of these tests, each of which provides a separate and independent basis justifying recognition that the Fee Order is a final judgment under Rule 54(b).

### A. The Fee Order Is Final Because It Disposes Of All Claims Involving Plaintiffs' Counsel.

The Fee Order is final because it disposes of all claims against a party—Plaintiffs' counsel. Because the $1.9 million award has already been distributed to Plaintiffs' counsel, the dispute regarding the return of that award lies between Defendants and Plaintiffs' counsel—not between Defendants and the Plaintiff Class. *See Dale M. v. Bd. of Educ.*, 282 F.3d 984, 985 (7th Cir. 2002) (rejecting argument that counsel "was not a party to her clients' suit" for the purposes of motion seeking return of previously distributed fees).[3] Plaintiffs' counsel thus qualify as a "party" to the

---

[3] The Seventh Circuit has observed that "[s]ome disputes between a litigant and . . . his opponent's lawyer . . . are within the federal courts' ancillary jurisdiction" even if counsel are not themselves named in a complaint. *See Shapo v. Engle*, 463 F.3d 641, 644 (7th Cir. 2006). In particular, "[w]hen a lawyer lays claim to a portion of the kitty, he becomes a real party in interest . . . . We do not see why a person who has received money by order of the district court at the expense of a party must be named as a party in order for the party harmed by the order to be able to appeal." *Reynolds v. Ben. Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002). Recognizing this principle, in *Dale M. v. Bd.*

action for the purposes of the dispute over the $1.9 million fee award. *Id.* Moreover, this is the only dispute in this matter arising between Defendants and Plaintiffs' counsel; all other disputes still before the Court lie between Defendants and the Plaintiff Class itself. *Compare* ECF 3641 ¶¶ 1, 63–96 (pleading causes of action by Plaintiff class members against Defendants) *with* ECF 3629 at 5 (resolving dispute between "non-profit Plaintiffs' counsel" and Defendants). The resolution of this fee dispute therefore "disposes finally of a claim against one party." *Nat'l Metalcrafters*, 784 F.2d at 821. "Having resolved all the claims against one party, the court [is] permitted to certify that judgment for immediate appeal." *Cooper Power Sys. v. Union Carbide Chems. & Plastics Co.*, 123 F.3d 675, 678 n.1 (7th Cir. 1997).

### B. The Fee Order Is Final Because It "Involve[s] Different Facts" From All Claims Remaining In This Action.

As a second and independent basis for Rule 54(b) certification, the Fee Order also qualifies as "final" because the dispute over the return of the $1.9 million involves "different facts" from the issues remaining before the Court. *See Ty*, 292 F.3d at 515. "The factual analysis depends not on whether there are any facts in common between the adjudicated and the unadjudicated claim, but rather whether the factual issues 'at the heart of' the claims are sufficiently distinct." *Prudential Ins. Co. v. Curt Bullock Builders, Inc.*, 626 F. Supp. 159, 169 (N.D. Ill. 1985).

Here, the factual issues "at the heart of" the Fee Order are completely distinct from those remaining before the Court. The Fee Order finally resolved the last issue remaining before the Court arising out of the 2016 Settlement Agreement and the 2019 permanent injunction orders. *See* ECF 3597 (summarizing history of case, resolving all pending motions relating to 2016

---

*of Educ.* the Seventh Circuit considered a plaintiffs' counsel's argument that the dispute between *Dale M.* defendants and counsel had not been properly before the trial or appellate court because "[s]he was not a party to her clients' suit." 282 F.3d at 985. The Seventh Circuit rejected counsel's position, writing "this is clearly wrong." *Id.*

Settlement Agreement, and terminating jurisdiction over 2016 Settlement Agreement). Moreover, the basis for the portion of the Fee Order addressing the status of the $1.9 million award was the Court's analysis of a series of three contracts and/or letters: (a) the 2016 Settlement Agreement, ECF 711-1; (b) the January 2020 agreement regarding escrow and payment of fees, ECF 3601-1; and (c) the February 2020 letter from IDOC counsel to Plaintiffs' counsel, ECF 3601-2. ECF 3629 at 5–7. By contrast, the issues remaining in this case now that it has been returned to the trial docket concern alleged ongoing violations of federal law in IDOC facilities, issues completely distinct from the proper construction of the 2016 Settlement Agreement and the letters and agreements between Plaintiffs' counsel and Defendants.

## II. There Is No Just Reason For Delay Of An Appeal.

The Seventh Circuit has "no precise test . . . for determining whether there is a just reason to delay the entry of judgment." *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980). Instead, "the standard against which a district court's exercise of discretion is to be judged is the 'interest of sound judicial administration.'" *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). Factors the court should take into consideration can include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

Rule 54(b) certification may be appropriate "when economic considerations are paramount. A party with a right to a money judgment ought to be able to collect it, unless there is a sound reason for delay." *Prudential Ins. Co*, 626 F. Supp. at 168. The mere possibility that a future order might "offset" a monetary payment is not sufficient to establish just reason for delay. *See Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1064–66 (7th Cir. 1987). If the district

court concludes that there is no just reason for delay, it must make a specific finding to that effect, and should state the reasons for that determination as "an aid to the appellate court." *Bank of Lincolnwood*, 622 F.2d at 948.

Here, there are at least five reasons why there is no just reason for delay of an appeal of the Fee Order:

*First*, as discussed above, the Fee Order concerns facts distinct from those that will remain at issue in the trial court. Thus, the Fee Order is appropriate for appeal because it addresses claims that are "separable from the others remaining to be adjudicated." *Curtiss-Wright*, 446 U.S. at 8.

*Second*, as also discussed above, the Fee Order concerns a contract dispute arising out of the 2016 Settlement Agreement, and letters and agreements between Plaintiffs' counsel and Defendants. Conversely, the issues that will be addressed at trial relate to alleged violations of the Eighth Amendment, the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. The issues that would be presented in any future appeal following a trial on the merits are therefore distinct from the issues that would be appealed now, and it is clear that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

*Third*, the issue of the $1.9 million fee award has been litigated in this Court for more than four years, and a final resolution of the issue has now been reached. Further delay, until a final trial on the merits is held, would serve no purpose, a factor that favors immediate appeal. *Bank of Lincolnwood*, 622 F.2d at 949 (court may consider "miscellaneous factors such as delay").

*Fourth*, there is no possibility that the need for review might be mooted by future developments in the district court, a factor that also weighs in favor of immediate appeal. *See Bank of Lincolnwood*, 622 F.2d at 949 (court may consider "the possibility that the need for review

7

might or might not be mooted by future developments in the district court"). The Fee Order revolves around the vacated permanent injunction and the now-terminated 2016 Settlement Agreement. Conversely, the Court's determination of the merits will consider whether the Department's current practices, policies, and procedures are sufficient to comply with federal law.

*Fifth*, Plaintiffs' counsel raised concerns about the solvency of two non-profits that have received taxpayer funds during oral argument on August 24, 2022, and the Court took Plaintiffs' counsel's nonprofit status into account in the Fee Order. The potential insolvency of two parties holding taxpayer funds weighs strongly in favor of immediate appeal. *Bank of Lincolnwood*, 622 F.2d at 949 (court may consider "miscellaneous factors such as . . . solvency considerations").

## CONCLUSION

For these reasons, Defendants respectfully request the Court to certify the Fee Order for immediate appeal pursuant to Rule 54(b), after entering a finding that there is no just reason to delay the entry of judgment because:

- The Fee Order concerns facts distinct from those that will remain at issue in the trial court.

- The issues that would be presented in any future appeal following a trial on the merits are distinct from the issues that would be appealed now, and it is clear that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

- The issue of the $1.9 million fee award has been litigated in this Court for more than four years, and further delay would serve no purpose.

- There is no possibility that the need for review might be mooted by future developments in the district court.

- Plaintiffs' counsel raised concerns about the solvency of two non-profits that have received taxpayer funds, creating a need for immediate appeal.

Dated: September 30, 2022                  Respectfully submitted,

                                           Defendant ROB JEFFREYS, et al.

                                           By: KWAME RAOUL,
                                               Illinois Attorney General

                                           */s/ R. Douglas Rees*, #6201825
Laura Bautista                             Deputy Attorney General, Civil Litigation
Office of the Attorney General             Office of the Illinois Attorney General
500 South Second Street                    100 West Randolph Street, 12th Floor
Springfield, IL 62701                      Chicago, Illinois 60601
Tel.: (217) 782-9075                       Tel. 312-814-3000
*laura.bautista@ilag.gov*                  *richard.rees@ilag.gov*

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that on September 30, 2022, he caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                                                 */s/ R. Douglas Rees*
                                                 Deputy Attorney General, Civil Litigation
                                                 Office of the Illinois Attorney General
                                                 100 West Randolph Street, 12th Floor
                                                 Chicago, Illinois 60601
                                                 Tel. 312-814-3000
                                                 *richard.rees@ilag.gov*