UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07-1298 |
| | ) |
| DIRECTOR ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Clarification. ECF No. 3637. To the extent Plaintiffs seek clarification, the motion is granted, and the motion is denied in all other aspects, as explained below.

On September 13, 2022, the Court entered an order granting in part and denying in part Defendants' Motion for recovery of fees. ECF No. 3629. The Court will not restate the entire opinion here, but it found that Plaintiffs could keep a $1.9 million fee that had already been distributed to class counsel and was governed by the parties' agreement. As to a $873,002.75 fee, the Court found that Plaintiffs had to return that money, which remained in escrow. The Court initially awarded that fee under 42 U.S.C. § 1988 after the Court entered a permanent injunction in favor of Plaintiffs. Defendants appealed that permanent injunction, and the Seventh Circuit overturned this Court's opinion and vacated the injunction. *Rasho v. Jeffreys*, 22 F.4th 703, 714 (7th Cir. 2022). While the appeal was pending, the parties came to an agreement that the $873,002.75 would remain in escrow and "[i]n the event the appeal results in a ruling that plaintiffs are not prevailing parties or otherwise not entitled to the fees and costs" Plaintiffs were to return the payment. ECF No. 3601-1 at 2. The Court found that the plaintiffs were not the prevailing

1

party on appeal under 42 U.S.C. § 1988 and had to return the $873,002.75 pursuant to this agreement.

Plaintiffs now argue that the Court did not directly respond to their argument regarding the preliminary injunction and state that they may wish to file a motion seeking "adjudication of their prevailing party status and entitlement to fees on the preliminary injunction at a later date." ECF No. 3637 at 1. To be clear, the Court did not wish to signal that it would adjudicate this issue on a later date. Instead, the Court thought it was clear that the parties came to an agreement while the appeal was pending that the money would be returned if the appeal resulted in a ruling that Plaintiffs' were not prevailing parties. The Seventh Circuit opinion was a clear and complete rejection of Plaintiffs' position and this Court's ruling. The Court is not persuaded by Plaintiffs current argument that the preliminary injunction motivated Defendants to take action that "mooted the need for permanent relief at that time." The Court does not believe that is relevant because Plaintiffs acknowledge that Defendants "chose not to appeal [the preliminary injunction] order." ECF No. 3610 at 2. Accordingly, "the appeal" that the parties were waiting for the Seventh Circuit to resolve while the funds sat in escrow was only about the permanent injunction. The parties were waiting to see whether Plaintiffs prevailed on appeal and if they did not, they had to return the funds. The Court further observes that Plaintiff did not consider the need for permanent relief "moot" throughout the briefing on the permanent injunction and subsequent appeal.

Moreover, the Court would not otherwise exercise its discretion to distribute those funds. 42 U.S.C. § 1988 allows a court "in its discretion" to award reasonable attorneys' fees in certain actions. After such a decisive loss in the Seventh Circuit, the Court would not award Plaintiffs' attorneys' fees for the preliminary injunction that preceded the permanent injunction. Whether the Court accepts or rejects the Defendants theory that the preliminary injunction merged with the

permanent injunction, the Court must accept the decision from the Seventh Circuit that found that this Court exceeded its authority and Defendants' efforts at that time were sufficient to avoid a finding of a Constitutional violation. The preliminary injunction was based on a similar premise as the permanent injunction and the Court could not find it appropriate to award funds for Counsel's work on that matter. Whether attorneys' fees may be appropriate for future work is an issue the Court will consider when it arises.

Accordingly, Plaintiffs' Motion for Clarification [3637] is GRANTED to the extent the Court has clarified its position and DENIED in all other respects.

ENTERED this 30th day of September, 2022.

                                           /s/ Michael M. Mihm
                                                 Michael M. Mihm
                                            United States District Judge