UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-1298 |
| ) | |
| DIRECTOR ROB JEFFREYS, *et al*., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Entry of Certification of Appealability Pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 3643. For the reasons stated below, this motion is denied.

**BACKGROUND**

This case has a long history dating back many years that need not be repeated here. Relevant to this motion, is that on December 20, 2018, this Court ordered Defendants to pay $1.9 million in attorneys' fees pursuant to the parties' Settlement Agreement. On January 12, 2022, the Seventh Circuit issued an opinion vacating an injunction that the Court entered around the same time as the fee order.[1] On July 27, 2022 Defendants filed a motion requesting that the Court direct Plaintiffs to return that $1.9 million, arguing that because the injunction was reversed, the $1.9 million fee must be returned. The Court denied that portion of the motion, finding that written agreements from 2020 resolved the parties' dispute and did not require repayment of the fee. ECF No. 3629. Defendants seek a final judgement from the Court under Rule 54(b) in order to appeal that decision.

---

[1] The Seventh Circuit did not issue the mandate returning the case to the district court until May 3, 2022. ECF No. 3560.

1

**LEGAL STANDARD**

"The general rule is that 'appellate review must await final judgment.'" *Groves v. United States*, 941 F.3d 315, 319 (7th Cir. 2019) (quoting *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 716 (2019). Federal Rule of Civil Procedure 54(b) allows a district court "dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980).

The Seventh Circuit has cautioned that "Rule 54(b) does not give district judges carte blanche to make interlocutory orders final and therefore appealable." *Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994). The Seventh Circuit has further explained that "[t]he Rule 54(b) procedure, if misused, can generate needless or duplicative appeals." *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 948 (7th Cir. 1980). District courts have a great deal of discretion in determining whether it is appropriate to certify an order for appeal, and there is no precise test but "the standard against which a district court's exercise of discretion is to be judged is the interest of sound judicial administration." *Id*. at 949

**DISCUSSION**

The general rule is that parties must wait until final judgment to appeal a case. The Seventh Circuit has also confirmed that "Rule 54(b) allows the entry of judgment only with respect to the final disposition of a claim for relief. Attorneys' fees are not a separate claim for relief." *People Who Care v. Rockford Bd. of Educ. Dist. No. 205*, 921 F.2d 132, 134 (7th Cir. 1991) (citing *Mulay Plastics, Inc. v. Grand Trunk Western R.R.*, 742 F.2d 369, 371 (7th Cir.1984)). Despite this clear statement, Defendants still argue that the fee order is final, involves different facts from the issues remaining, and that there is no reason to delay certifying this issue for appeal. The Court disagrees

that the facts are entirely distinct from the remaining issues and further observes that the various cases Defendants cite in support of their position confirm that the issue of whether to certify a matter for appeal is left largely within the discretion of the district court. As explained below, Defendants have not presented a compelling reason for this matter to be resolved now and an appeal at this point could serve as an unnecessary drain on court and party resources.

Defendants repeatedly cite *Bank of Lincolnwood*, to support their position that a 54(b) final judgment is appropriate here. *Bank of Lincolnwood*, 622 F.2d at 947. There, the defendant admitted both liability and the amount of liability as to one of the counts. *Id*. Accordingly, the court granted the plaintiffs' motion for judgment on the pleadings as to that issue and also certified the issue for appeal. *Id*. The defendant opposed the 54(b)-certification complaining that the integrated nature of the transaction weighed against executing upon the judgement and that there were other reasons to delay entry of final judgment. *Id*. The Seventh Circuit declined to disturb the lower court's decision to enter a 54(b)-judgment stating, "although the circumstances identified by [the defendant] might justify the district court's exercise of discretion to delay entry of final judgment, we cannot say that the trial judge abused his discretion in declining to give them substantial weight." *Id*. at 950. The Seventh Circuit continued this was "particularly so" since the liability was uncontested and delaying entry of judgment might prevent the winning party's ability to collect. *Id*. at 951.

The Seventh Circuit wrote a nuanced opinion that did not necessarily endorse the district court's decision to enter a final judgment under 54(b), but simply stated that it could not find that the district court abused its discretion. Here, the circumstances are sufficiently different in that the parties do not agree on liability and Defendants have not presented a compelling case that delay might prejudice their ability to collect. Despite Defendants claiming they are worried plaintiffs'

3

counsel might be "insolvent," they have not presented any argument or evidence that plaintiffs' counsel's financial situation would worsen between now and entry of final judgment. Accordingly, unlike *Bank of Lincolnwood*, there is not a compelling reason to immediately certify the issue for appeal.

Moreover, the district court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." *Id*. (citing Sears*, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, (1956)). The Court finds that another appeal at this point could be a waste of the Seventh Circuit and the parties' time. Even if there is a reversal where the Seventh Circuit requires that the Plaintiffs return $1.9 million, there is a chance that would be offset if Plaintiffs are later successful in this case. The Seventh Circuit may have to revisit some of the same case history if there is a final appeal. The expense, distraction, and delay this appeal could cause as the parties attempt to litigate before this court are not justified, particularly because Defendants have not offered a compelling reason that this decision must be reviewed now. Pursuant to the parties agreed schedule, dispositive motions are due in April 2024 with the trial to be scheduled following dispositive motions. It is unclear why Defendants cannot wait until then.

Finally, the Seventh Circuit has already strongly indicated that fee disputes should not be certified for appeal. *People Who Care v. Rockford Bd. of Educ. Dist. No. 205*, 921 F.2d 132, 134 (7th Cir. 1991). ("Rule 54(b) allows the entry of judgment only with respect to the final disposition of a claim for relief. Attorneys' fees are not a separate claim for relief"). Defendants have not sufficiently demonstrated why the Court should take the extraordinary step of entering a certificate of appealability under Rule 54(b). Instead, the Court finds this would be a needless and potentially duplicative appeal without any clear benefit. The Court has broad discretion, and "the interest of

4

sound judicial administration" lead this Court to find that a certificate of appealability is not appropriate here. *See Bank of Lincolnwood*, 622 F.2d at 949.[2]

## CONCLUSION

For the reasons stated above, Defendants' Motion for Entry of Certification of Appealability Pursuant to Federal Rule of Civil Procedure 54(b) [3643] is DENIED.

ENTERED this 14th day of November, 2022.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[2] This opinion does not address every claim or case Defendants raised but instead the Court exercised its discretion to focus on the matters most relevant to resolving this motion.