IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>ACTING DIRECTOR LATOYA HUGHES, *et al.*,<br><br>        Defendants. | No. 1:07-CV-1298-MMM-JEH<br><br>Hon. Michael M. Mihm |

**DEFENDANTS' COMBINED MOTION TO STRIKE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FOR LACK OF ARTICLE III STANDING, AND OPPOSITION TO PLAINTIFFS' MOTION TO SCHEDULE A HEARING**

On August 4, 2023, with no advance notice to Defendants, Plaintiffs filed a motion for a preliminary injunction requesting that the Court order Defendants "to immediately take steps to ensure the timely transfer out of [IDOC's Northern Reception Center ("NRC")] and to proper correctional centers of individuals considered for RTU placement who have completed the reception process." Plaintiffs also ask the Court to immediately schedule a hearing on their preliminary injunction motion. Their requests must be denied because this Court lacks subject matter jurisdiction to hear Plaintiffs' preliminary injunction motion as currently presented on the basis of the operative complaint.

The Supreme Court has made clear that a suit's status as a class action "adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016). It also is well established that "[s]tanding must be demonstrated for each claim the claimants seek to press *and for each form of relief that is sought*." *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022) (emphasis added) (cleaned up).

Here, the *Daniels* Named Plaintiffs[1] cannot meet this standard. No Named Plaintiffs are housed at NRC, or claim to face injury from being housed at NRC for an excessive period while awaiting a transfer to an RTU or any other facility. Consequently, no Named Plaintiffs have standing to seek the relief requested in the preliminary injunction motion because they cannot show they face an injury where it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).

The Court should strike Plaintiffs' motion and not set a hearing unless and until they are able to cure their lack of Article III standing as to the relief requested in their preliminary injunction motion.[2]

## BACKGROUND

Because the Court and parties are familiar with the facts of this case, Defendants address only the background relevant to the jurisdictional issue now before the Court. On August 14, 2015, the Court allowed this case to proceed as a certified class action over Defendants' objections. *See* Amended Order On Plaintiffs' Motion For Class Certification, ECF 252, at 1.[3] On July 21, 2022, the Court ordered the case "returned to the active docket for scheduling." *Rasho v. Walker*, 2022

---

[1] Patrice Daniels, Gerrodo Forrest, J. Herman, Henry Hersman, Rasheed McGee, Fredricka Lyles, and Clara Plair.

[2] This would require, at the very least, yet another amended complaint with proper class representatives, or a new complaint in the Northern District of Illinois (where NRC is located).

[3] The certified class (the "Class") includes "persons now or in the future in the custody of the Illinois Department of Corrections ("IDOC") who are identified or should have been identified by the IDOC's mental health professionals as in need of mental health treatment as defined in the current edition of the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association. A diagnosis of alcoholism or drug addiction, development disorders, or any form of sexual disorder shall not, by itself, render an individual mentally ill for purposes of this class definition." Am. Order On Plaintiffs' Motion For Class Certification, ECF 252, at 1–2.

U.S. Dist. LEXIS 129805, at *21 (C.D. Ill. July 21, 2022). On September 30, 2022, Plaintiffs filed a Fourth Amended Complaint, superseded on May 26, 2023 by their Fifth Amended Complaint (the "Complaint"), ECF 3641 and ECF 3702. In relevant part, Plaintiffs' Fourth and Fifth Amended Complaints removed six individuals who had previously been named as representative plaintiffs in this action, and did not add any additional new named plaintiffs.[4] The result is that the seven individuals listed in footnote 1 are the Named Plaintiffs and representatives of the class.

No Named Plaintiffs are incarcerated at NRC. No Named Plaintiffs allege they ever were or expect to be housed at NRC for an excessive length of time. No Named Plaintiff allege they ever received or expect to receive constitutionally inadequate mental healthcare at NRC. And no Named Plaintiffs claim to be awaiting a transfer to a higher level of care. 5th Am. Compl., ECF 3702, ¶¶ 71–78.[5]

On August 4, 2023, Plaintiffs filed a Motion For A Preliminary Injunction For Urgent Relief For Class Members Held At The Northern Reception Center And In Need Of A Higher

---

[4] The Fourth Amended Complaint removed named plaintiffs Ashoor Rasho, Keith Walker, Otis Arrington, Donald Collins, Desiree Hollis, and Crystal Stoneburner. *Compare* Third Amended Class Action Complaint, ECF 260, ¶¶ 20–32 *with* 4th Am. Class Action Complaint, ECF 3641, ¶¶ 54–60 *and* 5th Am. Class Action Complaint, ECF 3702, ¶¶ 71–78.

[5] "Plaintiff Patrice Daniels is currently incarcerated at Joliet Treatment Center, which is an RTU. He has previously been housed at Pontiac, Tams supermax, Stateville, Menard, Lawrence, and Dixon Correctional Centers." 5th Am. Compl., ECF 3701, ¶ 71. "Plaintiff Gerrodo Forrest is currently incarcerated at Pinckneyville Correctional Center. He has previously been at Menard and Pontiac Correctional Centers." *Id.* ¶ 72. "Plaintiff J. Herman is . . . currently incarcerated at Dixon Correctional Center. She has previously been placed at Pontiac, Tams supermax, and Joliet Treatment Center." *Id.* ¶ 73. "Plaintiff Henry Hersman is currently incarcerated at Jacksonville Correctional Center, a minimum-security facility, and was previously placed at Graham and Hill Correctional Center, as well as the Dixon RTU." *Id.* ¶ 74. "Plaintiff Rasheed McGee is currently incarcerated at Pontiac Correctional Center. He is RTU level of care and has previously been placed at Elgin Treatment Center, Joliet Treatment Center, and Dixon, Pontiac, and Tams Correctional Centers." *Id.* ¶ 75. Plaintiff Fredricka Lyles "was released from Logan Correctional Center on May 22, 2023. She is on Mandatory Supervised release and remains in the custody of IDOC until May 2026." *Id.* ¶ 77 n.4. "Plaintiff Clara Plair is . . . currently incarcerated at Logan Correctional Center." *Id.* ¶ 78.

3

Level Of Mental Health Care, ECF 3723 (the "PI Motion"). The PI Motion asserts that in violation of the ADA and Eighth Amendment, certain individuals designated as mentally ill and/or designated for consideration for placement in an RTU are being held for processing and intake at NRC for excessive periods of time without adequate mental healthcare. PI Motion, ECF 3723, at 9–17. The PI Motion seeks a preliminary injunction "requiring Defendants to immediately take steps to ensure the timely transfer out of the NRC and to proper correctional centers of individuals considered for RTU placement who have completed the reception process." *Id*. at 21. Plaintiffs also filed a Motion For Leave To File Oversized Brief And Set A Schedule For Hearing, ECF 3724.[6]

## ARGUMENT

The PI Motion should be stricken, and the Court should deny Plaintiffs' motion to set a hearing, without prejudice to Plaintiffs' ability to refile the motion if they are able to demonstrate Article III standing to seek the requested relief.[7] It is well established that even a class representative in a certified class must establish Article III standing for each form of relief sought. Here, because the Named Plaintiffs do not have Article III standing to pursue the relief requested in the PI Motion, the Court lacks subject matter jurisdiction to proceed.

---

[6] To be clear, Defendants do not oppose Plaintiffs' request for leave to file an overlength brief. Defendants do oppose Plaintiffs' request to schedule a hearing on the preliminary injunction motion before the Court determines if it has subject matter jurisdiction to consider that motion. If the Court allows Plaintiffs' brief and sets this matter for a hearing, Defendants will request adequate time to file an opposition to Plaintiffs' motion for a preliminary injunction.

[7] A court may strike a motion for a preliminary injunction that is insufficient without hearing the preliminary injunction. *See Orr v. Elyea*, 2009 U.S. Dist. LEXIS 14517, at *8 (C.D. Ill. Feb. 25, 2009) (striking motion for preliminary injunction for violations of eighth amendment).

I.  **Class representatives must establish Article III standing for "each form of relief that is sought."**

As the Supreme Court has made clear, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 578 U.S. at 338 n.6. Moreover, "[s]tanding must be demonstrated for each claim the claimants seek to press and *for each form of relief that is sought*." *Furando*, 40 F.4th at 575 (emphasis added) (cleaned up); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (rejecting theory that a plaintiff's "standing as to one claim" suffices to grant it standing "for all claims arising from the same 'nucleus of operative fact'"). "[S]tanding is not dispensed in gross . . . nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *see also In re Adobe Sys. Privacy Litig.*, 66 F. Supp. 3d 1197, 1218 (N.D. Cal. 2014) (standing requirements analyzed separately for each form of injunctive relief sought).

A plaintiff must maintain standing throughout the pendency of a lawsuit, and every federal court is obligated to inquire into its subject matter jurisdiction whenever it may be lacking. *E.g., Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) ("We are required to consider subject-matter jurisdiction as the first question in every case, and we must dismiss this suit if such jurisdiction is lacking.") (cleaned up). And if, as here, an objection to standing is raised with respect to a motion preliminary injunction, plaintiffs cannot simply rest on allegations in their complaint—the "burden [of] demonstrat[ing] standing in the context of a preliminary injunction motion is 'at least as great as the burden of resisting a summary judgment motion.'" *Speech First,*

*Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 907 n.8 (1990)).

Consistent with these well-settled principles, the Eleventh Circuit confirmed that the named plaintiffs' *individual* circumstances will limit the relief they have standing to seek on behalf of a class. *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1254 (11th Cir. 2023). In *Williams*, the court considered an objection to a class settlement in which the named plaintiffs sought to settle their claims in exchange for monetary damages and injunctive relief. The district court approved the settlement, and an objector appealed. The Eleventh Circuit recognized that "before a court may grant [a] plaintiff injunctive relief, the plaintiff must separately establish a threat of real and immediate, as opposed to conjectural or hypothetical, future injury. These principles apply with no less force in the class-action context." *Id*. at 1253 (cleaned up). Because *Williams* named plaintiffs had not "establish[ed] an injury in fact that would support injunctive relief," the Eleventh Circuit ruled that "the Named Plaintiffs lack Article III standing to pursue their claims . . . for injunctive relief." *Id*. at 1254–55.

**II.     The Named Plaintiffs lack standing to seek the relief requested in the PI Motion.**

The Named Plaintiffs lack standing to seek the relief requested in the PI Motion for two independent reasons. *First*, they have not suffered any concrete, particularized, non-hypothetical "injury in fact" arising out of allegedly excessive periods at NRC. *Second*, because no Named Plaintiff is housed at NRC, the requested relief cannot possibly redress any of their alleged injuries.

**A.     The Named Plaintiffs have not suffered any "injury in fact" that is "fairly traceable to the complained of conduct" arising out of the claims asserted in the PI Motion.**

To have standing, a plaintiff must have "suffered an injury in fact that is . . . fairly traceable to the challenged action of the defendant." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Here, it is undisputed that no Named Plaintiffs are

6

housed at NRC or claim to face any injury from being housed at NRC while awaiting transfer to another facility. 5th Am. Compl., ECF 3702, ¶¶ 71–78; PI Motion, ECF 3723, *passim*. As a result, no Named Plaintiffs claim to face any "injury in fact" arising out of the claims made in the PI Motion.[8] The Named Plaintiffs therefore lack Article III standing to seek the relief requested in the PI Motion, and the Court lacks subject matter jurisdiction to proceed. *See Friends of the Earth*, 528 U.S. at 180–81.

### B. Any potential injury to the Named Plaintiffs is "speculative," and insufficient to support Article III standing.

For a party to have standing it also "must be *likely, as opposed to merely speculative*, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (emphasis added) (cleaned up); *see also Dep't of Educ. v. Brown*, 143 S. Ct. 2343, 2351 (2023) (same). Here, if the Court were to enter Plaintiffs' requested relief and order "Defendants to immediately take steps to ensure the timely transfer out of the NRC and to proper correctional centers of individuals considered for RTU placement who have completed the reception process" (PI Motion, ECF 3723, at 21), that would not redress *any* injuries the Named Plaintiffs are claiming to face in the Fifth Amended Complaint. *See* 5th Am. Comp., ECF 3702, ¶¶ 71–78.

As Plaintiffs correctly note, NRC "is not a 'correctional center' in the IDOC system, meaning it is not meant for long-term housing." PI Motion, ECF 3723, at 3. Rather, NRC is a facility that processes and temporarily houses individuals before they are assigned elsewhere. *Id.*

---

[8] The Fifth Amendment Complaint contains generalized allegations about delayed evaluations, "arbitrary changes in [class members'] level of care" (ECF 3702 ¶ 20), unclear criteria for transfers (¶ 34), long transfer wait times for patients at maximum-security facilities (¶ 40), and a failure to provide the proper care after transfer to an RTU (¶ 41). These allegations are different from the claims in the PI Motion, which relate exclusively to issues caused by delayed transfers out of NRC. And none of the Named Plaintiffs have even alleged, let alone put forward evidence at the level required for a preliminary injunction, that they were ever at NRC for an extended period at all, or that any of the issues raised in the PI Motion caused them injury.

Here, all Named Plaintiffs have been in IDOC custody for years, and they do not (and cannot) plausibly allege any basis to conclude that any of them will ever "likely" be housed at NRC for an extended period of time. *See* 5th Am. Comp., ECF 3702, ¶¶ 71–78. Consequently, a "favorable decision" on the PI Motion, or any subsequent motion for a permanent injunction seeking identical relief, would not provide relief to the Named Plaintiffs.

## CONCLUSION

For these reasons, the Court should strike Plaintiffs' Motion for Preliminary Injunction for lack of Article III standing, and deny their motion to schedule a hearing.

| | |
|---|---|
| Dated: August 8, 2023 | Respectfully submitted, |
| R. Douglas Rees<br>Isaac Jones<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 12th Floor<br>Chicago, Illinois 60601<br>Tel. 312-814-3000<br>*richard.rees@ilag.gov*<br>*isaac.freilichjones@ilag.gov*<br><br>Laura Bautista<br>Office of the Attorney General<br>500 South Second Street<br>Springfield, IL 62701<br>Tel.: (217) 782-9075<br>*laura.bautista@ilag.gov* | Defendants LATOYA HUGHES, *et al.*<br><br>By: KWAME RAOUL,<br>    Illinois Attorney General<br><br>*/s/ R. Douglas Rees*<br>Deputy Attorney General, Civil Litigation |

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on August 8, 2023, they caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                                                   */s/ R. Douglas Rees*
                                                   Deputy Attorney General