UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-1298 |
| ) | |
| ROB JEFFREYS, Director of IDOC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTIONAL ORDER

After carefully reviewing Plaintiffs' Fifth Amended Complaint, Defendants' Motion to Dismiss and related briefing, and the underlying record, the Court has concerns relating to jurisdiction and standing that must be addressed before further proceeding with this case; specifically, in light of the previously entered Consent Decree, the subsequent orders entered declining to extend jurisdiction, and the Seventh Circuit's mandate reversing and vacating this Court's permanent injunction. Therefore, the Court is STAYING all proceedings and will provide the Parties fourteen (14) days to submit memoranda addressing the concerns raised in this order (the "Order"). After the Parties' memoranda have been received, the Court will contact the Parties to set a hearing if necessary.

## RELEVANT PROCEDURAL HISTORY

At the time the Consent Decree was entered, this case had been operating under the *Third Amended Class Action Complaint* (the "Third Amended Complaint"), as a class action brought under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794, seeking declaratory and injunctive relief. ECF No. 711-1 at

1

1. Plaintiffs challenged the adequacy of mental health services provided to mental ill prisoners in the physical custody and control of the Illinois Department of Corrects ("IDOC"). *Id.*

On August 14, 2015, the Court certified a class (the "Class") under Federal Rule of Civil Procedure 23(b)(2), as follows:

> Persons now or in the future in the custody of the Illinois Department of Corrections ("IDOC") [who] are identified or should have been identified by the IDOC's mental health professionals as in need of mental health treatment as defined in the current edition of the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association. A diagnosis of alcoholism or drug addiction, developmental disorder, or any form of sexual disorder shall not, by itself, render an individual mentally ill for purposes of this class definition.

ECF No. 252 at 7. On December 17, 2015, the Parties announced they had entered into a comprehensive agreement resolving the action set forth in the Plaintiffs' Third Amended Complaint. *See Min. Entry* on 12/17/2015; ECF No. 260. Notice of the settlement was given to the class members and a hearing was held on May 13, 2016, where the Court found the agreement to be fair and reasonable over the numerous objections by various inmates. ECF No. 289; *Min. Entry* on 05/13/2016. On August 23, 2016, the Court entered an order approving the Parties' agreement, which can be found on this docket. *See* ECF Nos. 708-1; 710. This Court has since entered an order clarifying that while titled a "Settlement Agreement," the Parties' agreement is in fact a Consent Decree and will be referred to as "the Consent Decree" going forward in this Order. ECF No. 3597, at 6–7.

The Consent Decree, among other things, resolved "the claims raised by this action as set forth in the Plaintiffs' Third Amended Complaint," and reached "an agreement for settling this litigation that the parties believe is fair, reasonable, and adequate to protect the interests of all

parties." ECF No. 708-1 § I.a. The Consent Decree also contained several provisions regarding this Court's jurisdiction. Section XXIX(e) provided that:

> The Court's jurisdiction shall terminate (3) three years after the Approval Date . . . with respect to any provisions of this Settlement Agreement for which there is no outstanding determination that Defendants are not in substantial compliance. If the Court determines that Defendants are not in substantial compliance with any provisions of this Settlement Agreement at any time during the three (3) year period of the Settlement Agreement, the Court's jurisdiction with respect to such provisions shall continue for the remainder of the three (3) year period or for a period to be ordered by the Court for not more than two (2) years from the date of the Court's findings that Defendants are not in substantial compliance.

*Id.* at 29–30, §XXIX(e).

Section XXIX(j) further provided that "[t]hree years after the approval date . . . Plaintiffs may move to abrogate this agreement except XXIX(g)-(i) and XXXIII will continue in effect." *Id.* at 30, § XXIX(j). The Court's order approving the Consent Decree further provided that the matter would remain on the Court's docket until the terms of the Consent Decree were met, at which time the matter would be dismissed with prejudice. ECF No. 710.

The post-judgment litigation in this case is extensive and has been discussed at length in previous orders, specifically relating to the injunctive relief sought by the Plaintiffs, and therefore will not be re-recited here. Relevant to this Order, however, is that on April 15, 2019, the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit") remanded this matter back to this Court for the limited purpose of permitting the district court to modify their previously issued injunction orders to conform to the requirements of Rule 65 of the Federal Rules of Civil Procedure. ECF No. 2618. On April 22, 2019, this Court entered a Permanent Injunction Order pursuant to Rule 65 that memorialized this Court's orders dated October 30, 2018, December 20, 2018, and February 26, 2019 (the "Permanent Injunction"). ECF No. 2633. The Permanent Injunction found that the Defendants were not in substantial compliance with the following areas

3

under the Consent Decree: (i) staffing; (ii) crisis care; (iii) segregation; (iv) medication; and (v) evaluations and treatment plans. *Id.* Defendants appealed, challenging the Permanent Injunction Order, and arguing that the IDOC's shortcoming under the settlement agreement did not amount to an Eighth Amendment violation, and challenging the scope of the Permanent Injunction under the terms of the agreement and the PLRA.

In addition to entry of the Permanent Injunction, the Court also issued two orders extending its jurisdiction over the Consent Decree on March 10, 2021, and February 11, 2022. ECF No. 3266 (March 10, 2021, order identified terms of Consent Decree in Exhibit A that were no longer subject to court's jurisdiction, and terms of the Consent Decree in Exhibit B that were subject to court's jurisdiction based on no finding of substantial compliance); ECF No. 3508 (February 11, 2022, order maintained jurisdiction over sections of Consent Decree set forth in Exhibit 1, and terminated jurisdiction over Section XII(c)(iv) of the Consent Decree). The Court continued its jurisdiction over areas in which the Defendants were not in substantial compliance with the Consent Decree and terminated it over portions that the Defendant were in compliance because the three-year period under Section XXIX(e) had lapsed. *See* ECF No. 3266 (March 10, 2021, order identifying areas of compliance and non-compliance in Exhibits A and B).

On May 3, 2022, the Seventh Circuit issued its mandate, which vacated the Permanent Injunction and reversed the Court's findings of constitutional violations, without remanding the case back to the district court for further proceedings. *See* ECF No. 3560. The Seventh Circuit specifically overruled findings of violations with respect to the five areas of non-compliance—staffing, crisis care, segregation, medication, and evaluation and treatment plans. ECF No. 3560-

1, at 12–13. Further, while not the subject of the Seventh Circuit's Order, it also noted that the settlement agreement was a "consent decree." *Id.* at 4 n.2.

On July 21, 2022, this Court issued an order declining to extend further jurisdiction over the Consent Decree. ECF No. 3597. In addition to finding that the settlement agreement was a consent decree, this Court declined to extend its jurisdiction any further over the Consent Decree based on alleged lack of substantial compliance, without further PLRA findings, and given the Seventh Circuit's mandate. *Id.* That order noted that this Court's jurisdiction "shall terminate" with respect to any provisions for which there is no outstanding determination that Defendants are not in substantial compliance, and the Court therefore declined to exercise its discretion to further extend its jurisdiction over the Consent Decree. *Id.* at 9. The Court also noted that the Seventh Circuit did not invalidate the Consent Decree, nor did any party seek to terminate the Consent Decree. *Id.* at 12.

On September 13, 2022, the Court issued an order and opinion granting in part and denying in part the Defendant's Motion for Recovery of Fees. ECF No. 3629. There, the Court ordered the return of $873,002.75 to Defendants, but held that the Plaintiffs may retain the $1.9 million dollar payment awarded to them as part of a fee settlement agreement (the "Fee Order"). *Id.* The Defendants filed a *Notice of Appeal* seeking to have the Fee Order reversed and the matter remanded to the Court requiring Plaintiff's counsel to return the $1.9 million payment to Defendants. ECF No. 3649. Defendants' appeal of the Fee Order remains pending before the Seventh Circuit. *See Rasho v. Baldwin,* No. 22-02816 (7th Cir. Oct. 13, 2022).

On September 15, 202, the Plaintiffs filed the *Motion for Leave to File an Amended Complaint* (the "Motion for Leave"). ECF No. 3632. The Defendants did not object or otherwise respond, and the Court granted the Motion for Leave and allowed the Plaintiff's to amend the

5

complaint. *Text Order* on 09/30/2022. Plaintiffs then filed the *Fourth Amended Class Action Complaint* (the "Fourth Amended Complaint"), and after the Court's issued its order granting in part and denying in part the Defendant's motion to dismiss Plaintiffs' Fourth Amended Complaint, Plaintiffs' filed the *Fifth Amended Class Action Complaint* (the "Fifth Amended Complaint"). ECF Nos. 3681; 3702; 3717. Defendants have filed a *Motion to Dismiss Governor as a Defendant and Procedural Due Process and Equal Protection Claims*, seeking to dismiss portions of the Plaintiffs' Fifth Amended Complaint (the "Motion to Dismiss"), which is presently pending before the Court, but which does not address the issues of standing and jurisdiction. ECF No. 3717.

## DISCUSSION

The threshold question is whether Plaintiffs have standing under Article III of the United States Constitution to maintain this lawsuit. Article III confines the federal judicial power to "Cases" and "Controversies." A case or controversy can only exist if the plaintiff has standing to sue. *United States v. Texas*, 143 S. Ct. 1964, 1969 (2023). "To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order." *Id.* at 1970. At this juncture, the Court has several concerns regarding standing, and this Court's jurisdiction to issue an order redressing the newly asserted claims in Plaintiffs' Fifth Amended Complaint.

First, the Consent Decree expressly settled all claims embodied in Plaintiffs' Third Amended Complaint. *See* ECF No. 708-1. The Consent Decree had the effect of a final, conclusive order that resolved the merits of the litigation and left open only issues of non-compliance. *See Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1992) (noting that the date on which the consent decree was entered was the final date for which all claims were resolved). The Consent Decree, by its terms, terminated three years after its approval date on May 23, 2019. *See*

6

ECF No. 708-1, at 29–30 § XXIX(e).[1] Furthermore, throughout the duration of this case, the Court terminated its jurisdiction with respect to provisions of the Consent Decree where no challenges to substantial compliance were made. *See* ECF No. 3266 (terminating jurisdiction on March 10, 2021); ECF No. 3508 (terminating jurisdiction on February 11, 2022). The Court only left open issues of substantial non-compliance, which were the subject of its Permanent Injunction, that the Seventh Circuit later vacated based on findings that there were no constitutional violations by Defendants in those areas. *See* ECF No. 3560-1, at 12–13. Notably the Seventh Circuit's Final Order did not remand this case back to this Court to resolve any remaining issues. *See* ECF No. 3560-3 (final judgment).

Despite the foregoing, Plaintiffs proceeded to file the Motion for Leave, seeking to file a Fourth Amended Complaint, which Defendants did not object to, and this Court allowed. At no point during that time was the issue of standing or jurisdiction raised or addressed. This Court requests the Parties do so now.

## CONCLUSION

For the reasons stated above, the Court finds it necessary to determine whether it has jurisdiction over the underlying merits of these proceedings before it can continue to issue relief. The Court therefore DIRECTS the Parties to each submit a memorandum on the issue of jurisdiction and standing given the procedural history explained above by or before October 2, 2023. Once the Parties' jurisdiction memoranda are received, the Court will contact the Parties to schedule a hearing on the matter.

---

[1] The Consent Decree provided a limited extension of jurisdiction: "[i]f the Court determines that Defendants are not in substantial compliance, with any provisions of this Settlement Agreement at any time during the three (3) year period of the Settlement Agreement, the Court's jurisdiction with respect to such provisions shall continue for the remainder of the three (3) year period or for a period to be ordered by the Court of not more than two (2) years from the date of the Court's finding that Defendants are not in substantial compliance." ECF No. 708-1, at 30, § XXIX(e).

This case is STAYED for all purposes to allow sufficient time for the Court to address the issue of jurisdiction. The telephone hearing set for September 20, 2023, at 4:00 P.M. remains set, and will be used to address any questions the Parties have regarding this Order.

ENTERED this 18th day of September, 2023.

                                                    /s/ Michael M. Mihm
                                                        Michael M. Mihm
                                              United States District Judge