IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) NO. 07-CV-1298 |
| LATOYA HUGHES, Director of IDOC, et al., | ) Hon. Judge Michael M. Mihm ) ) |
| Defendants. | ) |

### Further Argument on Jurisdiction

After argument on October 11, 2023, this Court announced it would issue an order dismissing this case for lack of jurisdiction that would "become final upon issuance of this Court's written order." Plaintiffs believe the following points were not addressed in the Court's Jurisdictional Order (ECF No. 3739):

1. Both parties accepted that this Court had jurisdiction on July 21, 2022, the date the Court returned the case to the active trial docket. (ECF Nos. 3597, 3741 and 3742).

2. Defendants argued that the Court's jurisdiction ended on July 22, 2022 when the written agreement of the parties ended. (ECF No. 3742)

3. Plaintiffs argued that the Court never lost jurisdiction because it was either implementing the terms of the parties' written agreement when it retuned the case to the docket, or if the agreement was found to be void or was rejected by the Court, that the case would necessarily be returned to where it was pre-"consent decree" on the trial docket. (ECF No. 3741)

4. Defendants' appeal to the Seventh Circuit was interlocutory and Defendants invoked the appellate court's jurisdiction under 28 U.S.C. §1292(a)(1), which provides for

"jurisdiction of appeals from interlocutory orders." (*Defendant's Appellate Brief*, 19-1145, Doc. 48, p. 3)

5. In June 2022, the parties agreed in writing, while the Court had jurisdiction over the settlement, that there were outstanding disputes as to Defendants' compliance with the terms of the agreement. (ECF No. 3580) The parties agreed that if the disputes could not be resolved, the case could be returned to the trial docket, codifying in writing their understanding of the consent decree. (*Id.*) This joint document obviated the necessity of Plaintiffs' exercising their PLRA rights. (*Id.* and ECF No. 3741-1).

6. The Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331 because the Plaintiffs allege that Defendants continue to violate their rights under the Eighth Amendment and other laws by failing to provide adequate mental healthcare to prisoners in the Illinois Department of Corrections.

7. Because this Court retained jurisdiction over the settlement and did not dismiss the case with prejudice, the Court retained subject matter jurisdiction over the settlement agreement at the time it returned the case to the trial docket. *See Morisch v. United States*, 709 F. Supp. 2d 672, 675 (S.D. Ill. 2010) (internal citations omitted).

8. By entering into the settlement agreement, Plaintiffs gave up their right to a trial with the understanding – shared by the Defendants – that the case could be returned to trial if Defendants had not complied with the agreement by July 22, 2022, an understanding memorialized in the June 1, 2022 submission to the Court. (ECF 3580) If the agreement of the parties was not enforceable by the Court and did not permit the case to be returned to the trial docket, it deprived Plaintiffs of their right to trial, their right to enforce the agreement as both parties understood it, their PLRA rights which Plaintiffs chose not to

exercise given the parties' joint understanding the case could be returned to the trial call, and their Rule 60(b) rights. By returning the case to the trial docket while the agreement was still in effect, and now planning to dismiss the case over a year later, the Court has also deprived Plaintiffs of their right to seek relief under Rule 60(b) from the consent decree which has now failed to provide Plaintiffs with any remedy for their claims. *See* Fed. R. Civ. Pro. 60(b).

9. Plaintiffs would not have signed the agreement had they imagined giving up their claims and having no enforceable remedy without the ability to have a trial, and the Court would not have entered it, as it is fundamentally unfair to the class.

By:   /s/ Harold Hirshman
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL  60606
Telephone: (312) 876-8000
Facsimile:  (312) 876-7934
harold.hirshman@dentons.com