IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> ACTING DIRECTOR LATOYA HUGHES, *et al.*, <br><br>  Defendants. | No. 1:07-CV-1298-MMM-JEH <br><br> Hon. Michael M. Mihm |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE JUDGMENT PURSUANT TO RULE 59(e)

Rather than accept or appeal the Court's clear ruling that it lacks subject matter jurisdiction over this action, Plaintiffs seek another bite at the apple through the mechanism of a Rule 59(e) motion to vacate the Court's final judgment. Plaintiffs argue that vacatur of the judgment is required because (a) the actual expiration date of the initial Consent Decree was July 7, 2020, rather than May 23, 2019; and (b) because under *Doe v. Cook County,* 798 F.3d 558, 566 (7th Cir. 2015), the Parties validly agreed in 2021 and early 2022 to extend the Consent Decree despite the lack of valid PLRA findings. Plaintiffs' motion must be rejected for a simple reason: even assuming *arguendo* that Plaintiffs' two arguments are correct, neither calls into question the Court's ultimate conclusion that "the Court's subject matter jurisdiction unquestionably ended" after the Court "declined to extend its jurisdiction any further over the Consent Decree" on July 21, 2022. Order, ECF 3745, at 13. Plaintiffs' arguments are therefore insufficient to justify the "extraordinary remedy" of Rule 59(e) relief, and their motion must be denied.

### BACKGROUND

On September 18, 2023, after reviewing the procedural history of this matter and expressing concern regarding the extent to which it still has jurisdiction to consider Plaintiffs' claims, the Court *sua sponte* stayed this case and directed each side to "submit a memorandum on the issue of jurisdiction and standing . . . on or before October 2, 2023." Jurisdictional Order, ECF

3739, at 7. The Court indicated during a September 20, 2023 status conference that each side should file a single memorandum of law in response to the Court's jurisdictional order, and confirmed that no replies, opposition filings, or additional rounds of briefing were requested.

The Parties filed their respective briefs on October 2, 2023. Plaintiffs argued that the Court retained subject matter jurisdiction because of a combination of four factors. *First*, Plaintiffs said the appeal of the Court's permanent injunction was interlocutory, and "left untouched the underlying settlement and pending case." Plaintiffs' Mem. of Law on Jurisdiction and Standing, ECF 3741, at 5–7. *Second*, Plaintiffs argued that they continued to have standing because the Consent Decree was not a final judgment and "did not resolve their claims." *Id.* at 7–8. *Third*, Plaintiffs argued that under the terms of the Consent Decree, the Court was authorized to "return the case to the active docket." *Id.* at 8–11. And *fourth*, Plaintiffs argued that "if the consent decree was either unenforceable or void as a whole (not just prospectively) because it did not comply with the PLRA, then the Court should not have entered it at all and could not have been lawfully applying its terms when it returned the case to the docket." *Id.* at 11–13.

Defendants argued that the Court was divested of ongoing subject matter jurisdiction on July 21, 2022, after the Court denied Plaintiffs' motion to extend jurisdiction over the Consent Decree, due to a combination of three factors. *First*, because Plaintiffs settled their claims on behalf of the Class in exchange for the entry of the Consent Decree, the claims of Plaintiffs' Class were legally extinguished. *Second*, because the Seventh Circuit vacated the permanent injunction related to enforcement of the Consent Decree with no remand for further proceedings, and the Court denied all subsequent motions to enforce or extend the decree, the Court no longer had any basis to exercise ongoing jurisdiction to enforce the Consent Decree and had no legal basis to return this action to the active docket. And *third*, when the Consent Decree expired according to the terms

agreed to by the Parties and approved by the Court, the Court lost jurisdiction over the Consent Decree and this case.

The Court heard argument on October 11, 2023, after which the Court announced it would issue an order dismissing the case for lack of subject matter jurisdiction, and that its ruling would become final upon the issuance of a written order. *See* Further Argument on Jurisdiction, ECF 3743, at 1. The next day, in violation of the Court's instruction ordering one round of simultaneous briefing and rejecting requests for the opportunity to file reply memoranda, Plaintiffs filed a document entitled "Further Argument on Jurisdiction" containing additional argument as to why Plaintiffs believed the Court retained subject matter jurisdiction. *Id.* In compliance with the Court's orders regarding briefing, Defendants did not file a response.

On October 23, 2023, the Court entered its Opinion and Order ("Order") dismissing this matter for lack of subject matter jurisdiction. ECF 3745. The Court discussed a number of junctures at which it arguably lost subject matter jurisdiction over some or all of this action, including: (a) on May 23, 2019, three years after the Consent Decree was approved; (b) upon the filing of the State's appeal of the permanent injunction order; (c) on April 23, 2021, upon the expiration of the Amended Consent Decree; and (d) after the Court declined to extend its jurisdiction on July 21, 2022. Order, ECF 3745. Ultimately, the Court ruled that "on July 21, 2022, the Court recognized the lack of an ongoing violation and declined to extend its jurisdiction any further over the Consent Decree. At this time, the Court's subject matter jurisdiction unquestionably ended." Order, ECF 3745, at 13.[1] The Court therefore directed the entry of judgment in favor of Defendants. Order, ECF 3745, at 17. The Court entered final judgment for Defendants on October 24, 2023. *See* Judgment, ECF 3746.

---

[1] The Court cited two cases in support of this proposition: *Corey H. v. Chicago Bd. of Educ.*, 528 F. App'x 666, 668–69 (7th Cir. 2013) and *Ass'n for Disabled Am. v. Publix Super Mkt.*, 2023 WL 3741102, at *4 (S.D. Fla. May 3, 2023).

On November 2, 2023, Plaintiffs filed a Motion to Vacate Judgment Pursuant to Rule 59(e). ECF 3750. Plaintiffs argue that vacatur of the judgment is appropriate because (a) the actual expiration date of the initial Consent Decree was July 7, 2020, rather than May 23, 2019; and (b) because "the Court's conclusion makes a mistake of law in that it ignores the Seventh Circuit's opinion in [*Doe v. Cook County,* 798 F.3d 558, 566 (7th Cir. 2015)], which allowed for continued jurisdiction over litigation after reversing enforcement actions under a consent decree without PLRA findings." *Id.*

## LEGAL STANDARD

"Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case." *Martin v. Actavis Pharma, Inc.*, 71 F.4th 617, 620 (7th Cir. 2023) (cleaned up). "A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse it prior judgment." *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). "A motion to alter or amend a judgment is only proper when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252–53 (7th Cir. 2015) (internal quotation marks omitted). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* at 253 (internal quotation marks omitted). A party seeking relief under Rule 59(e) must do more than simply identify "misstatements" in a judgment; instead, it must show that the purported misstatements caused the trial court to enter judgment for the wrong party. *See A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 708 (7th Cir. 2020) (affirming denial of Rule 59(e) motion despite "admitted misstatements in the district court's opinion" where the misstatements did not affect the result); *see also Faciane v. Sun Life Assurance Co.*, 931 F.3d 412, 423 (5th Cir. 2019) (denial of Rule 59(e) motion appropriate where new argument would "not

change the result"). "The filing of a Rule 59(e) motion within the 28-day period "suspends the finality of the original judgment for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (cleaned up).

## ARGUMENT

Plaintiffs' Rule 59(e) motion must be rejected because neither argument on which it is based can negate the Court's ultimate ruling that jurisdiction terminated after the Court denied Plaintiffs' final motion to extend jurisdiction on July 21, 2022.

**I.    Plaintiffs' Argument Regarding The Termination Date Of The Original Consent Decree Is Insufficient To Justify Relief Under Rule 59(e).**

Plaintiffs argue that Rule 59(e) relief is appropriate because the Court incorrectly calculated the initial termination date of the consent decree approved on May 23, 2016. Motion, ECF 3750, at 2–3. Specifically, Plaintiffs note that the Court should have calculated the initial termination date to have occurred three years after the "Budget Contingent Approval Date" of July 7, 2017, rather than three years after the Court's approval date of May 23, 2016. In other words, Plaintiffs argue that Rule 59(e) relief is appropriate because the actual termination date of the first Consent Decree was July 7, 2020, not May 23, 2019. Plaintiffs say this miscalculation invalidates the Court's conclusions of law in its order dismissing this case for lack of jurisdiction. Motion, ECF 3750, at 2.

Defendants do not dispute that the actual termination date of the initial Consent Decree was July 7, 2020, three years after the Budget Contingent Approval Date of July 7, 2017. *See* Settlement Agreement, ECF 711-1, at XXIX(e). Plaintiffs are wrong, however, about the *legal consequences* of this oversight, which cannot justify the entry of relief under Rule 59(e). As the Court specifically concluded in the Order, "the Court's subject matter jurisdiction unquestionably ended" after the Court "declined to extend its jurisdiction any further over the Consent Decree" on July 21, 2022. Order, ECF 3745, at 13. This basis for the termination of jurisdiction and dismissal

5

of this action holds notwithstanding the Court's oversight regarding the termination date of the initial decree. Consequently, this issue does not justify relief under Rule 59(e).

The circumstances here are akin to those in *A&C Construction*. In that action, against sureties on a bond payment, the district court had granted defendant summary judgment in a ruling that erroneously stated in three places that the plaintiff had not filed its complaint within the applicable one-year deadline. *A&C Construction*, 963 F.3d at 708. Based on these "admitted misstatements in the district court's opinion, [plaintiff] filed a post-judgment motion pursuant to Federal Rule of Civil Procedure 59(e)." *Id.* (cleaned up). The district court denied the Rule 59(e) motion, and the Seventh Circuit affirmed. The Seventh Circuit reasoned that even though the district court's initial ruling had contained certain "admitted misstatements" regarding this one-year filing deadline, the record revealed a separate, independent basis supporting the trial court's determination that the plaintiff had failed to meet all the statutory predicates required to file its cause of action. *Id.* at 710. Consequently, the Seventh Circuit confirmed that the district court had not erred in denying relief under Rule 59(e). *Id.*; *accord Faciane*, 931 F.3d at 423 (denial of Rule 59(e) motion affirmed where new argument would "not change the result").

The same result applies here. As in *A&C Construction*, the Order contains an inconsequential misstatement relating to the calculation of a date. Also as in *A&C Construction*, the Court's ruling in the Order remains correct notwithstanding this Court's discussion of the initial termination date, because regardless, "the Court's subject matter jurisdiction unquestionably ended" after the Court "declined to extend its jurisdiction any further over the Consent Decree" on July 21, 2022. Order, ECF 3745, at 13. Plaintiffs' argument is therefore insufficient to justify the "extraordinary remedy" of Rule 59(e) relief, and their Motion must be denied.

**II.    Plaintiffs' Argument Based On *Doe v. Cook County* Also Is Insufficient To Justify Relief Under Rule 59(e).**

Plaintiffs next take issue with the Court's discussion of the extent to which "any extension of jurisdiction beyond the Amended Consent Decree's April 23, 2021 expiration date was invalid because each extension of jurisdiction required findings of an ongoing violation of Federal Rights under the PLRA." Order, ECF No. 3745, at 12. Plaintiffs argue that Rule 59(e) relief is warranted because this discussion "contradicts the opinion in [*Doe v. Cook County*, 798 F.3d 558, 566 (7th Cir. 2015)]*,* which makes it clear that a lack of PLRA findings does not render the entire consent decree unenforceable where no party has moved to terminate it." Motion, ECF 3750, at 3–4.

Plaintiffs' argument here is insufficient to justify relief under Rule 59(e) for the same reasons as above. Even assuming *arguendo* that Plaintiffs' analysis of *Doe* is correct, it would not affect the Court's determination that jurisdiction ended after the Court declined to extend jurisdiction on July 21, 2022. *See* Order, ECF 3745, at 13–14. Plaintiffs' *Doe* argument therefore fails to justify relief under Rule 59(e). *A&C Construction*, 963 F.3d at 710; *Faciane*, 931 F.3d at 423.

Moreover, as Defendants showed in their Memorandum of Law As To Why The Court Must Close This Case For Lack of Subject Matter Jurisdiction, the predicates required to return the matter to the "active docket" under the terms of the Consent Decree did not exist on July 21, 2022. ECF 3742 at 7. And while the Parties contemplated the possibility that the case might return to the active docket in a notice addressing a proposed negotiation plan, they never agreed to modify or extend any term of the Consent Decree, which expired on July 22, 2022. *Id.* Plaintiffs' *Doe* argument fails for this reason too, and for the other reasons addressed in Defendants' Memorandum of Law As To Why The Court Must Close This Case For Lack of Subject Matter Jurisdiction. ECF 3742.

7

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Vacate Judgment Pursuant to Rule 59(e).

Dated: November 9, 2023                                                  Respectfully submitted,

R. Douglas Rees                                                          Defendants LATOYA HUGHES, *et al.*
Isaac Freilich Jones
Office of the Illinois Attorney General                                  By: KWAME RAOUL,
100 West Randolph Street, 12th Floor                                         Illinois Attorney General
Chicago, Illinois 60601
Tel. 312-814-3000                                                         */s/ R. Douglas Rees*
*richard.rees@ilag.gov*                                                   Deputy Attorney General, Civil Litigation
*isaac.freilichjones@ilag.gov*

Laura Bautista
Office of the Attorney General
500 South Second Street
Springfield, IL 62701
Tel.: (217) 782-9075
*laura.bautista@ilag.gov*

8

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on November 9, 2023, they caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                                                                  */s/ R. Douglas Rees*
                                                                  Deputy Attorney General