UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )  Case No. 07-cv-1298 |
| | ) |
| ROB JEFFREYS, Director of IDOC, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Vacate Judgment pursuant to Rule 59(e) (the "Motion to Vacate"). ECF No. 3750. For the reasons stated below, Plaintiffs' Motion to Vacate is DENIED.

**I.    BACKGROUND**

The Court provided an extensive background of these proceedings in its recent orders, which are incorporated herein for reference.[1] *See* ECF Nos. 3739, 3745. On September 18, 2023, the Court issued an order (the "Jurisdictional Order"), where it *sua sponte* raised concerns regarding jurisdiction over this case. ECF No. 3739. Specifically, the Court detailed the procedural history of the case, and its concerns regarding expiration of the Consent Decree following the Seventh Circuit's mandate and this Court's order declining to extend its jurisdiction over the Consent Decree. The Court stayed all pending matters and directed the parties to submit jurisdictional memoranda. *Id.* at 7. After reviewing the parties' jurisdictional memoranda, the

---

[1] Terms used in this Order but not defined have the meanings given to them in the Court's orders at Docket Nos. 3739, 3745.

1

Court held oral argument on October 11, 2023, on the issue of subject matter jurisdiction. *See Min Entry* on 10/11/2023.

On October 23, 2023, the Court issued an order dismissing the case for lack of subject matter jurisdiction (the "Dismissal Order"). ECF No. 3745. There, the Court held that the Consent Decree had the effect of a final judgment that had expired by its terms following the Court's July 21, 2022, order declining to extend jurisdiction, which left the parties with no remaining case or controversy. The Court ultimately dismissed the claims embodied in the Consent Decree with prejudice and dismissed the newly added claims in the Plaintiffs' Fifth Amended Complaint without prejudice for lack of jurisdiction. *Id.* at 17. Judgment was entered on October 24, 2023. *See* ECF No. 3746.

On November 1, 2023, Defendants filed a Notice of Appeal requesting reversal of the Court's prior fee order, which denied in part their request for repayment of $1.9 million in fees. ECF No. 3747; *see also* ECF No. 3629 (fee order). On November 2, 2023, Plaintiffs filed this Motion to Vacate requesting the Court vacate its judgment pursuant to Federal Rule of Civil Procedure 59(e) on the grounds that it made mistakes of fact and law. ECF No. 3750. On November 9, 2023, Defendants filed an Opposition to Plaintiffs' Motion to Vacate arguing that even if Plaintiffs' assertions are correct, they are immaterial, and a different conclusion is not warranted. ECF No. 3751. On November 16, 2023, Plaintiffs filed a Reply to Defendant's Opposition. ECF Nos. 3753, 3754. The matter is now fully briefed, and this Order follows.

## II.   LEGAL FRAMEWORK

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may file a motion to alter or amend a judgment "no later than twenty-eight days after the entry of the judgment." A Rule 59(e) motion requires that the moving party must "clearly establish either a manifest error of

law or fact or must present newly discovered evidence." *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). The decision to grant or deny a motion to amend a judgment is within the discretion of the district court. *Id.*

## III.   DISCUSSION

Plaintiffs' Motion to Vacate raises the following two arguments: (1) that the Court made a mistake of fact in its discussion of the termination date for the original Consent Decree; and (2) that the Court made a mistake of law under Seventh Circuit precedent when it found that it could not have extended jurisdiction over the Consent Decree by agreement of the parties. ECF No. 3750 at 2–3. Plaintiffs also ask the Court to issue a statement pursuant to Federal Rule of Appellate Procedure 12.1 ("FRAP 12.1") that it will grant the Motion to Vacate or that the Motion to Vacate raises a substantial issue for remand of appellate jurisdiction to this Court. *Id.* at 7.

### 1.   Termination of the Original Consent Decree

*First*, Plaintiffs argue that the Court made a mistake of fact in concluding that the original Consent Decree expired on May 23, 2019. *Id.* at 2. Plaintiffs argue that the original Consent Decree instead expired on July 7, 2020, because the terms of the Consent Decree allowed the Court to use the *later of* three years after the date of approval (which occurred on May 23, 2016) or the budget contingent date (which Plaintiffs submit occurred on July 7, 2017). *Id.* at 2–3. As a result,

Plaintiffs argue that the Court made a mistake of fact in stating that it appeared to lack jurisdiction when it amended the original Consent Decree. *Id.*

Defendants do not contest Plaintiffs' assertion that the budget contingent approval date occurred on July 7, 2017, and that the original Consent Decree was set to expire on July 7, 2020. Rather, Defendants claim that even if the Court made an oversight, "the Order remains correct notwithstanding this Court's discussion of the initial termination date, because regardless, 'the Court's subject matter jurisdiction unquestionably ended' after the Court 'declined to extend its jurisdiction any further over the Consent Decree' on July 21, 2022." ECF No. 3751 at 6 (citing ECF No. 3745 at 13).

Plaintiffs correctly note that the Court made a factual error when it stated that the original Consent Decree appeared to expire on May 23, 2019. As Plaintiffs highlight, the terms of the original Consent Decree provided that "[t]he Court's jurisdiction shall terminate (3) three years after the Approval Date *or the Budget Contingent Approval Date, whichever is later*, with respect to any provisions of this Settlement Agreement for which there is no outstanding determination that Defendants are not in substantial compliance." ECF No. 711-1 at 29–30 (emphasis added). The original Consent Decree was approved on May 23, 2016, and so, the Court believed that it expired three years later on May 23, 2019. Yet Plaintiffs submit that the "Budget Contingent Approval Date" occurred at a later date than the approval date. Specifically, Plaintiffs cite to a Midyear Report of Dr. Pablo Stewart, which stated that "[a] number of deadlines on critical issues were contingent upon, and calculated from, ***the state budget approval date of July 6, 2017***." *See* ECF No. 3750 at 2 (citing to ECF No. 1646 at 5) (emphasis added). The budget approval date in July 2017 therefore means that the original Consent Decree expired in July of 2020, not May of

2019, and the Court still maintained jurisdiction when it entered the Amended Consent Decree on June 9, 2020. *See* ECF No. 3051.

Plaintiffs' factual correction, however, does not change the Court's ultimate conclusion in its Dismissal Order. The Court's discussion of the possible expiration of the original Consent Decree was simply to highlight an earlier juncture where the Court *may* have *also* lost jurisdiction prior to entry of the Amended Consent Decree. Specifically, the Court stated that "it appears that the Court's jurisdiction had already terminated" but nevertheless the Court "assum[ed] *arguendo*" that it had jurisdiction to enter the Amended Consent Decree and proceeded to analyze when its jurisdiction ended after the June 2020 amendment. ECF No. 3745 at 11, 12.

As Defendants' note in their Opposition, the Court ultimately concluded that it lacked jurisdiction because the Amended Consent Decree expired by its terms when the Court issued its July 21, 2022 Order declining to further extend its jurisdiction over the Amended Consent Decree. *See* ECF No. 3745 at 14. The Amended Consent Decree expressly provided that the Court's jurisdiction shall terminate April 23, 2021, but may be continued as to any terms for which the Court finds the Defendants are not in compliance for periods of not more than two years. ECF No. 3051, at 3, 24. The Court granted several extensions beyond the April 23, 2021, expiration of the Amended Consent Decree, exercising its discretion under the terms of the Amended Consent Decree to extend jurisdiction through July 22, 2022. *See* ECF Nos. 3266, 3508. On July 21, 2022, however, the Court declined to further extend its jurisdiction finding that such extension was optional under the terms of the Consent Decree, that Plaintiffs did not present the requisite PLRA findings demonstrating an ongoing violation necessary for extension, and that such extension was

5

not appropriate in light of the Seventh Circuit's mandate reversing the Court's findings of noncompliance. *See* ECF No. 3597 at 8–9.

The Court's Dismissal Order, therefore, reasoned that the case should have been dismissed at that point subject to the terms of the Amended Consent Decree. *See* ECF No. 3745 at 13–14 (citing *Corey H. v. Chicago Bd. of Educ.*, 528 F. App'x 666, 668–69 (7th Cir. 2013) (holding that because the consent decree expired, there was not controversy, and the case was moot); *Ass'n for Disabled Am., Inc. v. Publix Super Mtk., Inc.*, No. 98-cv-00917, 2023 WL 3741102, at *4 (S.D. Fla. May 3, 2023) (providing that following expiration of the consent decree, the case should be dismissed with prejudice). Therefore, regardless of when jurisdiction expired under the terms of the original Consent Decree, the Court's holding ultimately turned on the fact that the Amended Consent Decree subsumed all claims in the operative complaint, the Seventh Circuit's mandate reversed findings of constitutional violations and noncompliance, and the Amended Consent Decree expired by its terms following the Court's order declining to extend its jurisdiction beyond July 22, 2022. Additionally, as the Court noted in its earlier Dismissal Order, the right to adjudicate matters embodied in the Amended Consent Decree on the active docket as part of the decree's dispute resolution terms survived only as long as the Amended Consent Decree did, and therefore, expired by its terms absent an extension of jurisdiction or a motion to terminate under Rule 60(b).

**2. Validity of Consent Decree Under *Doe***

*Second*, Plaintiffs argue that the Court erred in finding that it could not have extended jurisdiction over the Amended Consent Decree under Seventh Circuit precedent. ECF No. 3750 at 3. Specifically, Plaintiffs argue that "in dismissing the consent decree on its own motion, the Court ignores the *Doe* decision which acknowledges the continuing vitality of settlements that

6

proceed through subsequent litigation following consent decrees without PLRA findings." *Id.* Plaintiff states that in *Doe*, "the Seventh Circuit specifically allowed for ongoing jurisdiction over the case as a whole and underlying consent decree even after invalidating the challenged enforcement orders." *Id.* (citing *Doe v. Cook Cty., Ill.*, 798 F.3d 558, 566–67 (7th Cir. 2015) ("Nothing in this opinion should be read to undermine the original settlement in 2002 or the follow-up settlements in 2006.")). Defendants argue that even if Plaintiffs' analysis of *Doe* is correct, it again does not "affect the Court's determination that jurisdiction ended after the Court declined to extend jurisdiction on July 21, 2022." ECF No. 3751 at 7 (citing ECF No. 3745 at 13–14). Additionally, Defendants submit that while a return to the active docket was possible—as Plaintiffs suggest was the appropriate measure—the parties never agreed to modify or extend the Consent Decree which was set to on July 22, 2022 absent extension from the Court. *Id.*

The Court is not persuaded that it made a clear mistake of law under *Doe* or any Seventh Circuit precedent. As an initial matter, the Court did not "dismiss the consent decree on its own motion" or otherwise terminate the Consent Decree. Instead, the Court recognized that the Amended Consent Decree had expired, and with it, so too did the Court's jurisdiction.

Additionally, the Court did not ignore *Doe's* principles or other Seventh Circuit precedent. The Dismissal Order cited the Seventh Circuit's *Jones-El v. Berg* decision in rejecting Plaintiffs' arguments that the Amended Consent Decree must have been unenforceable if it was not rooted in the proper PLRA findings. *See* ECF No. 3745 at 15 ("The Seventh Circuit did not invalidate the Consent Decree itself in its reversal order, and courts have held that an order vacating prospective relief (*e.g.*, the injunctive relief and compliance), does not vacate or otherwise terminate the underlying consent decree.") (citing *Jones-El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004)). Similar to Plaintiff's discussion of *Doe*, this Court reasoned that even if the prospective relief under the

7

Amended Consent Decree was invalid—or that each extension was invalid for lack of PLRA findings—the Amended Consent Decree itself remained intact as a final judgment, with this Court only retaining jurisdiction pursuant to its terms. *Id.* at 15 (noting that even if unenforceable, the Consent Decree was not terminated). For this reason, the Court noted Plaintiffs were free to properly modify the Amended Consent Decree to provide appropriate prospective relief under the PLRA, or terminate it prior to the Court's jurisdiction expiring. However, they declined to do so. Therefore, the Court does not find that *Doe* warrants a different result.

### 3. Statement Under FRAP 12.1

*Lastly*, in their conclusion, Plaintiffs request that the Court provide a statement, pursuant to FRAP 12.1 that the Court will grant the Motion to Vacate or that it otherwise raises a substantial issue so that Plaintiffs may promptly notify the clerk of the Seventh Circuit. ECF No. 3750 at 5–6.

FRAP 12.1 first provides that "[i]f a timely motion is made in the district court for relief *that it lacks authority to grant because of an appeal* that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(a) (emphasis added). It further provides that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." *Id.* at 12.1(b). FRAP 12.1 effectively allows the court of appeals to remand proceedings to the district court if the district court says it would grant a motion that is otherwise barred by a pending appeal. *In re Cent. Illinois Energy Coop.*,

8

847 F.3d 873, 874 (7th Cir. 2017) (noting that the rule "allow[s] for coordination of proceedings between a district court and a court of appeals").

Here, FRAP 12.1 is inapplicable because the Court does not "lack authority" to grant Plaintiffs' Motion to Vacate. The Seventh Circuit has held that "[a] timely post-judgment motion in the district court suspends the judgment's finality and thus defers the time for appeal until the district judge has acted on the motion." *York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). If a Rule 59(e) motion is filed after a defendant has filed a notice of appeal, the district court may still grant or deny the motion notwithstanding the pending appeal because a timely postjudgment motion under Rule 59 suspends finality. *W. Indus., Inc. v. Newcor Canada Ltd.*, 709 F.2d 16, 17 (7th Cir. 1983) (noting that the Rule 59(e) motion was filed after a notice of appeal yet reasoning that "[t]he immediate filing of a notice of appeal cannot be allowed to defeat the appellee's rights under Rule 59(e)").

Here, Plaintiff timely filed the Motion to Vacate within twenty-eight days of the Dismissal Order. Therefore, notwithstanding the Notice of Appeal filed one day earlier, the Court may grant or deny the Motion to Vacate without a remand as contemplated in FRAP 12.1.

## CONCLUSION

For the reasons stated above, the Motion to Vacate [3750] is DENIED.

ENTERED this 30th day of November, 2023.

                                        /s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge