UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, *et al.*,   )<br>  )<br>  Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>ROB JEFFREYS, Director of IDOC, *et al.*,   )<br>  )<br>  Defendants.   ) | Case No. 07-cv-1298 |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Renewed Motion Under 59(e) for Relief from a Judgment (the "Renewed Motion to Vacate"). ECF No. 3756. For the reasons stated below, Plaintiffs' Renewed Motion to Vacate is DENIED.

**I.    PROCEDURAL BACKGROUND**

The Court has discussed the factual and jurisdictional background of this action in its prior orders, which are incorporated herein for reference. *See* ECF Nos. 3739, 3745, 3755. On October 23, 2023, the Court issued an order dismissing the case for lack of subject matter jurisdiction (the "Dismissal Order") and entered a final judgment on October 24, 2023 (the "Judgment"). ECF Nos. 3745, 3746. On November 1, 2023, Defendants filed a Notice of Appeal requesting reversal of the Court's prior fee order, which denied in part their request for repayment of $1.9 million in fees. ECF Nos. 3629, 3747. On November 2, 2023, Plaintiffs filed a timely Motion to Vacate the Judgment pursuant to Federal Rule of Civil Procedure 59(e) arguing mistakes of fact and law. ECF No. 3750.

On November 30, 2023, the Court denied Plaintiffs' Motion to Vacate. ECF No. 3755. On December 6, 2023, Plaintiffs filed this Renewed Motion to Vacate arguing that the Court

ignored the implications of its factual error and failed to acknowledge certain alleged legal errors in denying the initial Motion to Vacate. ECF No. 3756. Plaintiffs now request that the Court accept the Renewed Motion to Vacate as a "valid continuation of the timely 59(e) motion or provide the necessary FRAP 12.1 statement." *Id.* On December 19, 2023, Plaintiffs also filed a Notice of Cross-Appeal to the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit") from the Judgment.[1] On December 20, 2023, Defendants' filed their Opposition to Plaintiffs' Renewed Motion to Vacate. ECF No. 3761. The matter is now fully briefed, and this Order follows.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may file a motion to alter or amend a judgment "no later than twenty-eight days after the entry of the judgment." The Seventh Circuit has held the time limit to file a Rule 59 motion is "unyielding," and that a post-judgment motion filed outside the 28-day window is treated as a Rule 60(b) motion. *See Barnett v. Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 844 (2022) (internal citations omitted).

Rule 60(b) provides six grounds for relief from a final judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[1] Both Defendants' appeal and Plaintiffs' cross-appeal are currently pending before the Seventh Circuit in *Rasho v. Latoya Hughes, et al.*, Case Nos. 23-3110, 23-3388 (7th Cir. 2023). After receiving jurisdictional status reports, the Seventh Circuit consolidated the appeals and ordered that the appeal shall proceed to briefing. *See id.* (ECF Nos. 12, 13).

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Unlike Rule 59(e), relief issued pursuant to Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Brown v. Pierson*, 12 F. App'x 398, 401 (7th Cir. 2001) (internal citation omitted). "Rule 60(b) motions are not meant to fix legal errors." *Drs. Nursing & Rehab. Ctr., LLC v. Sibellius*, No. 08-3096, 2011 WL 13221065, at *3 (C.D. Ill. Jan. 19, 2011) (citing *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017–18 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion. In fact it is a forbidden ground")).

### III.  DISCUSSION

Because Plaintiffs' Renewed Motion to Vacate was filed outside of the 28-day window, it will be treated as a motion made under Rule 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014).

Next, the Court must determine whether it has jurisdiction to consider the Motion. As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006). Following entry of Judgment, Defendants filed an appeal of this Court's prior fee order on November 1, 2023. Plaintiffs then filed a Notice of Cross-Appeal on December 19, 2023 of the Court's Judgment, raising the same challenges set forth in the Renewed Motion to Vacate.

While a district court is generally divested of jurisdiction when an appeal considers the same issues before it, an exception exists when a district court acts in aid of the appeal, including

3

denying a Rule 60(b) motion or requesting a remand from the appellate court. *See Brown*, 12 F. App'x at 402 ("And the district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal."); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Conaway*, No. 91 C 485, 1991 WL 230805, at *2 (N.D. Ill. Oct. 25, 1991) ("Accordingly, we retain jurisdiction to consider whether defendants' Rule 60(b) motion is sufficient to warrant a request for a remand from the appellate court."). Thus, notwithstanding the pending appeal before the Seventh Circuit, the Court retains jurisdiction to consider the Renewed Motion to Vacate.

Here, the Renewed Motion to Vacate argues that the Court erred in entering its Judgment and denying the first Motion to Vacate because "[t]he Court acknowledge[d] it terminated the consent decree prior to the Court's jurisdiction expiring" but did not acknowledge (i) the significance of the parties' June 1, 2022 agreement, where the parties agreed to return the case to the active docket if compliance disputes were not settled, and (ii) Plaintiffs' legal arguments related to the Seventh Circuit's *Doe* decision. ECF No. 3756; *see also* ECF No. 3755 (citing *Doe v. Cook Cty., Ill.*, 798 F.3d 558, 566–67 (7th Cir. 2015)). As Defendants point out in their briefing, Plaintiffs rehash arguments that the Court has previously considered and rejected. *See* ECF No. 3761 at 2–3.

First, the Court did not "terminate" the Consent Decree in the July 21, 2022 Order. *See* ECF No. 3755 at 7; ECF No. 3745 at 16. Instead, the Court declined to extend its jurisdiction, and expressly noted that no party had terminated the Consent Decree. ECF No 3597. Plaintiffs appear to construe a return to the active docket as a *de facto* termination of the Consent Decree given the parties' proposed June 1, 2022 negotiations plans, yet as the Court has stated before, such

4

termination must have been made through Rule 60(b) or otherwise prior to the expiration of the Court's jurisdiction. ECF No. 3745 at 15–16.

Additionally, Plaintiffs again argue that the Court made an error of law in failing to consider the Seventh Circuit's *Doe* decision. The *Doe* decision, however, was centered around what PLRA factual findings were necessary, if any, to enforce a consent decree. *Doe*, 798 F.3d at 564–67 (discussing *Jones-El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004)). There, the Seventh Circuit noted, in *dicta*, that previously entered Consent Decrees were not invalidated merely because they lacked PLRA findings at the time they were entered. *Id.* This Court considered these same principles in both its Dismissal Order and Order denying the Motion to Vacate in noting that notwithstanding the lack of requisite PLRA findings, the Consent Decree remained intact before it expired by its terms, and that for this reason, the parties were free to modify, terminate, or extend it prior to its expiration. ECF No. 3755 at 7; ECF No. 3745 at 15. Further, while *Doe* briefly notes that settlement agreements reserving jurisdiction constitute consent decrees, it does not contain any analysis of whether a court's jurisdiction ends following expiration of a consent decree.[2] *See id.*

Finally, to the extent Plaintiffs disagree with the Court's legal analysis in its Dismissal Order, Rule 60(b) cannot serve as a mechanism for relief on those grounds. *See Marques*, 286 F.3d at 1017–18. Thus, Plaintiffs arguments are better addressed before the Seventh Circuit; particularly here, where the Court has already addressed the issues raised in the Renewed Motion to Vacate and Plaintiffs have also raised these issues on appeal. *See Brown*, 12 F. App'x at 401

---

[2] The dissent in *Doe* briefly notes that "the reservation of jurisdiction to enforce the consent decree will terminate on September 16" and reasoned that notwithstanding disagreement with the majority, "it is also imperative that the matter be returned quickly to the district court." *Doe*, 798 F.3d at 567 (J. Ripple Dissent). Thus, *Doe* suggests that the district court's enforcement jurisdiction would have ended according to the terms set forth in the consent decree but does not opine on whether a live case or controversy would remain following expiration.

5

("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.") (internal citation omitted).

The Court therefore finds that it need not issue a request for remand under Fed. R. App. P. 12.1 because Plaintiffs have not demonstrated that relief under Rule 60(b) is appropriate.

## CONCLUSION

For the reasons stated above, Plaintiffs' Renewed Motion to Vacate [3756] is DENIED.

ENTERED this 22nd day of December, 2023.

          /s/ Michael M. Mihm
          Michael M. Mihm
          United States District Judge