IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICE DANIELS, et al.,<br>      Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, Director of the<br>Illinois Department of Corrections, in<br>her official capacity, et al.,<br>      Defendants. | Case No. 1:07-cv-01298-JEH-RLH |

**Order**

Now before the Court are the Plaintiffs' Motion under Rule 59(e) to Vacate Judgment (D. 3798), the Plaintiffs' Motion to Vacate Judgment Under Rule 59(e) (D. 3799), the Plaintiffs' Rule 60 Motion for Relief from Judgments (D. 3800), and the Defendants' Motion to Strike Plaintiffs' Rule 60 Motion (D. 3804). For the reasons set forth *infra*, the Plaintiffs' Motions are DENIED and the Defendants' Motion is GRANTED.[1]

**I**

On January 29, 2026, the Court entered an Order (D. 3794) granting Defendant Illinois Department of Corrections (IDOC) officials' Motion to Dismiss and Close Case as Moot (D. 3788), after which judgment was entered on the same day. As the Court first stated in its January 29th Order, this case has a long and winding procedural history, the background of which was set forth in several instances, including in the Seventh Circuit's opinion in *Daniels v. Hughes*, 147 F.4th 777 (7th Cir. 2025). That background is incorporated herein.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

The Court's January 29th Order went on to do as the Seventh Circuit instructed in its August 8, 2025 opinion vacating this Court's dismissal of this action for lack of subject matter jurisdiction and remanding the case; this Court determined "whether the parties' settlement agreement moots the underlying claims . . .". 8/8/2025 Final J. (D. 3785 at ECF p. 17). The Court explained that the plain and ordinary meaning of the language in Section I.f of the parties' Settlement Agreement "is that the parties were settling this action in its entirety, and that agreement to settle became effective immediately on the date the Court approved it." 1/29/2026 Order (D. 3794 at ECF pp. 8-9). The Court rejected the Plaintiffs' argument that the Settlement Agreement did not moot their claims because its terms were never met; their emphasis upon the terms providing for the possibility of returning the case to the "active docket," the setting of a trial date, and the Court's possible application of equitable principles; their argument that the Settlement Agreement did not contain a release or waiver of claims; their parsing of Section I.f in arguing "negotiations to resolve claims" did not indicate they surrendered the right to litigate the underlying claims if the Defendants failed to perform; and their reliance upon extrinsic evidence. *Id*. at ECF p. 9. Thus, the Court found the parties' Settlement Agreement presented intervening circumstances which mooted all of the Plaintiffs' claims. *Id*. at ECF p. 10.

Next, the Court stated:

> The Seventh Circuit pressed that even if this Court determines on remand (as it now has) that the Settlement Agreement mooted the claims in this case, that would "not necessarily resolve the mootness issue." *Daniels*, 147 F.4th at 787. The Seventh Circuit went on, "If the parties agreed to modify or rescind the settlement agreement when they agreed to return this case to the district court's 'active trial docket,' this could justify Rule 60(b)(6) relief from a judicial decree embodying the settlement agreement." *Id*.

2

*Id.* at ECF p. 10. The Court considered the parties' subsequent behavior, considered what amounts to a valid modification of a contract under Illinois law, the placement of this case back on the active docket, etcetera. *Id.* at ECF pp. 10-13. The Court determined there was no actual modified agreement, and, even assuming there was one with assent and acquiescence from both parties, it was unenforceable for lack of specificity. *Id.* at ECF p. 12. The Court underscored the Plaintiffs were not without recourse as *Hilliard v. Hughes*, No. 1:25-cv-04117 (N.D. Ill.), brought by a class of plaintiffs including some of the named Plaintiffs here, complaining of the same types of injury as in the Plaintiffs' Fifth Amended Class Action Complaint here, and seeking much the same relief as the Plaintiffs did here, remains pending in the U.S. District Court for the Northern District of Illinois. *Id.* at ECF p. 13. The Court also noted the Seventh Circuit left open the possibility that relief pursuant to Federal Rule of Civil Procedure 60(b)(6) may provide an avenue for litigating the underlying, currently moot claims in this litigation. *Id.* With regard to the latter, the Court expressly stated, "[T]his Court was tasked with *first determining* whether the parties' settlement agreement moots the underlying claims *and it limited the parties' briefing on remand accordingly.*" *Id.* (emphasis added).

Lastly, the Court explained one final point warranted discussion, namely, that "any given set of parties' power to later modify their contract cannot be unlimited, and the context of settlement agreements more than proves that point." *Id.* at ECF p. 14. Among other things, the Court emphasized that for the parties to come back to this federal district court – the very one that entered an order sought by *all* the parties who represented their Settlement Agreement to be a "resolution of the claims" in this case – with a mere expectation of resurrecting and otherwise relitigating this case was not enough. *Id.* at ECF p. 15. The Court dismissed this case with prejudice in its entirety.

On February 25, 2026, the Plaintiffs timely filed their Rule 59(e) Motion to vacate judgment[2], and on March 3, 2026, the Plaintiffs filed their Rule 60 Motion for Relief from Judgments. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). On March 16, 2026, the Defendants filed their Motion to Strike Plaintiffs' Rule 60 Motion.

## II

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "[A] Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). If that standard is successfully established, then Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, "[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment". *LB Credit Corp.*, 49 F.3d at 1267 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old

---

[2] While it appears that two Motions to Vacate the Court's Judgment pursuant to Federal Rule of Civil Procedure 59(e) are pending, the second Motion (D. 3799) is just that while the first "Motion" (D. 3798) is, per the Plaintiffs' own description, their memorandum in support of the Motion. *See* Pls.' Mot. to Vacate (D. 3799 at ECF p. 1).

4

arguments," *Oto*, 224 F.3d at 606, nor is it a "vehicle for a party to undo its own procedural failures[.]" *Moro*, 91 F.3d at 876.

### A

The Plaintiffs argue the Court's finding that the claims in this case became moot when the Settlement Agreement was signed is in error because the Settlement Agreement was a class action settlement, subject to a Federal Rule of Civil Procedure 23 process which required notice to the class, a fairness hearing, and court approval. Focusing heavily on the May 13, 2016 Fairness Hearing and also focusing upon the "Legal Notice of Proposed Settlement" (Notice) (D. 289) to the class and the Court's May 23, 2016 Approval Order (D. 710), the Plaintiffs argue: statements by the Court at the Fairness Hearing show the Court did not merely "rubber stamp" the parties' settlement, rather, it determined and ordered that the settlement was a forum for ongoing court oversight, not a final resolution of the claims; it would be manifest injustice to permit the Court's January 29, 2026 ruling to remain in effect where the lawyers and the Court agreed in May 2016 that the case could return to trial if promised changes to mental health care were not implemented; the Notice to the class stated affirmatively that the claims survived if the Defendants failed to comply with the Settlement Agreement's terms such that the Court's January 29th finding of mootness would violate the Due Process rights of the class members who relied on the court-approved Notice and would violate the Court's duty to ensure fairness to the class; and considering the Approval Order as part of the Settlement Agreement itself eliminates the possibility that the claims became moot upon entry.

The Defendants, emphasizing that the Plaintiffs' basic legal point – that extrinsic evidence demonstrates that the Settlement Agreement did not resolve this litigation – is rehashed from the Plaintiffs' prior filings in which they argued that "other documents show the claims were not moot." Defs.' Resp. (D. 3801 at

ECF p. 6) (citing Pls.' Brief (D. 3791 at ECF pp. 11-29)).  As for the new bases the Plaintiffs present in support of their rehashed legal argument – the transcript of the final fairness hearing, the class Notice and the 2016 final Approval Order – the Defendants say all are documents that the Plaintiffs have always been aware of but chose not to present prior to final judgment.  Because the Defendants are correct, the Court finds the Plaintiffs are not entitled to Rule 59(e) relief.

Of significance, the Court cited, quoted, and discussed the May 23, 2016 Approval Order in which the Court found the parties' Settlement Agreement to be "a fair, reasonable, and adequate resolution of the claims", and in which the Court stated that "[w]ithout the Court's participation, the settlement would not be fair and reasonable." 1/29/2026 Order (D. 3794 at ECF p. 3) (quoting 5/23/2016 Order (D. 710)).  Contrary to the Plaintiffs' assertion that the Court did not discuss the significance of the May 23, 2016 Approval Order, the Court explicitly reasoned the foregoing "fair, reasonable" language "was submitted by the Plaintiffs' counsel in an unopposed proposed order.  Thus, the parties signaled to the Court that their agreement was, in fact, for the Court to dismiss this case with prejudice as the ultimate result of their Settlement Agreement."  1/29/26 Order (D. 3794 at ECF p. 14).  Thus, the Plaintiffs do no more than improperly rehash their arguments as to the significance of the Approval Order when considered together with the Settlement Agreement.  *See Oto*, 224 F.3d at 606 (explaining party's motions for reconsideration were contrary to the Rule 59 standard where the motions "merely took umbrage with the court's ruling and rehashed old arguments[]").

With regard to the transcript of the May 13, 2016 Fairness Hearing and the "Legal Notice of Proposed Settlement," the Plaintiffs nowhere discussed those items in their original Brief in Support of Resuming Proceedings on Fifth Amended Complaint (D. 3791).  Obviously, the Plaintiffs were intimately familiar with what was said at that Fairness Hearing and what was stated in the Notice this

6

entire time, specifically at the time they submitted their November 2025 Brief. Their current arguments are *new* arguments in support of their *previous* request to resume proceedings.

They previously only generally argued a court may look to extrinsic evidence to resolve contract ambiguity and specifically mentioned and discussed the parties' "Corrected Second Amended Settlement Agreement" (D. 3047-2), their February 11, 2022 Unopposed Order Extending Court Jurisdiction Over Settlement Agreement (D. 3508), the parties' June 2022 Negotiation Plan (D. 3580), the Court's July 21, 2022 Order (D. 3597), and the Defendants' July 23, 2022 letter to the Plaintiffs. In its January 29th Order, the Court expressly stated that it "need not resort to extrinsic evidence in light of [the] express language [set forth in Section I.f of the parties' Settlement Agreement]." 1/29/2026 Order (D. 3794 at ECF p. 10). Thus, not only did the Court already reject the Plaintiffs' reliance on extrinsic evidence, the Plaintiffs now, *belatedly*, present the Fairness Hearing transcript and the Notice for the Court's consideration. They are too late. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) ("Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.") (quotation marks omitted).

**B**

The Plaintiffs next attempt to have the Court vacate its January 29, 2026 dismissal Order. They argue that within that Order, this Court reversed multiple previous orders that it should treat as precedential under the law of the case doctrine. They argue the Court's May 2016 Approval Order (D. 710), June 9, 2020 Order (D. 3051) approving the Second Amended Settlement Agreement, June 2, 2022 Text Order adopting the Negotiation Plan, the July 2022 Order (D. 3597)

7

returning the case to the active docket, and the September 30, 2022 Text Order and February 28, 2023 Order (D. 3681) granting leave to file the Fourth and Fifth Amended Complaints, respectively, each represent the law that was made in this case which were not set aside by the Seventh Circuit's September 2025 mandate. Further, the Plaintiffs insist the instant dismissal did not explain how the Settlement Agreement could have presented a jurisdictional bar to the Fifth Amended Complaint which was filed eight years after the Third Amended Complaint, contained claims of constitutional and statutory violations that were current as of that date which had not been resolved by the previous complaint or failed Settlement Agreement, had been filed with leave of court and agreement of the Defendants, and was answered by the Defendants and set for trial.

The Defendants counter that the Court never "reversed" any orders that were entered before the latest appeal and remand, and the Court instead complied with the Seventh Circuit's mandate in that it analyzed the record and the relevant Illinois law of contract interpretation and concluded that the intent of the Settlement Agreement was to resolve this litigation effective at the moment of final approval. The Defendants also argue the Plaintiffs' arguments fail on the merits as well given the Defendants' prior briefing: the final Approval Order (D. 710) expressly stated the "Settlement Agreement . . . is a fair, reasonable, and adequate resolution of the claims"; nothing about the Settlement Agreement itself or the approval orders suggest that the Settlement Agreement's resolution of this litigation was contingent on any future events; and, in any event, the Defendants *did* discharge their obligations under the Settlement Agreement. Lastly, the Defendants argue the Court has already made clear in its January 29th Order that the Negotiation Plan established a schedule for the parties to attempt to resolve their differences, and nothing more.

"The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) (quoting *Ariz. v. Cal.*, 460 U.S. 605, 618 (1983)). Where a case is transferred between district judges midway through litigation, the law of the case doctrine "discourages the new judge from reconsidering rulings made by the original judge." *Id*. However, the doctrine does not necessarily tie the transferee judge's hands because: 1) "law of the case is a discretionary doctrine, not a rigid bar[;]" and 2) "law of the case does not apply at all where the precise issue presented differs from the one decided earlier." *Id*. at 953-54.

Here, the Plaintiffs have failed to show manifest error with regard to the law of this case. First, the Court notes that this case was transferred following the Seventh Circuit's vacatur of the Court's judgment following the latter's conclusion that its jurisdiction over the underlying claims in this case ended when its jurisdiction to enforce the Settlement Agreement ended. So this case was not transferred to the undersigned midway through it, but at the seeming end of it. The Seventh Circuit tasked this Court on remand with making a discrete determination: "whether the parties' settlement agreement moots the underlying claims . . .". *Daniels*, 147 F.4th at 787. In other words, the procedural posture of this case upon remand was so atypical as to render the law of the case doctrine beside the point. Moreover, the precise issue the Seventh Circuit presented for this Court to answer differs from the one the original presiding district judge answered in this case. The various orders the Plaintiffs cite as the law of the case therefore did not and could not tie the undersigned's hands.

As for the second part of the Plaintiffs' argument – that the instant dismissal did not explain how the Settlement Agreement could have presented a jurisdictional bar to the Fifth Amended Complaint – they have apparently chosen

to disregard the Court's reasoning in that respect.  In its January 29th Order, the Court expressly provided:

> To remove any doubt, the Court underscores that this finding [that the Settlement Agreement presented intervening circumstances which mooted all of the Plaintiffs' claims] extends to all of the Plaintiffs' claims included in this case – those in the Third Amended Class Action Complaint controlling at the time of the parties' 2016 Settlement Agreement and those in the Fifth Amended Class Action Complaint. As there was no longer a controversy between the parties about the Plaintiffs' legal rights following execution of the Settlement Agreement in May 2106, the later filed Fifth Amended Class Action Complaint was a non-starter.

1/29/2026 Order (D. 3794 at ECF p. 10).  Later in its Order, the Court highlighted that the Seventh Circuit reiterated in this very case that a binding settlement agreement generally moots a case, and a moot action is no longer a "Case" or "Controversy."  *Id.*[3]  The Defendants otherwise correctly summarize what occurred here post-August 2025 remand, and, importantly, Section III of this Court's January 29th Order addressed the Seventh Circuit's comment that if this Court were to decide (as it did) that the Settlement Agreement mooted the claims in this case, that would "not necessarily resolve the mootness issue."  1/29/2026 Order (D. 3794 at ECF p. 10) (quoting *Daniels*, 147 F.4th at 787).  The Court continued on to explain the parties never did arrive at a modified agreement in reality, and the Court articulated several reasons for why that was.  *See id.* at ECF pp. 10-13.

---

[3] The Plaintiffs make much ado about the Court's citation to *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013), which in turn cited to *Alvarez v. Smith*, 558 U.S. 87 (2009), in its January 29th Order as support for its finding that the Settlement Agreement presented intervening circumstances which mooted all of the Plaintiffs' claims.  The Plaintiffs argue those cases have no similarity to the case at bar.  Their attempt to undermine the Court's citation to those cases goes nowhere; as the Defendants put it, the Court cited *Already, LLC*, quoting *Alvarez*, for a basic proposition of law.  Indeed, the quotation this Court included appeared in the section of the Supreme Court's *Already, LLC* decision setting forth black letter law.  *See Already, LLC*, 568 U.S. at 90-91.

All of this underscores the fact that the Plaintiffs now do nothing more than make arguments they already made and which this Court already rejected. *Oto*, 224 F.3d at 606. They certainly have not revealed an instance in the Court's January 29th Order where it engaged in the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Id*. One final example of their shortcoming is where they now (again) argue a motion to file an amended pleading under Federal Rule of Civil Procedure 15(a) can be construed as a Rule 60(b) motion, and it is not necessary to first set aside a judgment in order to allow proceedings on an amended complaint. The Plaintiffs' argument is unnecessarily convoluted and misapplies the Seventh Circuit's observations in *Daniels*. There, the Seventh Circuit said:

> If the parties agreed to modify or rescind the settlement agreement when they agreed to return this case to the district court's "active docket," *this could justify Rule 60(b)(6) relief* from a judicial decree embodying the settlement agreement. Neither party *moved for Rule 60(b)(6) relief below*, and the district court did not construe their request to return the case to its active docket *as a request for Rule 60(b)(6) relief*. On remand, however, the parties and the district court may consider *this avenue* for litigating the underlying claims.

*Daniels*, 147 F.4th at 787 (emphasis added). No mention of Rule 15(a) was made, and the Seventh Circuit made no conclusions as to the consequences of the events that occurred in this case between settlement in 2016 and when the Court *sua sponte* raised concerns about its subject-matter jurisdiction in September 2023. For that matter, the Plaintiffs did *not* move pursuant to Rule 15(a) to file their fourth amended complaint; instead, the Court indicated during an August 24, 2022 telephone conference that the Plaintiffs had until September 15th to file an amended complaint (in accordance with the parties' June 2022 Negotiation Plan

11

(D. 3580))[4] and the Plaintiffs filed a Motion for Leave to Add Governor Pritzker as a Defendant (D. 3632) (their motion to file a fourth amended complaint), *citing only Federal Rules of Civil Procedure 21 and 25*.  The Plaintiffs' maneuvers in attempting to have this Court construe, after-the-fact, their purported 2022 Rule 15(a) motion to amend as a Rule 60(b) motion are in vain and are, as the Defendants put it, "revisionist history."  Defs.' Resp. (D. 3801 at ECF p. 15).

C

The Plaintiffs next argue that by limiting its analysis of mootness to three sentences of the Settlement Agreement, this Court did not comply with the Seventh Circuit's mandate.  In keeping with their original, already rejected arguments in their Brief in Support of Resuming Proceedings on Fifth Amended Complaint (D. 3791), the Plaintiffs repeat that the record shows the parties intended the case would return to trial if the Defendants did not reach substantial compliance with the Settlement Agreement, the Settlement Agreement contained no express waiver of claims, and no such waiver can be reasonably inferred from the parties' conduct.  The Defendants identify the Plaintiffs' mandate argument as a "fallback position."  Defs.' Resp. (D. 3801 at ECF p. 13).  "Under the mandate rule, 'when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.'"  *Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1137 (7th Cir. 2023) (quoting *In re A.F. Moore & Assocs.*, Inc., 974 F.3d 836, 840 (7th Cir. 2020)).  A district court "must follow the spirit as well as the letter of the mandate."  *Id.*

The Court does not take kindly to having to expend time on rehashed arguments, albeit under the guise of a "new" challenge that the Court did not comply with the Seventh Circuit's mandate.  The portion of the *Daniels* opinion

---

[4] The Negotiation Plan provided for an amended complaint deadline of September 1, 2022.  *See* Parties' Proposed Plan for Negotiations (D. 3580 at ECF p. 2).

12

the Plaintiffs cite says everything this Court needs as support to reject the Plaintiffs' "new" challenge.  After summarizing what occurred subsequent to the parties entering into their Settlement Agreement, the Seventh Circuit stated:

> In this context, we are unsure whether *the parties' settlement agreement* moots some or all of the plaintiffs' claims.  *As part of the settlement agreement*, did the parties waive their right to litigate these claims?  If not, what did they intend with respect to these claims?

*Daniels*, 147 F.4th at 786.  The Seventh Circuit's focus was first and foremost upon the parties' Settlement Agreement.  The Seventh Circuit made it blatantly clear that this Court, following remand, was to "determine whether the parties' settlement agreement moots the underlying claims . . .".  *Id*. at 787.  This Court did just that when it:  considered the plain language of the parties' Settlement Agreement; determined the parties intended to settle this case in full when they each signed, and the Court approved, their Agreement containing the language in Section I.f; determined the parties did not modify the Settlement Agreement; determined, even assuming there was a modified agreement, that it was unenforceable for lack of specificity; and concluded that, "To now say that the parties here modified their Settlement Agreement by possessing and exercising their ability to merely tell the Court to put the case back into play topples what is otherwise to be achieved by a settlement agreement."  1/29/2026 Order (D. 3794 at ECF p. 15).  It is apparent from the array of arguments the Plaintiffs make that they are nothing more than disappointed with the Court's findings in its January 29th Order and believe they are entitled to a contrary ruling, one in their favor.  Disappointment and disagreement do not amount to an adequate basis to grant the Plaintiffs' Rule 59(e) motion.  *See, e.g., Foster v. DeLuca*, 545 F.3d 582, 585 (7th Cir. 2008) (providing that relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case"); *Giampolo v. Bartley*, No. 07-526-DRH, 2009 WL

13

4065042, at *2 (S.D. Ill. Nov. 23, 2009) (explaining the purpose of a Rule 59(e) motion is not to give the moving party another bite of the apple nor is it a "procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants[]") (internal citations omitted); *and Hohol v. Radtke*, No. 25-cv-2049-bhl, 2026 WL 524273, at *1 (E.D. Wis. Feb. 25, 2026) ("It is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion.").

### III

In their Rule 60 Motion for Relief from Judgments (D. 3800), the Plaintiffs ask the Court to defer briefing on it until after the Court has ruled on their Rule 59(e) Motion, and they further ask the Court to enter a briefing schedule that will allow them to file a Memorandum of Law in support of their Rule 60 motion at that time. The Plaintiffs proceed to explain they move to vacate the Court's January 29, 2026 Judgment (D. 3795), the Court's May 23, 2016 Approval Order (D. 710), and the Court's June 9, 2020 Order Approving Second Amended Settlement Agreement (D. 3051) (collectively judgments), and they summarize the grounds for doing so. They move pursuant to Federal Rule of Civil Procedure 60(b)(6), Rule 60(b)(5), Rule 60(b)(4), and Rule 60(b)(1) (in that order). In their Motion to Strike Plaintiffs' Rule 60 Motion, the Defendants dispute the propriety of the Rule 60 Motion where it fails to comply with Civil Local Rule 7.1(B)(1) and (C).

Civil Local Rule 7.1(B)(1) provides:

> Every motion raising a question of law (except summary judgment motions, which are governed by subparagraph (D) of this Rule) must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the local or federal rule under which the motion is filed.

CIVIL LR 7.1(B)(1).  Civil Local Rule 7.1(C) provides:

> If documentary evidence is to be offered in support of or in opposition to a motion, and if that evidence is conveniently susceptible of copying, copies thereof will be served and filed by the moving party with the motion and by the opposing party with the response thereto. If the evidence is not susceptible of convenient copying, the offering party instead will furnish to the Court and to the adverse party, a concise summary of the contents and will immediately make the original available to the adverse party for examination.

CIVIL LR 7.1(C).  Technically, yes, the Plaintiffs did not fully comply with Local Rule 7.1(B)(1) because they did not include a memorandum with their Rule 60 Motion.  And, technically, they did not fully comply with Local Rule 7.1(C) because they did not include at least one undisclosed opinion by one of "Plaintiffs' retained experts," who "opined in a report issued after the dismissal that the mental health system in IDOC was the worst she had seen in 25 years in working in corrections."  Defs.' Mot. to Strike (D. 3804 at ECF pp. 3-4) (quoting Pls.' Rule 60 Mot. (D. 3800 at ECF p. 8)).  Nevertheless, the Plaintiffs complied with the spirit of Civil Local Rule 7.1 in that they did more than just state "we so move for Rule 60 relief," as they instead identified the federal rule under which the motion was filed – the particular subsections of that rule no less – and they provided a sufficient summary of their arguments to preclude blindsiding the Defendants upon the filing of their memorandum in support.  *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (stating "[L]itigants have no right to demand strict enforcement of local rules by district judges . . . To the contrary, unless the district court enforces (or relaxes) the rules unequally as between the parties, the decision to overlook any transgression of the local rules is left to the district court's discretion.") (quotation marks omitted).

In any event, the Court will still strike the Plaintiffs' Rule 60 Motion in the interests of efficiency and clarity.  Rather than now set a briefing schedule and

have a gap in docket filings between the Rule 60 motion and its memorandum in support and the Defendants' response, the Court grants the Plaintiffs leave to renew their Rule 60 Motion, at which time CM/ECF will automatically set the Defendants' deadline to respond to the motion.

On one last note, the Plaintiffs' Rule 60 Motion reaches too far where it seeks relief pursuant to not just Rule 60(b)(6), the single subsection of Rule 60 specifically identified by the Seventh Circuit in *Daniels* as the possible basis for relief from a judicial decree embodying the Settlement Agreement, but also Rule 60(b)(1),(4), and (5) as well. In their appellate brief filed on April 11, 2024, the Plaintiffs cited Rule 60(b) throughout but specifically identified Rule 60(b)(6) in two instances, whereas they did not specifically identify any other subsection of Rule 60(b). *Daniels v. Hughes*, No. 23-3388 Appellant Br. (D. 24). The Plaintiffs thus waived any arguments they now wish to make in this Court pursuant to Rule 60(b)(1), (4), and (5). *See U.S. v. Swanson*, 483 F.3d 509, 514 (7th Cir. 2007) (re-stating that "[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."). The perpetually moving targets in this case are what led everyone here to the point now reached in this case. The Court will not abide continued movement to suit the whims of the parties, especially where one party is so interested in ensuring this Court's compliance with the Seventh Circuit's mandate. The Seventh Circuit could not have been clearer about where to go from there (August 8, 2025, when the case was decided) when this case returned to this Court. Both parties here must do nothing other than hew to the Seventh Circuit's *Daniels* opinion.

## IV

For the reasons set forth *supra*, the Plaintiffs' Motion under Rule 59(e) to Vacate Judgment (D. 3798) is DENIED, the Plaintiffs' duplicative Motion to Vacate Judgment Under Rule 59(e) (D. 3799) is DENIED, the Plaintiffs' Rule 60 Motion for

Relief from Judgments (D. 3800) is STRICKEN, and the Defendants' Motion to Strike Plaintiffs' Rule 60 Motion (D. 3804) is GRANTED.  The Plaintiffs are granted leave to renew their Rule 60 Motion within 21 days of the date of this Order.

Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

*It is so ordered.*

Entered on June 11, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE